UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
:
GLEN CRAIG,                                               :
:
              Plaintiff,                   :
:
          -against-                          :  No. 16 Civ. 5439 (JPO)
:
UNIVERSAL MUSIC GROUP, INC.,                              :  **UMG RECORDINGS, INC.'S ANSWER**
KINGSID VENTURES, LTD., and ESTATE                        :
OF RILEY B. KING,                                         :
:
              Defendants.                  :
:
----------------------------------------------------------X

       Defendant UMG Recordings, Inc. ("UMG"), incorrectly sued herein as "Universal Music Group, Inc.", by and through its attorneys Loeb & Loeb LLP, answers the Complaint of Glen Craig ("Plaintiff") as follows:

       1.     Denies the allegations contained in Paragraph 1, except admits that Plaintiff purports to assert claims arising under the Copyright Act, 17 U.S.C. § 101, *et seq*, and admits that Plaintiff is seeking damages and injunctive relief.

       2.     Denies the allegations contained in Paragraph 2, except admits that the Court has jurisdiction over the subject matter of this action, insofar as Plaintiff purports to assert claims arising under the Copyright Act, 17 U.S.C. § 101, *et seq*.

       3.     Denies the allegations contained in the first sentence of Paragraph 3, and denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 3.

       4.     Denies the allegations contained in Paragraph 4.

5. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. Admits that Universal Music Group, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 1755 Broadway, New York, New York 10019, and that Universal Music Group, Inc. is registered with the New York Department of State, Division of Corporations to do business in the State of New York.

7. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Denies the allegations contained in Paragraph 10, which constitute contentions of law.

11. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and respectfully refers the Court to the document referenced therein.

12. Denies that the alleged use of the photographs attached as Exhibit A to the Complaint ("King Photographs") is infringing, denies that a license, permission or consent from Plaintiff is required for the alleged use of the King Photographs, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12.

13. Denies the allegations contained in the first sentence of Paragraph 13, except admits that in or around 2012, UMG released a 10 CD box set entitled, *Ladies and Gentlemen… Mr. B. B. King*, under the UMG/Amazon.com label; denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13.

14. Denies the allegations contained in the first sentence of Paragraph 14, except admits that on or around March 15, 2005, UMG released a CD entitled, *The Ultimate Collection*, under the Geffen label with UPC 602498266137; denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14.

15. Denies the allegations contained in the first sentence of Paragraph 15, except admits that on or around October 9, 1992, UMG released a 10 CD retrospective box set entitled, *Ladies and Gentlemen… Mr. B. B. King*, under the HIP-O/Universal label with UPC 600753384992; denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15.

16. Denies the allegations contained in the first sentence of Paragraph 16, except admits that on or around October 20, 1992, UMG released a 4 CD box set entitled, *King of the Blues*, under the MCA (MCAD4-1-677) label with UPC 008811067724; denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16.

17. Denies the allegations contained in the first sentence of Paragraph 17, except admits that on or around April 6, 1992, UMG released a CD entitled, *Why I Sing the Blues*, under

the MCA Special Products label with UPC 00767420256-2; denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17.

18. Denies the allegations contained in the first sentence of Paragraph 18, except admits that on or around June 12, 2007, UMG released a CD entitled, *Why I Sing the Blues*, under the MCA Special Products label with UPC 602517372313; denies that the alleged use of the Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18.

19. Denies the allegations contained in the first sentence of Paragraph 19, except admits that on or around February 20, 1992, UMG released a CD entitled, *Best of B. B. King and Bobby Bland*, under the Geffen USA label; denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19.

20. Denies the allegations contained in the first sentence of Paragraph 20, except admits that on or about May 18, 1999, UMG released a CD entitled, *Live in Japan*, under the MCA USA label with UPC 008811181024; denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20.

21. Denies the allegations contained in the first sentence of Paragraph 21, except admits that on or about October 9, 1992, UMG released a 4 CD box set entitled, *Ladies and Gentlemen... Mr. B. B. King*, under the HIP-O/Universal USA label with the UPC 6007533908-6; denies that the alleged use of the King Photographs is infringing, and denies having

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21.

22. Denies the allegations contained in the first sentence of Paragraph 22, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22.

23. Denies the allegations contained in the first sentence of Paragraph 23, denies that UMG is selling the box set on two of its websites, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23.

24. Denies the allegations contained in the first sentence of Paragraph 24, denies that UMG is selling the 2 LP set on its website, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24.

25. Denies the allegations contained in the first sentence of Paragraph 25, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25.

26. Denies the allegations contained in the first sentence of Paragraph 26, denies that UMG is selling the CD on three of its websites, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26.

27. Denies the allegations contained in the first sentence of Paragraph 27, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27.

28. Denies the allegations contained in the first sentence of Paragraph 28, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28.

29. Denies the allegations contained in the first sentence of Paragraph 29, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29.

30. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30.

31. Denies the allegations contained in the first sentence of Paragraph 31, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31.

32. Denies the allegations contained in the first sentence of Paragraph 32, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32.

33. Denies the allegations contained in the first sentence of Paragraph 33, denies that the 4 CD box set is available for sale on UMG's websites, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33.

34. Denies the allegations contained in the first sentence of Paragraph 34, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34.

35. Denies the allegations contained in the first sentence of Paragraph 35, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35.

36. Denies the allegations contained in the first sentence of Paragraph 36, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36.

37. Denies the allegations contained in the first sentence of Paragraph 37, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37.

38. Denies the allegations contained in the first sentence of Paragraph 38, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38.

39. Denies the allegations contained in the first sentence of Paragraph 39, except admits that on or around November 6, 2015, UMG released a 2 LP set entitled *Ladies and Gentlemen ... Mr. B. B. King*, under the Geffen USA label with UPC 60075362973-4; denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39.

40. Denies the allegations contained in the first sentence of Paragraph 40, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40.

41. Denies the allegations contained in the first sentence of Paragraph 41, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41.

42. Denies the allegations contained in the first sentence of Paragraph 42, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42.

43. Denies the allegations contained in the first sentence of Paragraph 44, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43.

44. Denies the allegations contained in the first sentence of Paragraph 44, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44.

45. Denies the allegations contained in the first sentence of Paragraph 45, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 45.

46. Denies the allegations contained in the first sentence of Paragraph 46, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46.

47. Denies the allegations contained in the first sentence of Paragraph 47, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 47.

48. Denies the allegations contained in the first sentence of Paragraph 48, except admits that on or about May 18, 1999, UMG released a CD entitled *Live in Japan*, under the MCA USA label with UPC 008811181024; denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48.

49. Denies the allegations contained in the first sentence of Paragraph 49, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49.

50. Denies the allegations contained in the first sentence of Paragraph 50, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 50.

51. Denies the allegations contained in the first sentence of Paragraph 51, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 51.

52. Denies the allegations contained in the first sentence of Paragraph 52, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52.

53. Denies the allegations contained in the first sentence of Paragraph 53, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53.

54. Denies the allegations contained in the first sentence of Paragraph 54, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54.

55. Denies the allegations contained in the first sentence of Paragraph 55, denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55.

56. Denies that the alleged use of the King Photographs is infringing, denies that any license, permission or consent from Plaintiff is required for the alleged use of the King Photographs, and denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 as they relate to the Estate of Riley B. King and Kingsid Ventures Ltd.

57. Denies that the alleged use of the King Photographs is infringing, denies that UMG had any obligation to attribute the alleged use of the King Photographs to anyone, including Plaintiff, and denies the remaining allegations contained in Paragraph 57.

58. UMG incorporates by reference its responses to each and every allegations contained in Paragraphs 1-57 above.

59. Denies the allegations contained in Paragraph 59.

60. Denies the allegations contained in Paragraph 60.

61. Denies the allegations contained in Paragraph 61.

62. Denies the allegations contained in Paragraph 62.

63. Denies the allegations contained in Paragraph 63.

64. Denies the allegations contained in Paragraph 64.

65. Denies the allegations contained in Paragraph 65.

66. UMG incorporates by reference its responses to each and every allegations contained in Paragraphs 1-65 above.

67. Denies the allegations contained in Paragraph 67.

68. Denies the allegations contained in Paragraph 68.

69. Denies the allegations contained in Paragraph 69.

70. Denies the allegations contained in Paragraph 70.

71. Denies the allegations contained in Paragraph 71.

72. Denies the allegations contained in Paragraph 72.

73. Denies the allegations contained in Paragraph 73.

## AFFIRMATIVE DEFENSES

UMG states the following defenses, without assuming the burden of proof on such defenses that would otherwise rest with the Plaintiff:

### First Affirmative Defense

74. Plaintiff fails to state any claims upon which relief may be granted.

### Second Affirmative Defense

75. Plaintiff's claims are barred because he lacks standing, in whole or in part, to bring the claims asserted.

### Third Affirmative Defense

76. Plaintiff's claims and/or remedies are barred, in whole or in part, by the applicable statute(s) of limitations, including but not limited to the Copyright Act's statute of limitations.

### Fourth Affirmative Defense

77. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense

78. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Sixth Affirmative Defense

79. Plaintiff's claims are barred, in whole or in part, by legal and/or equitable estoppel.

### Seventh Affirmative Defense

80. Plaintiff's claims are barred, in whole or in part, by unclean hands.

### Eighth Affirmative Defense

81. Plaintiff's injuries, if any, were caused in whole or in part by the actions of persons other than UMG.

### Ninth Affirmative Defense

82. Plaintiff's claims and/or remedies are barred, in whole or in part, by license.

### Tenth Affirmative Defense

83. UMG's alleged conduct was done, if at all, with innocent intent and without any belief that any acts of UMG constituted an infringement or a violation of any rights of Plaintiff.

UMG expressly reserves all rights with respect to affirmative defenses that may be revealed during the course of discovery. UMG also expressly adopts and reserves the right to assert any defense asserted by the other defendants in this action.

WHEREFORE, UMG demands that judgment be entered against Plaintiff as follows:

a) that Plaintiff's Complaint, and all claims asserted therein, be dismissed with prejudice;

b) that Plaintiff takes nothing by way of his Complaint;

c) that UMG be awarded its attorneys' fees, costs and expenses, with interest; and

d) that the Court grant UMG such other and further relief as may be just and proper.

Respectfully submitted,

Dated: New York, New York
September 14, 2016

LOEB & LOEB LLP

By: */s/ Barry I. Slotnick*
Barry I. Slotnick
C. Linna Chen
345 Park Avenue
New York, NY  10154
Telephone: 212.407.4000

*Attorneys for Defendant UMG Recordings, Inc.*

10725197.2