UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GLEN CRAIG,

           Plaintiff,

           -against-                     No. 16 Civ. 5439 (JPO)

UNIVERSAL MUSIC GROUP, INC.,       **KINGSID VENTURES, LTD.'S**
KINGSID VENTURES, LTD., and ESTATE   **ANSWER**
OF RILEY B. KING,

           Defendants.
-----------------------------------------------------------X

      Defendant Kingsid Ventures, Ltd. ("Kingsid") by and through its attorneys Loeb & Loeb LLP, answers the Complaint of Glen Craig ("Plaintiff") as follows:

      1.     Denies the allegations contained in Paragraph 1, except admits that Plaintiff purports to assert claims arising under the Copyright Act, 17 U.S.C. § 101, *et seq*, and admits that Plaintiff is seeking damages and injunctive relief.

      2.     Denies the allegations contained in Paragraph 2, except admits that the Court has jurisdiction over the subject matter of this action, insofar as Plaintiff purports to assert claims arising under the Copyright Act, 17 U.S.C. § 101, *et seq*.

      3.     Denies the allegations contained in Paragraph 3 with respect to Kingsid, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3.

      4.     Denies the allegations contained in Paragraph 4.

      5.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7. Admits the allegations contained in Paragraph 7.

8. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Denies the allegations contained in Paragraph 10, which constitute contentions of law.

11. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and respectfully refers the Court to the document referenced therein.

12. Denies the allegations contained in the first sentence of Paragraph 12 as they relate to Kingsid, denies that a license, permission or consent from Plaintiff is required for the alleged use of the photographs attached as Exhibit A to the Complaint ("King Photographs"), and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12.

13. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13.

14. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14.

15. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15.

16. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16.

17. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17.

18. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18.

19. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19.

20. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20.

21. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21.

22. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22.

23. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23.

24. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24.

25. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25.

26. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26.

27. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27.

28. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28.

29. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29.

30. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30.

31. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31.

32. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32.

33. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33.

34. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34.

35. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35.

36. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36.

37. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37.

38. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38.

39. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39.

40. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40.

41. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41.

42. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42.

43. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43.

44. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44.

45. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 45.

46. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46.

47. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 47.

48. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48.

49. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49.

50. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 50.

51. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 51.

52. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52.

53. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53.

54. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54.

55. Denies that the alleged use of the King Photographs is infringing, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55.

56. Denies that there was any infringing use of the King Photographs, denies that any license, permission or consent from Plaintiff is required for the alleged use of the King Photographs, and denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 as they relate to the Estate of Riley B. King and Universal Music Group, Inc.

57. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57.

58. Kingsid incorporates by reference its responses to each and every allegations contained in Paragraphs 1-57 above.

59. Denies the allegations contained in Paragraph 59.

60. Denies the allegations contained in Paragraph 60.

61. Denies the allegations contained in Paragraph 61.

62. Denies the allegations contained in Paragraph 62.

63. Denies the allegations contained in Paragraph 63.

64. Denies the allegations contained in Paragraph 64.

65. Denies the allegations contained in Paragraph 65.

66. Kingsid incorporates by reference its responses to each and every allegations contained in Paragraphs 1-65 above.

67. Denies the allegations contained in Paragraph 67.

68. Denies the allegations contained in Paragraph 68.

69. Denies the allegations contained in Paragraph 69.

70. Denies the allegations contained in Paragraph 70.

71. Denies the allegations contained in Paragraph 71.

72. Denies the allegations contained in Paragraph 72.

73. Denies the allegations contained in Paragraph 73.

## **AFFIRMATIVE DEFENSES**

Kingsid states the following defenses, without assuming the burden of proof on such defenses that would otherwise rest with the Plaintiff:

### **First Affirmative Defense**

74. Plaintiff fails to state any claims upon which relief may be granted.

### **Second Affirmative Defense**

75. Plaintiff's claims are barred because he lacks standing, in whole or in part, to bring the claims asserted.

### **Third Affirmative Defense**

76. Plaintiff's claims and/or remedies are barred, in whole or in part, by the applicable statute(s) of limitations, including but not limited to the Copyright Act's statute of limitations.

### **Fourth Affirmative Defense**

77. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### **Fifth Affirmative Defense**

78. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### **Sixth Affirmative Defense**

79. Plaintiff's claims are barred, in whole or in part, by legal and/or equitable estoppel.

### **Seventh Affirmative Defense**

80. Plaintiff's claims are barred, in whole or in part, by unclean hands.

### Eighth Affirmative Defense

81. Plaintiff's injuries, if any, were caused in whole or in part by the actions of persons other than Kingsid.

### Ninth Affirmative Defense

82. Plaintiff's claims and/or remedies are barred, in whole or in part, by license.

### Tenth Affirmative Defense

83. Kingsid's alleged conduct was done, if at all, with innocent intent and without any belief that any acts of Kingsid constituted an infringement or a violation of any rights of Plaintiff.

Kingsid expressly reserves all rights with respect to affirmative defenses that may be revealed during the course of discovery. Kingsid also expressly adopts and reserves the right to assert any defense asserted by the other defendants in this action.

WHEREFORE, Kingsid demands that judgment be entered against Plaintiff as follows:

a) that Plaintiff's Complaint, and all claims asserted therein, be dismissed with prejudice;

b) that Plaintiff takes nothing by way of his Complaint;

c) that Kingsid be awarded its attorneys' fees, costs and expenses, with interest; and

d) that the Court grant Kingsid such other and further relief as may be just and proper.

Respectfully submitted,

Dated: New York, New York
September 14, 2016

LOEB & LOEB LLP

By: */s/ Barry I. Slotnick*
Barry I. Slotnick
C. Linna Chen
345 Park Avenue
New York, NY 10154
Telephone: 212.407.4000

*Attorneys for Defendant Kingsid Ventures Ltd.*

12