<u>BY ECF</u>                                                                                                                    February 1, 2017

**Honorable J. Paul Oetken, U.S.D.J.**
**Thurgood Marshall United States Courthouse**
**40 Foley Square**
**New York, NY 10007**


Re:     *Glen Craig v. Universal Music Group, Inc. et al.,*
          Docket No. 1:16-cv-05439 (JPO)

Dear Judge Oetken,

We represent the Plaintiff Glen Craig "Craig" in the matter referenced above. We write to inform Your Honor that the parties have reached an impasse regarding a discovery issue and need your guidance. The parties have met and conferred in regards to the dispute but to no avail. We believe that an informal conference with Your Honor might resolve the dispute efficiently.

A dispute has arisen in regards to the location of the upcoming depositions of Defendants. Plaintiff has noticed Defendants depositions to be conducted in New York, while the Defendants insist that the depositions must be held in Los Angeles and Las Vegas, respectively. Pursuant to the Federal Rules of Civil Procedure, the Court has the discretion to designate the location for depositions. Fed. R. Civ. P. 26; *see JB Aviation, LLC v. R Aviation Charter Servs., LLC*, No. CV145175DRHAKT, 2016 WL 4444794, at *4 (E.D.N.Y. Aug. 23, 2016). Now, there is a rebuttable presumption "that a defendant's deposition will be held in the district of his residence." *Mills-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 550 (S.D.N.Y. 1989). However, "[b]ecause courts retain substantial discretion to designate the site of a deposition, the presumption appears to be merely a decisional rule that facilitates determination when other relevant factors do not favor one side over the other. *JB Aviation, LLC v. R Aviation Charter Servs., LLC*, , 2016 WL 4444794, at *4)(quoting Mills-Run 124 F.R.D. at 550); *see also Lewis v. Madej*, No. 15CV2676 (DLC), 2016 WL 590236, at *3 (S.D.N.Y. Feb. 11, 2016); *Zurich Insur. Co. v. Essex Crane Rental Corp.*, No. 90 Civ. 2263, 1991 WL 12133, at *2 (S.D.N.Y. Jan. 29, 1991) ("the presumption is not a strong one and operates primarily when other factors do not favor any particular site for depositions"). In fact, a Court in the Southern District has notes "that this presumption is more honored in the breach than the observance." *Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 390 (S.D.N.Y. 2011) (quoting 2 Michael C. Silberberg, *Civil Practice in the Southern District of New York* § 17.12 at 17–39 (2d ed. 2000) (citing cases)).

In exercising its wide discretion the Court may consider factors such as cost, convenience and efficiency in designating the location of a defendant's deposition. See *Realuyo v. Diaz*, No. 98CIV7684, 2000 WL 687585, at *1 (S.D.N.Y. May 26, 2000) (enumerating the factors that rebut the presumption that defendant be deposed at his place of residence, "if the plaintiff was constrained in choosing the forum of the litigation, or if cost, convenience, and litigation efficiency dictate otherwise"); *Robert Smalls Inc. v. Hamilton*, No. 09 CIV. 7171, 2010 WL 2541177, at *1 (S.D.N.Y. June 10, 2010) ("A plaintiff may overcome the presumption [that

1

defendant be deposed at his place of residence] by showing that factors of cost, convenience, and litigation efficiency militate in favor of a different location.") (internal citation omitted). No one factor is dispositive. Instead, courts engage in a balancing test to ultimately determine which forum is most appropriate given the unique set of factual circumstances at issue.

To that end, the Plaintiff submits that all three factors favor holding Defendants' depositions in New York.

1. Cost

Courts look at the cost factor from two perspectives: the impact that the choice of location has on total costs and the relative ability of the parties to bear the expenses. *Devlin v. Transportation Commc'ns Int'l Union*, No. 95 CIV. 0752 JFK JCF, 2000 WL 28173, at *3 (S.D.N.Y. Jan. 14, 2000). All counsel in this litigation are New York-based. If the Defendants' depositions are held in Los Angeles and Las Vegas, then Plaintiff's counsel and Defendant's counsel would have to travel to these depositions. To repeat, the Defendants want to hold these depositions in different cities, so there are two separate flights involved. If these depositions were not held consecutively, the costs would multiply. These costs (from transportation to hotel to incidental expenses) could be significant. Alternatively, the corporate Defendant UMG and the estate could designate New York-based representatives so that no travel would be required at all. UMG has an office in New York City and the estate is likely to have representatives in New York as well. Even if the Defendants designate a representative from Los Angeles and Las Vegas, those would be only two people coming to New York for only one day, not four attorneys coming in for several days, to different cities and possibly more than once. The absolute cost clearly favor New York.

Taking into consideration the relative ability of parties to absorb costs makes it even clearer. UMG is an international corporation. The multi-million dollar estate belongs to a world-famous music icon. The Plaintiff, on the other hand is a private individual near retirement age, with a son in college and a mortgage. The relative ease with the Defendants can absorb the cost of having depositions in New York skews their objections towards obstructionism and away from legitimacy. This cost factor unambiguously favors New York.

2. Convenience

Convenience is not unrelated to the cost analysis. *In re Livent, Inc. Sec. Litig.*, No. 98 CIV. 5686 (VM), 2002 WL 31366416, at *1 (S.D.N.Y. Oct. 21, 2002) (finding that "[w]ith respect to cost and convenience, the Court finds that these factors weigh in favor of granting Plaintiffs' request. First, all the parties in this matter, including Defendants, are represented by counsel in New York.") However, analysis of the convenience factor involves consideration of (1) the convenience of counsel, (2) the defendants' residence, and (3) the extent to which travel to and from a deposition would disrupt the defendants' affairs. *Robert Smalls Inc. v. Hamilton*, 2010 WL 2541177, at *2. For all counsel, New York would be more convenient. Specifically, Plaintiff's counsel consists of two attorneys that make up a small law firm. If Plaintiff's counsel was compelled to travel to Los Angeles and Las Vegas for depositions, this would leave the law office without an attorney, not to mention the number of adjournments and extensions this would necessitate. The convenience of counsel strongly favor New York as the location for

depositions.  The Defendants may have main offices in Los Angeles and Las Vegas but UMG's has a significant New York office and the estate has a presence here as well.   The Defendants' residence is neutral in this light.   The Defendants' affairs would not be greatly disturbed as a result of one day travel to New York.  Certainly, UMG employees have to frequently travel to New York and other locations for work and the disruption one deposition day will cause will be minimal.   Overall, the convenience factor mitigates towards having the depositions in New York.

    3.  Litigation Efficiency

The Defendants insist on holding depositions in Los Angeles and Las Vegas.  While generally cordial, the proceedings have not been without difficulties. *See Doe v. Karadzic,* Nos. 93 Civ. 878, 93 Civ. 1163, 1997 WL 45515, at *3–4 (S.D.N.Y. Feb. 4, 1997) (ordering defendant's deposition in New York due to projected disputes over discovery and difficulty of contacting defendant's home district); *see also Mill–Run Tours,* 124 F.R.D. at 551 (ordering defendants, to travel to New York for deposition given that resolving discovery disputes via telephone calls would be "costly and unwieldy").  Plaintiff routinely encounters obstacles and unreasonable obstructions in his pursuit of a legitimate claim.  We anticipate some such attempt to frustrate the deposition process that might require judicial supervision or intervention.   For the sake of litigation efficiency, the Plaintiff submits that it would be more efficient to be in the same time zone as the Court.  With a three-hour time difference between the respective coasts, any objections in the afternoon (PST) session might conflict with the end of the workday (EST).  There is no indication that any documents that may exist in Los Angeles or Las Vegas aren't as easily produced in New York.  This last factor clearly favors New York as the location of Defendants' depositions.

    CONCLUSION

On balance, the three factors favor holding the depositions in New York and successfully overcome the very general and rebuttable presumption.   Plaintiff, having met and conferred with the Defendants, now kindly request an informal conference to resolve the dispute

    Respectfully submitted,

DATED: February 1, 2017    LIEBOWITZ LAW FIRM, PLLC

    Valley Stream, NY    By: /s/Yekaterina Tsyvkin
    Yekaterina Tsyvkin
    Richard P. Liebowitz
    11 Sunrise Plaza, Suite 305
    Valley Stream, NY 11580
    Tel: (516) 233-1660
    RL@LiebowitzLawFirm.com
    KT@LiebowitzLawFirm.com

    *Attorneys for Plaintiff Glen Craig*

.

Case 1:16-cv-05439-JPO   Document 26   Filed 02/01/17   Page 4 of 4

4