# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                         :

GLEN CRAIG,                          :

               Plaintiff,           :

                          :    Case No. 16 Civ. 5439 (JPO)
         -against-          :

                          :

UNIVERSAL MUSIC GROUP, INC.,    :
KINGSID VENTURES, LTD., and ESTATE  :
OF RILEY B. KING,            :

                          :

           Defendants.      :

                          :
-------------------------------------------------------X

### DEFENDANT ESTATE OF RILEY B. KING'S OBJECTIONS TO PLAINTIFF GLEN CRAIG'S NOTICE OF DEPOSITION

Pursuant to Federal Rules of Civil Procedure 30, Defendant Estate of Riley B. King ("Estate"), hereby objects to Plaintiff Glen Craig's Notice of Deposition dated January 24, 2017 ("Notice of Deposition") as follows:

1.      Estate objects to the Notice of Deposition to it through Louise Laverne Toney because it imposes upon Estate obligations broader than and inconsistent with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 30(b)(6) requires Plaintiff to "[i]n its notice … describe with reasonable particularity the matters for examination," and requires that *Estate* "then designate … persons who consent to testify on its behalf." The Notice of Deposition failed to comply with Fed. R. Civ. P. 30(b)(6) because Plaintiff failed to disclose *any* issues or matters for examination, and purported to designate Ms. Toney as Estate's representative, rather than allow Estate to designate a representative. Until and unless Plaintiff serves a Notice of Deposition consistent with Fed. R. Civ. P. 30(b)(6), Estate will not be able to, and thus will not, designate the person(s) having knowledge of the matters sought, or prepare those persons as to the relevant specific subject matters.

2.      Estate further objects to the Notice of Deposition because it imposes upon Estate obligations broader than and inconsistent with the Federal Rules of Civil Procedure.  The Notice of Deposition improperly calls for the deposition of Estate to take place in Valley Stream, New York.  However, "[t]here exists a general presumption that the deposition of a corporation should take place in its principal place of business."  *GMA Accessories, Inc. v. Unicolors, Inc.*, 2016 U.S. Dist. LEXIS 107101, *4 (S.D.N.Y. Aug. 11, 2016).  Thus, absent "compelling reason," the deposition of Estate must take place in Las Vegas, Nevada, Estate's principal place of business.  *Id.*, *4-5.

Dated:   New York, New York
         January 26, 2017

                     LOEB & LOEB LLP

                     By: */s/ Barry I. Slotnick*
                         Barry I. Slotnick
                         C. Linna Chen
                         345 Park Avenue
                         New York, NY  10154
                         Telephone: 212.407.4000

                         *Attorneys for Defendant*
                         *Estate of Riley B. King*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                   :

GLEN CRAIG,                           :

                    Plaintiff,          :

                                  :    Case No. 16 Civ. 5439 (JPO)
                -against-            :

                                  :

UNIVERSAL MUSIC GROUP, INC.,     :
KINGSID VENTURES, LTD., and ESTATE  :
OF RILEY B. KING,                 :

                                  :

                  Defendants.      :

                                  :
------------------------------------------------------------X

## DEFENDANT KINGSID VENTURES, LTD.'S OBJECTIONS TO PLAINTIFF GLEN CRAIG'S NOTICES OF DEPOSITION

       Pursuant to Federal Rules of Civil Procedure 30, Defendant Kingsid Ventures, Ltd. ("Kingsid"), hereby objects to Plaintiff Glen Craig's Notice of Deposition dated January 24, 2017 ("Notice of Deposition") as follows:

       1.      Kingsid objects to the Notice of Deposition because as it disclosed to Plaintiff in its November 28, 2016 Objections and Responses to Plaintiff's First Set of Document Requests and First Set of Interrogatories, Kingsid is not a proper party to this action.  It has never licensed, sold, distributed, reproduced, or otherwise exploited, or received money for the exploitation of, any items bearing the photographs referred to in Paragraph 9 of the Complaint filed in this action on July 7, 2016 (the "Photographs").  Moreover, Kingsid has no knowledge of, or any information regarding, the chain of custody of the Photographs.

       2.      Kingsid further objects to the Notice of Deposition because it imposes upon Kingsid obligations broader than and inconsistent with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 30(b)(6) requires Plaintiff to "[i]n its notice … describe with reasonable particularity the matters for examination."  The Notice of Deposition failed to comply with this

"reasonable particularity" requirement because Plaintiff disclosed only that he seeks to depose a "Corporate Representative ... with knowledge or information regarding the allegations contained in the Complaint." *See S. Boston Mgmt. Corp. v. BP Prods. N. Am.*, 2006 U.S. Dist. LEXIS 2282 (S.D.N.Y. Jan. 19, 2006) (Plaintiff's notice requesting a representative "with knowledge of the relevant facts of the claims in this action" fails to comply with Fed. R. Civ. P. 30(b)(6)).

       3.     Kingsid further objects to the Notice of Deposition because it imposes upon Kingsid obligations broader than and inconsistent with the Federal Rules of Civil Procedure. The Notice of Deposition improperly calls for the deposition of Kingsid to take place in Valley Stream, New York. However, "[t]here exists a general presumption that the deposition of a corporation should take place in its principal place of business." *GMA Accessories, Inc. v. Unicolors, Inc.*, 2016 U.S. Dist. LEXIS 107101, *4 (S.D.N.Y. Aug. 11, 2016). Thus, absent "compelling reason," the deposition of Kingsid must take place in Las Vegas, Nevada, Kingsid's principal place of business. *Id.*, *4-5.

       4.     Subject to and without waiving any of the foregoing objections, Kingsid states that there are no officers, directors, agents, or other persons with knowledge or information regarding the allegations contained in the Complaint, who can testify on Kingsid's behalf.

Dated:  New York, New York
        January 26, 2017

                        LOEB & LOEB LLP

                    By: */s/ Barry I. Slotnick*
                        Barry I. Slotnick
                        C. Linna Chen
                        345 Park Avenue
                        New York, NY  10154
                        Telephone: 212.407.4000

                        *Attorneys for Defendant*
                        *Kingsid Ventures, Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                              :

GLEN CRAIG,                        :
                              :
             Plaintiff,         :
                              :   Case No. 16 Civ. 5439 (JPO)
        -against-           :
                              :

UNIVERSAL MUSIC GROUP, INC.,  :
KINGSID VENTURES, LTD., and ESTATE :
OF RILEY B. KING,           :
                              :
             Defendants.      :
                              :
-------------------------------------------------------X

### DEFENDANT UMG RECORDINGS, INC.'S OBJECTIONS TO PLAINTIFF GLEN CRAIG'S NOTICES OF DEPOSITION TO RYAN NULL AND A CORPORATE REPRESENTATIVE OF UMG RECORDINGS, INC.

Pursuant to Federal Rules of Civil Procedure 30, Defendant UMG Recordings, Inc. ("UMG"), incorrectly sued herein as Universal Music Group, Inc., hereby objects to Plaintiff Glen Craig's Notices of Deposition dated January 24, 2017 ("Notices of Deposition") as follows:

1.    UMG objects to the Notices of Deposition to it through Ryan Null and a "Corporate Representative" because they impose upon UMG obligations broader than and inconsistent with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 30(b)(6) requires Plaintiff to "[i]n its notice … describe with reasonable particularity the matters for examination." The Notices of Deposition failed to comply with this "reasonable particularity" requirement because (1) Plaintiff disclosed only that he seeks to depose a "Corporate Representative … with knowledge or information regarding the allegations contained in the Complaint," and (2) the Notices of Deposition failed to identify any issues or matters for the examination of Ryan Null, and purported to designate Ryan Null as a representative of UMG, rather than allow UMG to do so. *See S. Boston Mgmt. Corp. v. BP Prods. N. Am.*, 2006 U.S. Dist. LEXIS 2282 (S.D.N.Y. Jan.

19, 2006) (Plaintiff's notice requesting a representative "with knowledge of the relevant facts of the claims in this action" fails to comply with Fed. R. Civ. P. 30(b)(6)); Fed. R. Civ. P. 30(b)(6) ("*The named organization* must then *designate* one or more … persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.")  Until and unless Plaintiff serves a Notice of Deposition consistent with Fed. R. Civ. P. 30(b)(6), UMG will not be able to, and thus will not, designate the person(s) having knowledge of the matters sought, or prepare those persons as to the relevant specific subject matters.

2.      UMG further objects to the Notices of Deposition to it because they impose upon UMG obligations broader than and inconsistent with the Federal Rules of Civil Procedure.  The Notices of Deposition improperly call for the depositions of Ryan Null, a UMG employee, and a "Corporate Representative" of UMG to take place in Valley Stream, New York.   However, "[t]here exists a general presumption that the deposition of a corporation should take place in its principal place of business."  *GMA Accessories, Inc. v. Unicolors, Inc.*, 2016 U.S. Dist. LEXIS 107101, *4 (S.D.N.Y. Aug. 11, 2016).  Thus, absent "compelling reason," the depositions of Ryan Null and a "Corporate Representative" of UMG must take place in Santa Monica, California, UMG's principal place of business. *Id.*, *4-5.

Dated:  New York, New York
        January 26, 2017

                              LOEB & LOEB LLP

                              By: */s/ Barry I. Slotnick*_____
                                  Barry I. Slotnick
                                  C. Linna Chen
                                  345 Park Avenue
                                  New York, NY  10154
                                  Telephone: 212.407.4000

                                  *Attorneys for Defendant*
                                  *UMG Recordings, Inc.*

2