# EXHIBIT 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

GLEN CRAIG,

    Plaintiff,

  -against-           Case No. 16 Civ. 5439 (JPO)

UNIVERSAL MUSIC GROUP, INC.,
KINGSID VENTURES, LTD., and ESTATE
OF RILEY B. KING,

    Defendants.

-----------------------------------------------------------X

## DEFENDANT KINGSID VENTURES LTD.'S RESPONSES AND OBJECTIONS TO PLAINTIFF GLEN CRAIG'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, and the Local Rules of this Court, Defendant Kingsid Ventures, Ltd. ("Kingsid"), hereby respond and object to Plaintiff Glen Craig's First Set of Interrogatories dated October 25, 2016 ("Interrogatories") as follows:

### GENERAL OBJECTIONS

1. Kingsid is not a proper party to this action. It has never licensed, sold, distributed, reproduced, or otherwise exploited, or received money for the exploitation of, any items bearing the photographs referred to in Paragraph 9 of the Complaint filed in this action on July 7, 2016. As a result, Kingsid objects to each Interrogatory in its entirety.

2. Nothing herein shall be construed as waiving rights or objections that might otherwise be available to Kingsid, nor should Kingsid's responses and/or objections to any of these Interrogatories be deemed an admission of relevancy, materiality, or admissibility in evidence of the Interrogatory or the response thereto.

3. Kingsid objects to each Interrogatory to the extent it seeks documents or information protected by the attorney-client privilege, work product protection, or any other

applicable privilege. Kingsid will not produce such privileged or protected information, and any inadvertent disclosure of any privileged or protected information shall not be deemed a waiver of any privilege. Kingsid will identify privileged materials and serve a privilege log at an appropriate time agreed to by the parties. Kingsid objects to producing or logging privileged materials created after the filing of the Complaint in this action.

4. Kingsid objects to each Interrogatory, and to the definitions and instructions, to the extent it purports to impose upon Kingsid obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure and Local Rules for this Court.

5. Kingsid objects to each Interrogatory, and to the definitions and instructions, to the extent they are overbroad, vague and ambiguous, unduly burdensome and oppressive, seek documents or information not in Kingsid's possession, custody or control, purports to require Kingsid to inquire of employees other than those employees that could reasonably be expected to have responsive information, and/or seek documents or information outside the relevant time period or unrelated to the asserted copyright claims in this action. By providing any information in response thereto, Kingsid does not represent that it has searched for or obtained responsive documents or information in the custody, possession or control of third parties. Kingsid will not produce information that is not in its possession, custody or control, or that is unrelated to the asserted copyright claims in this action.

6. Kingsid objects to each Interrogatory to the extent it seeks information already in Plaintiff's possession or equally available to Plaintiff from other sources that are more convenient, less burdensome and/or less expensive.

7. Kingsid objects to each Interrogatory, and to the definitions and instructions included therewith, to the extent they seek proprietary, trade secret or other confidential or

competitively sensitive business information. Kingsid will only produce such relevant, non-privileged information subject to adequate protections for Kingsid's confidential, trade secret and/or proprietary business or technical information via a protective order entered by the Court in this action.

8. Kingsid objects to each Interrogatory, and to the definitions and instructions included therewith, to the extent that they purport to require Kingsid to disclose information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party.

9. Kingsid reserves the right to supplement or amend any of the objections contained herein.

10. Kingsid's failure to object to an Interrogatory on a given ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any given time.

11. Kingsid responds to these Interrogatories based upon its current understanding and reserves the right to supplement its responses if any additional information is identified at a later time and to make any additional objections that become apparent.

12. Each of Kingsid's responses to these Interrogatories are made subject to and without waiving, limiting, or intending to waive: (a) each of the above-stated general objections and reservations; (b) the right to object on the grounds of competency, privilege, relevancy, or materiality, or any other proper grounds, to the use of the documents or information, for any purpose, in whole or in part, in any subsequent step or proceeding in this action or any other action; (c) the right to object on any and all grounds, at any time, to other discovery requests

involving or relating to the subject matter of the present litigation; and (d) the right at any time to revise, correct, and add to or clarify any of the responses herein.

13.     Kingsid expressly incorporates the above objections as though set forth fully in response to each of the following individual Interrogatories, and to the extent that they are not raised in the particular response, Kingsid does not waive those objections.

## OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1** Identify all witnesses with knowledge or information relevant to any matter contained in the Complaint and/or the Answer. As to each party, specify what knowledge or information such person has.

OBJECTIONS AND RESPONSE:

Kingsid objects to this Interrogatory as overly broad and not relevant to the claims or defenses raised in this action, to the extent that it requires the identification of witnesses with knowledge or information concerning the use of the works at issue outside of the United States, by parties other than UMG Recordings, Inc. ("UMG"), and/or prior to July 7, 2013, and will not identify any such witnesses pursuant to this objection.

Subject to and without waiving the foregoing General and Specific Objections, Kingsid states that the following witnesses likely have knowledge or information relevant to the claims asserted in the Complaint and defenses asserted in Kingsid's answer:

a) Glen Craig likely has knowledge or information regarding the creation, licensing, and registration of the works at issue, and regarding actual damages.

b) Corporate representative of UMG likely has knowledge or information regarding UMG's exploitation of products bearing the works at issue (the "UMG Exploitation") in the United States for the period from July 7, 2013 to the present, revenues received by UMG

attributable to the UMG Exploitation in the United States for the period from July 7, 2013 to the present, UMG's deductible expenses related to the UMG Exploitation in the United States for the period from July 7, 2013 to the present, and the non-infringing nature of the UMG Exploitation.

c) Louise LaVerne Toney likely has knowledge or information regarding revenues received by Estate of Riley B. King ("Estate") attributable to the UMG Exploitation in the United States for the period from July 7, 2013 to the present, and the non-infringing nature of the UMG Exploitation.

**INTERROGATORY NO. 2** Identify all witnesses with knowledge or information of the chain of custody of the Photographs.

OBJECTIONS AND RESPONSE:

Kingsid objects to this Interrogatory to the extent it purports to seek documents and communications not within its possession, control, or custody. Kingsid further objects to this Interrogatory to the extent it is not relevant to the claims or defenses raised in this action.

Subject to and without waiving the foregoing General and Specific Objections, Kingsid states that the following witnesses likely have knowledge or information of the chain of custody of the Photographs:

a) Glen Craig likely has knowledge or information as to the creation of the Photographs, and the transfer of the Photographs to Riley B. King, a representative of Riley B. King, and/or Estate.

b) Corporate representative of UMG likely has knowledge or information concerning how UMG came into possession of the Photographs.

    c) Louise LaVerne Toney likely has knowledge or information concerning how Estate came into possession of the Photographs.

**INTERROGATORY NO. 3** Identify all the instances of exploitation of the Photographs by Kingsid.

    OBJECTIONS AND RESPONSE:

    Kingsid objects to this Interrogatory as overly broad and not relevant to the claims or defenses raised in this action, to the extent that it requires the identification of witnesses with knowledge or information concerning the use of the works at issue outside of the United States, by parties other than UMG, and/or prior to July 7, 2013, and will not identify any such instances of exploitation pursuant to this objection. Kingsid further objects to this Interrogatory as duplicative of, and seeks information sought by Plaintiff's Request for Production Nos. 4 and 6.

    Subject to and without waiving the foregoing General and Specific Objections, Kingsid refers Plaintiff to its responses to Plaintiff's Request for Production Nos. 4 and 6.

**INTERROGATORY NO. 4** State any license, permission or consent that Kingsid may have granted in regards to the Photographs. Include all the relevant terms for such license, permission or consent, including beneficiaries, compensation, duration, scope of use.

    OBJECTIONS AND RESPONSE:

    Kingsid objects to this Interrogatory as overly broad and not relevant to the claims or defenses raised in this action, to the extent that it requires the identification of witnesses with knowledge or information concerning the use of the works at issue outside of the United States, by parties other than UMG, and/or prior to July 7, 2013. Kingsid further objects to this Interrogatory as duplicative of, and seeks information sought by Interrogatory No. 3, and Plaintiff's Request for Production Nos. 4 and 6.

Subject to and without waiving the foregoing General and Specific Objections, Kingsid refers Plaintiff to its responses to Plaintiff's Request for Production Nos. 4 and 6.

**INTERROGATORY NO. 5** Identify any individual who claims to have rights in the Photographs.

OBJECTIONS AND RESPONSE:

Kingsid objects to this Interrogatory to the extent it purports to seek information not within its possession, control or custody.

Subject to and without waiving the foregoing General and Specific Objections, Kingsid states that to its knowledge, Glen Craig claims to have rights in the Photographs.

**INTERROGATORY NO. 6** Identify any individual with knowledge or information regarding Kingsid's licensing of photographs similar in quality, for similar purpose.

OBJECTIONS AND RESPONSE:

Kingsid objects to this Interrogatory as vague, ambiguous and overly broad because "photographs similar in quality, for similar purpose" is not defined, and fails to specify with reasonable particularity the information sought, and will not identify any such individuals pursuant to this objection.

Subject to and without waiving the foregoing General and Specific Objections, Kingsid states that Kingsid has no involvement in, and has never had any involvement in, the licensing of photographs for the cover of Riley B. King albums, and that as such, no individuals would likely have knowledge or information concerning Kingsid's licensing of photographs for the cover of Riley B. King albums.

**INTERROGATORY NO. 7** Identify all lawsuits, including case name and number, in which Kingsid was accused of copyright infringement.

OBJECTIONS:

Kingsid objects to this Interrogatory as not relevant to the claims or defenses raised in this action, and will not identify any such lawsuits pursuant to this objection.

**INTERROGATORY NO. 8** Provide an accounting of all revenues and profits associated with Kingsid's exploitation of the Photographs.

OBJECTIONS AND RESPONSE:

Kingsid objects to this Interrogatory as overly broad and not relevant to the claims or defenses raised in this action, to the extent that it requires the identification of witnesses with knowledge or information concerning the use of the works at issue outside of the United States, by parties other than UMG, and/or prior to July 7, 2013. Kingsid further objects to this Interrogatory as duplicative of, and seeks information sought by Plaintiff's Request for Production Nos. 7, 9 and 11.

Subject to and without waiving the foregoing General and Specific Objections, Kingsid refers Plaintiff to its responses to Plaintiff's Request for Production Nos. 7, 9 and 11.

**INTERROGATORY NO. 9** Provide the existence, custodian, location and general description of all the documents and evidence in support of Kingsid's claim of non-infringement of the Photographs.

OBJECTIONS AND RESPONSE:

Kingsid objects to this Interrogatory as duplicative of, and seeks information sought by Plaintiff's Request for Production No. 13.

Subject to and without waiving the foregoing General and Specific Objections, Kingsid refers Plaintiff to its responses to Plaintiff's Request for Production No. 13.

**INTERROGATORY NO. 10** Provide the existence, custodian, location and general description of all the documents and evidence in support of Kingsid's position on damages in this action.

OBJECTIONS AND RESPONSE:

Kingsid objects to this Interrogatory because the requests for production are a more practical method for obtaining the information sought. Kingsid further objects to this Interrogatory as duplicative of, and seeks information sought by, Interrogatory No. 8, and Plaintiff's Request for Production Nos. 7, 9 and 11.

Subject to and without waiving the foregoing General and Specific Objections, Kingsid refers Plaintiff to its responses to Interrogatory No. 8, Plaintiff's Request for Production Nos. 7, 9 and 11, and states the following:

| Custodian | Location | Documents and Evidence |
|---|---|---|
| Glen Craig | Craig's office/home | License(s), if any, for Craig's photographs taken in the early 1970s, to be used on album covers |
| Kingsid | Kingsid's offices | Kingsid has never exploited the Photographs, and has not received any revenue or profit from any such exploitation. |

Dated:   New York, New York
        November 28, 2016

                                                LOEB & LOEB LLP

                                        By: */s/ Barry I. Slotnick*
                                              Barry I. Slotnick
                                              C. Linna Chen
                                              345 Park Avenue
                                              New York, NY 10154
                                              Telephone: 212.407.4000

                                              *Attorneys for Defendant*
                                              *Kingsid Ventures, Ltd.*