

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

October 25, 2017

**VIA ECF**

Honorable J. Paul Oetken
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Craig v. Universal Music Group, Inc., et al.* 1:16-cv-05439 (JPO)

Dear Judge Oetken:

We represent Plaintiff Glen Craig ("Plaintiff") in the above-captioned case and write pursuant to section 4.B of Your Honor's Individual Practices to request a pre-motion conference to disqualify Defendants' proposed expert witness, Professor Jeffrey Sedlik ("Sedlick"). Prior to requesting the conference, Plaintiff met and conferred with Defendants' counsel on October 25, 2017. However, the parties were unable to reach a resolution because, notwithstanding Plaintiff's well-founded objections, Defendants wish to proceed with Sedlik as their proposed expert.

Plaintiff seeks to preclude Sedlik on grounds that, prior to Defendants' retainer of Sedlik, Plaintiff engaged in multiple conversations with Sedlik to retain him as an expert in this very case. As part of those discussions, Plaintiff had a reasonable expectation that a confidential relationship had formed, and consistent with that understanding, disclosed certain confidential information about this case to Sedlik.

**LEGAL STANDARD FOR DISQUALIFICATION OF EXPERT WITNESS**

"A federal court's power to disqualify an expert witness derives from its 'duty to protect the integrity of the legal process.'" *In re Namenda Direct Purchaser Antitrust Litigation*, 15-cv-7488 (CM), 2017 WL 3085342, * 2 (S.D.N.Y. July 20, 2017) (*quoting Grioli v. Delta International Machinery Corp.*, 395 F. Supp. 2d 11, 13 (E.D.N.Y. 2005)). "The party seeking disqualification must make two showings." *In re Namenda*, 2017 WL 3085342 at *2. "<u>First</u>, it must establish that it is objectively reasonable to believe that a confidential relationship existed." *Id.* (*citing Gordon v. Kaleida Health*, No. 08-CV-378, 2013 WL 2250506, at *5 (W.D.N.Y. May 21, 2013). "<u>Second</u>, the moving party must demonstrate that its 'confidential information was actually disclosed to the expert or consultant.'" *In re Namenda*, 2017 WL 3085342 at *2 (quoting *Gordon*, 2013 WL 2250506, at *5 (internal quotations omitted).





### *(1) A Confidential Relationship Exists Between Plaintiff and Sedlik*

A confidential relationship exists where the individual providing the confidential information "reasonably [ ] expect[ed] that any communications would be maintained in confidence." *Hewlett-Packard*, 330 F. Supp. 2d at 1093. "The emphasis . . . is not on whether the expert was retained *per se* but whether there was a relationship that would permit the litigant reasonably to expect that any communications would be maintained in confidence." *Hewlett-Packard Co. v. EMC Corp.,* 330 F. Supp. 2d 1087, 1093 (N.D. Cal. 2004) (*citing In re Ambassador Group*, 879 F. Supp. at 243).

Here, prior to Defendants' retainer of Sedlik, Plaintiff engaged in multiple telephone conversations and e-mail exchanges with Sedlik in which Plaintiff reasonably expected that any communications would be maintained in confidence. *See Koch Refining Co.,* 85 F.3d 1178, 1181 (5th Cir. 1996) (disqualifying a testifying expert in view of a prior confidential business relationship); *Wang Laboratories, Inc. v. Toshiba Corp.*, 762 F.Supp. 1246, 1248 (E.D.Va. 1991) (testifying expert disqualified because other party had reason to believe confidential relationship existed and had disclosed work product to testifying expert).

### *(2) Confidential Information About Plaintiff's Case Was Actually Disclosed to Sedlik*

In addition, Plaintiff and his counsel actually disclosed confidential information to Sedlik, including details about Plaintiff's licensing history and litigation strategy. On behalf of Defendants, Sedlik has prepared an expert report which now uses this confidential information against Plaintiff.

In sum, Sedlik's participation in this lawsuit is highly prejudicial to Plaintiff. Sedlik's expert testimony (and report) should therefore be precluded in their entirety.

Respectfully Submitted,

**/richardliebowitz/**
Richard Liebowitz

*Counsel for Plaintiff Glen Craig*