

**BARRY I. SLOTNICK**
Partner

345 Park Avenue
New York, NY  10154

**Direct**   212.407.4162
**Main**    212.407.4000
**Fax**     212.202.7942
bslotnick@loeb.com

Via ECF

October 27, 2017

Hon. J. Paul Oetken
United States District Judge
United States District Court for the Southern
District of New York
40 Foley Square, Room 2101
New York, NY 10007

Re:   Craig v. Universal Music Group, Inc., et al; Case No. 16 Civ. 5439

Dear Judge Oetken:

We represent Defendants UMG Recordings, Inc. ("UMG"), Kingsid Ventures, Ltd. ("Kingsid") and Estate of Riley B. King ("Estate", and together with UMG and Kingsid, "Defendants") in the above-referenced action.  We write pursuant to Paragraph 4(B) of Your Honor's Individual Practices in response to Plaintiff's October 25, 2017 letter (Dkt. No. 50) requesting an informal conference.  As Plaintiff's letter request noted, Plaintiff is challenging Defendants' retention of their expert, Mr. Jeff Sedlik.

Defendants also respectfully request that the Court, pursuant to Federal Rule of Civil Procedure 11(c)(3), order Plaintiff and his counsel to show why the filing of the October 25, 2017 letter has not violated Federal Rule of Civil Procedure 11(b).

Defendants believe that Plaintiff and his counsel filed the October 25, 2017 letter in order to harass, cause unnecessary delay, and needlessly increase the cost of litigation for Defendants, in order to extract a high settlement amount from Defendants.

First, as shown in detail below, Plaintiff has neither a legal nor factual basis to support his assertion that he would likely succeed on a motion to disqualify Mr. Sedlik due to the existence of a confidential relationship and the disclosure of confidential information.  Rather, the only cases cited by Plaintiff actually contradict his position and support Defendants'.  Indeed, Plaintiff's counsel sought to mislead the Court by selectively quoting only those portions of the cases cited that are favorable to Plaintiff's position.

Second, the peculiar timing of Plaintiff's letter suggests an improper motive to pressure Defendants to settle this action by needlessly increasing the cost of litigation for Defendants. Though Defendants made their expert disclosures on October 13, 2017, Plaintiff waited almost two weeks to even raise these objections to Defendants, and then immediately wrote to the Court.  Defendants have not yet responded to Plaintiff's last settlement demand, and believe that Plaintiff is now abusing the judicial process by filing frivolous letter requests with the Court

Los Angeles   New York   Chicago   Nashville   Washington, DC   Beijing   Hong Kong   www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.

15333971.2
210088-10006



in order to pressure Defendants to settle, because Defendants must now expend time and resources in responding the Plaintiff's frivolous filing.

Third, Plaintiff's request for an informal conference is procedurally improper and a waste of Defendants' and the Court's resources. An informal conference pursuant to Paragraph 4(B) and Local Rule 37.2 is appropriate when there is a discovery dispute, and prior to the filing of a motion under Rules 26 through 37 of the Federal Rules of Civil Procedure.

However, the nature of the parties' dispute is not discovery related – it cannot be resolved by a motion made under Rules 26 through 37. *See Mays v. Reassure America Life Insurance Co.*, 293 F. Supp.2d 954, 956-57 (E.D. Ark. 2003) ("Nothing in the Federal Rules limits the right of a party to call as its expert witness a person who might have been consulted by an opposing party."); *Procter & Gamble Co. v. Haugen*, 184 F.R.D. 410, 412-13 (D. Utah 1999) (holding that there is no provision in Federal Rules providing for disqualification where expert has consulted with other side).

Rather, Plaintiff seeks to disqualify Mr. Sedlik from serving as Defendants' expert witness through the court's inherent power to disqualify an expert witness. *See* Dkt. No. 50. Making such a motion does not require an informal conference under Your Honor's rules or under the Local Rules of the Southern District. Defendants therefore believe that Plaintiff made the letter request for an informal conference – rather than a motion to disqualify – in order to keep his own costs down, but force Defendants to spend time and effort in responding to the letter request.

**Background**

Mr. Jeff Sedlik is a professional photographer. He has decades of experience in photo licensing, and currently serves as the President and CEO of the PLUS Coalition, a non-profit, international standards body and trade association that develops, propagates, and maintains universal standards for use by licensees and licensors in transactions involving photography and illustration.

According to Plaintiff's counsel, prior to Defendants' retention of Mr. Sedlik, Plaintiff and his counsel contacted Mr. Sedlik with the intent of retaining him as an expert in this action. Plaintiff did not retain Mr. Sedlik as an expert, or execute any retention agreement, consulting agreement, confidentiality agreement, or any other agreement with Mr. Sedlik.

Defendants first contacted Mr. Sedlik on July 27, 2017. On August 25, 2017, Defendants executed a retention agreement with Mr. Sedlik.

Pursuant to the Court's Amended Scheduling Order (Dkt. No. 49), on October 13, 2017, Defendants produced their expert disclosures to Plaintiff. Such disclosures included an expert report prepared by Mr. Sedlik.

On October 24, 2017, Plaintiff's counsel requested a meet and confer regarding Defendants' expert without any further explanation. When asked to explain the purpose of the meet and confer, Plaintiff's counsel merely stated that the call would be "regarding potentially disqualifying


Hon. J. Paul Oetken
October 27, 2017
Page 3

[Defendants'] expert," but did not specifically identify the grounds on which Plaintiff would seek disqualification.

The parties' counsel met and conferred by phone on October 25, 2017. During the call, Plaintiff's counsel contended for the first time that Plaintiff had grounds to disqualify Mr. Sedlik because Plaintiff and his counsel had spoken to Mr. Sedlik prior to Defendants' retention, that Plaintiff had purportedly disclosed confidential information during those conversations, and that Mr. Sedlik had purportedly used the confidential information disclosed to him by Plaintiff, in drafting his expert report for Defendants.

Defendants demurred, noting that Plaintiff never retained Mr. Sedlik, that no confidential relationship had ever existed between Plaintiff and Mr. Sedlik, that no confidential information (if any) disclosed by Plaintiff to Mr. Sedlik was ever disclosed to Defendants, and that no confidential information (if any) disclosed by Plaintiff to Mr. Sedlik was used in Mr. Sedlik's report.

Defendants further noted that Mr. Sedlik's report fully detailed what he relied on in making his conclusions, including specifically citing to the evidence produced during discovery by the parties, and asked Plaintiff's counsel to detail which portions of Mr. Sedlik report he believed either contained confidential information disclosed by Plaintiff to Mr. Sedlik, or used confidential information disclosed by Plaintiff to Mr. Sedlik. Plaintiff's counsel refused to do so on the call, and merely stated that confidential information regarding valuation was disclosed. Plaintiff did not provide any further response to this request for information. Rather, several hours later, Plaintiff's counsel wrote to the Court, and requested an informal conference pursuant to Paragraph 4(B) of Your Honor's Individual Practices ("Paragraph 4(B)").

**Plaintiff Has No Legal Or Factual Grounds To Preclude Mr. Sedlik**

"'[T]he instances of expert disqualification are rare,' and generally 'should not occur where a confidential relationship existed but no privileged information was communicated, or, alternatively, where no confidential relationship existed but privileged information was nonetheless disclosed.'" *In re Namenda Direct Purchaser Antitrust Litig.*, No. 15 Civ. 7488 (CM), 2017 U.S. Dist. LEXIS 113356 (S.D.N.Y. July 20, 2017) (quoting *Grioli v. Delta Int'l Mach. Corp.*, 395 F.Supp.2d 11, 13-14 (E.D.N.Y. 2005)), *adopted in part by*, 2017 U.S. Dist. LEXIS 134047 (S.D.N.Y. Aug. 21, 2017). Here, Plaintiff fails to establish that either a confidential relationship was established, or that confidential information was disclosed and used.

1. **Plaintiff Fails To Show That A Confidential Relationship Was Established**

A confidential relationship is not established simply because Plaintiff and his counsel "engaged in multiple telephone conversations and e-mail exchanges with Sedlik in which Plaintiff reasonably expected that any communications be maintained in confidence." Dkt. No. 50. As Plaintiff admits, the applicable standard in establishing whether a confidential relationship was established, is not based on whether Plaintiff reasonably believed such a relationship was established. Rather, the standard is based on whether "it is **objectively reasonable** to believe that a confidential relationship existed." *Id.* (quoting *In re Namenda*, 2017 U.S. Dist. LEXIS at *6) (emphasis added).



It is not objectively reasonable to believe that a confidential relationship existed between Plaintiff and Mr. Sedlik.  Mr. Sedlik was never retained by Plaintiff, never paid by Plaintiff, and Plaintiff and Mr. Sedlik never entered into any consulting agreement, retention agreement, confidentiality agreement, or any other agreement to memorialize any confidential relationship between them.

Indeed, the cases cited by Plaintiff in his letter specifically hold that in such circumstances, no confidential relationship exists, and thus there are no grounds for disqualification.  In *In re Namenda*, 2017 U.S. Dist. LEXIS *7-15, the magistrate judge held (and the district court adopted the holding) that it was not objectively reasonable to believe that a confidential relationship existed between the defendant and one of plaintiff's experts where there was no consulting agreement or other agreement requiring the expert to keep confidential the information that the expert acquired from the defendant.  Similarly, in *Hewlett-Packard Co. v. EMC Corp.*, 330 F.Supp.2d 1087, 1096 (N.D. Cal., 2004), the district court found that for the periods where there was no consulting agreement between the expert and the defendant, it was not objectively reasonable to believe that a confidential relationship existed.

*Koch Refining Co. v. Jennifer L. Bourdreax MV*, 85 F.3d 1178 (5th Cir. 1996) and *Wang Laboratories, Inc. v. Toshiba Corp*, 762 F.Supp. 1246, 1248 (E.D.Va, 1991), the cases cited by Plaintiff where the courts did disqualify the experts, are easily distinguishable.  In both cases, the moving party had actually retained the expert in question in that action, paid the expert fees, and received written reports from the expert on issues relevant to that action.  *Koch Refining Co.*, 85 F.3d; *Wang Laboratories, Inc.*, 762 F.Supp.  Plaintiff has not, and cannot make any similar showing here.

Because Plaintiff cannot demonstrate that it was objectively reasonable to believe that a confidential relationship existed between him and Mr. Sedlik, Plaintiff has no grounds to disqualify Mr. Sedlik as Defendants' expert.

### 2. Plaintiff Fails To Show That Any Prejudicial Confidential Information Was Disclosed

Plaintiff also cannot show that any confidential information was disclosed to or used by Mr. Sedlik.  Plaintiff's letter conveniently misleads the Court as to his burden in demonstrating that confidential information was disclosed and used:  Plaintiff fails to include the fact that the cases he relies on, *In re Namenda* and *Hewlett-Packard Co.*, specifically noted that "[u]nlike attorney-client communications, discussions between parties or counsel and experts **do not carry the presumption that confidential information was exchanged**," and that "[r]ather, the moving party should point to specific and unambiguous disclosures that if revealed would **prejudice the party**."  2017 U.S. Dist. LEXIS at *6-7 (internal citations and quotation marks omitted) (emphasis added); *see also Hewlett-Packard Co.*, 330 F.Supp.2d at 1094.

Thus, Plaintiff bears the burden to, and in order to succeed on his disqualification motion, must "point to specific and unambiguous disclosures that if revealed would prejudice the party."  *Id.*  Plaintiff has utterly failed to demonstrate both that confidential information was revealed, and that he would suffer prejudice.



Plaintiff's assertion that he and his counsel "actually disclosed confidential information … including details about Plaintiff's licensing history and litigation strategy" is insufficient to meet his burden, and the cases cited by Plaintiff in his letter confirm this inadequate showing.

In *In re Namenda*, the court specifically held that defendant's "supposition and circumstance" that the expert "must have learned" the relevant technical details or that the expert "very likely did so" was a "far cry from the identification of [the] specific and unambiguous disclosures" required for disqualification 2017 U.S. Dist. LEXIS at *15-16.  Similarly, the court in *Hewlett-Packard Co.* held that the defendant failed to meet its burden where it "offered neither specific details of" its alleged discussions of litigation strategy with the expert, "nor evidence contradicting [the expert's] version of the events," and that in any event, "the subject matter of the discussion was material contained in publicly available patents."  330 F.Supp. 2d at 1097.

Likewise here, Plaintiff's generalized assertion that "litigation strategy" and "licensing history" were disclosed to Defendants' expert is insufficient to meet the burden required for disqualification.  Indeed, Plaintiff's licensing history was disclosed to Defendants during discovery.

**<u>Conclusion</u>**

Because Plaintiff has no legal or factual basis to move to disqualify Mr. Sedlik on the basis on a confidential relationship or the disclosure of prejudicial confidential information, and because Plaintiff's October 25, 2017 filing was frivolous and for an improper purpose, Defendants respectfully request that the Court (a) deny Plaintiff's request to preclude Mr. Sedlik, and (b) pursuant to Federal Rule of Evidence 11(c)(3), order Plaintiff and his counsel to show why the filing of the October 25, 2017 letter has not violated Federal Rule of Civil Procedure 11(b).

Respectfully submitted,

*/s/ Barry I. Slotnick*
Barry I. Slotnick
Partner

cc:   Richard P. Liebowitz, Esq. (*via ECF*)