# Slotnick Declaration Ex. A

**UNITED STATES DISTRICTCOURT**
**SOUTHERN DISTRICT OF NEW YORK**

STEVE SANDS,

                Plaintiff,

- against -

UNIVERSAL MUSIC GROUP, INC, KINGSID VENTURES, LTD., and ESTATE of RILEY B. KING,

                Defendants.

16 Civ. 5439 (JPO)

**PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure ("Federal Rules"), and Rule 33.3 of the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), Plaintiff, Glen Craig, hereinafter referred to as Craig, hereby answers and objects to Defendants UMG Recordings, Inc., Kingsid Ventures, Ltd., and Estate of Riley B. King ("Defendants") First Set of Interrogatories dated (each, an "Interrogatory" and collectively, the "Interrogatories") as follows:

## GENERAL OBJECTIONS

Plaintiff makes the following General Objections to the Interrogatories. The General Objections apply to each of the Interrogatories, set forth immediate below, and are incorporated therein by reference. The assertion of the same, similar, or additional objections in response to specific Interrogatories does not waive any of the Plaintiff's General Objections. The provision of a substantive answer to any specific Interrogatory shall not be construed as an admission that Defendant is entitled to any response more specific than provided:

1. Plaintiff objects to the Instructions, Definitions, and Interrogatories to the extent they purport to impose on Plaintiff duties or obligations beyond, or inconsistent with, those set

forth in the Local Rules and the Federal Rules, including but not limited to Fed. R. Civ. R. 33(a) and Local Rule 33.3.

2. Plaintiff objects to the Interrogatories to the extent they seek information outside the scope of this proceeding. Plaintiff further objects to the Interrogatories to the extent that they seek information that is neither relevant to the claims or defenses of any party, within the meaning of Fed. R. Civ. P. 26 (b), nor proportional to the needs of the case.

3. Plaintiff objects to the Interrogatories to the extent that they seek information that is not within Plaintiff's possession, custody, or control.

4. Plaintiff objects to the Interrogatories to the extent that they seek information already in the possession, custody, or control of Defendant and/or its counsel; or which is in the possession, custody, or control of third parties; or that is publicly available.

5. Plaintiff objects to the Interrogatories to the extent they seek answers that may be derived from business records and other documents being produced in this litigation, and the burden of deriving and ascertaining the answers is substantially the same for Defendant as for Plaintiff, consistent with Fed. R. Civ. P. 33(d).

6. Plaintiff objects to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or protection from discovery. Such information shall not be provided in response to Defendant's Interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or protection with respect to such information.

7. Plaintiff objects to each Interrogatory to the extent that it seeks information that is subject to a confidentiality obligation owed to a non-party to this proceeding. Plaintiff will attempt to obtain permission of any such non-party to disclose such information.

8. Plaintiff objects to each Interrogatory as being vague, ambiguous, overly broad and unduly burdensome and not proportional to the needs of the case. To the extent Plaintiff attempts to respond to portions of an Interrogatory that are vague or ambiguous, Plaintiff will make a good faith effort to interpret each Interrogatory.

9. Plaintiff object to the extent the Interrogatories are not a more practical method of obtaining the information sought than a request for production of documents or a deposition.

10. Plaintiff objects to the Interrogatories to the extent that they assume disputed facts or legal conclusions in defining the information requested. Plaintiff denies any such disputed facts or legal conclusions to the extent assumed by each Interrogatory. Any response or objection by Plaintiff to any such Interrogatory is without prejudice to this objection.

11. In providing responses to the Interrogatories, Plaintiff does not waive and expressly reserve all objections as to the competency, authenticity, relevancy, materiality, and admissibility as evidence of the responses provided herein, as well as objections to any other discovery notices.

12. These responses are based on Plaintiff's present knowledge, information, and belief. Plaintiff reserves the right to modify or supplement these responses and objections as discovery proceeds in this action.

**SPECIFIC OBJECTIONS AND RESPONSES**

Without waiver of, or prejudice to, any of its General Objections, Plaintiff answers and responds to each Interrogatory as follows:

**Interrogatory No. 1**: Identify all persons with knowledge of your alleged creation and/or authorship of each of the King Photographs, including without limitation all individual identified in Plaintiff's Initial Disclosures as having such information, and describe the basis of each person's knowledge and his or her involvement with each such creation and/or authorship.

Plaintiff repeats and incorporates its General Objections as if fully set forth herein. Subject to and without waiver of foregoing objections, Plaintiff identifies Ruby Mazur, Art Director at Changes Magazine who asked him to cover the event for Changes Magazine, Sardi Klein (personal friend), Owners of Morrison Hotel Gallery, who have general knowledge of Craig's authorship.

**Interrogatory No. 2**: Identify the date and place of your alleged creation and/or authorship of each of the King Photographs.

Plaintiff repeats and incorporates its General Objections as if fully set forth herein. Subject to and without waiver of foregoing objections, Plaintiff identifies late November 1969 at the Los Angeles Inglewood Forum.

**Interrogatory No. 3**: State your employment status for the period of one (1) year prior to, through one (1) year after, when you allegedly authored the King Photographs. For each employer, state the employer's name, address, and telephone number, your position, the length of time of your employment, and your compensation. If you were not employed, state the source(s) of your income at that time, including for each such source, his/her/its name, address, and telephone number, and the basis for payment.

Plaintiff repeats and incorporates its General Objections as if fully set forth herein.  Not response is required at this time.

**Interrogatory No. 4**: Identify all persons with knowledge of all licenses for each of the King Photographs, and describe the basis of each person's knowledge and his or her involvement with each such license.

Plaintiff repeats and incorporates its General Objections as if fully set forth herein. The Plaintiff also objects that this interrogatory is redundant and duplicative of several Requests to produce documents.  Plaintiff reserves the right to supplement this response should more information become available.  No further response is required at this time.

**Interrogatory No. 5**: Identify all persons with knowledge of the licensing history of each of the King Photographs, and describe the basis of each person's  knowledge and his or her involvement with such licensing history.

Plaintiff repeats and incorporates its General Objections as if fully set forth herein. Plaintiff further objects that this interrogatory is redundant and duplicative of Interrogatory No. 4, and several Requests to produce documents.  Plaintiff reserves the right to supplement this response should more information become available.  No further response is required at this time.

**Interrogatory No. 6**: Identify all persons with knowledge of the registration of the King Photographs with the U.S. Copyright Office, and describe the basis of each such person's knowledge and his or her involvement with such registration.

Plaintiff repeats and incorporates its General Objections as if fully set forth herein.  Subject to and without waiver of foregoing objections, Plaintiff identifies his former attorneys Ben Thomson and Alan Behr, who advised Plaintiff during the process; family members (Wife, Son),

Owners of Morrison Hotel Gallery, and Sardi Klein (personal friend) who knew of the registration.

Dated: Valley Stream, NY

November 25, 2016

/s/Richard P. Liebowtiz
Richard P. Liebowitz
Yekaterina Tsyvkin
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516) 233-1660
*Attorneys for Plaintiff Craig*