UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
                                                        :
GLEN CRAIG,                                             :   No. 16 Civ. 5439 (JPO)
                                                        :
                        Plaintiff,                      :
                                                        :
                -against-                               :
                                                        :
UMG RECORDINGS, INC., KINGSID                           :
VENTURES, LTD., and ESTATE OF RILEY                     :
B. KING,                                                :
                                                        :
                        Defendants.                     :
                                                        :
-------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
## MOTION FOR SANCTIONS AGAINST PLAINTIFF AND HIS COUNSEL

LOEB & LOEB LLP
Barry I. Slotnick
C. Linna Chen
345 Park Avenue
New York, NY  10154
Telephone: 212.407.4000

*Attorneys for Defendants*
*UMG Recordings, Inc., Kingsid Ventures,*
*Ltd., And Estate Of Riley B. King*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT ............................................................................................1

FACTUAL BACKGROUND..................................................................................................3

I.      PLAINTIFF'S OCTOBER 25, 2017 LETTER REQUEST WAS MERITLESS
        AND MADE IN BAD FAITH........................................................................................3

II.     PLAINTIFF AND HIS COUNSEL FILED THE MERITLESS MOTION IN
        BAD FAITH..................................................................................................................5

        A.      Plaintiff's Assertion of a Reasonable Expectation of Confidentiality Is
                Legally and Factually Baseless...............................................................................5

        B.      There Is No Legal or Factual Basis For Plaintiff's Assertion that
                Confidential Information Was Disclosed By Plaintiff to Mr. Sedlik....................6

                1.      The Declarations Failed To Set Forth The Required Specific
                        and Unambiguous Allegations ..................................................................6

                2.      The Declarations Do Not Allege that Any Confidential
                        Information Was Disclosed........................................................................7

                3.      Plaintiff Had No Factual or Legal Basis for His Assertion that
                        Mr. Sedlik Shared Any Confidential Information With the
                        Defendants ................................................................................................7

III.    THE MERITLESS MOTION COMPELLED DEFENDANTS TO SPEND
        DOZENS OF HOURS REFUTING EACH CONCLUSORY ALLEGATION
        AND DISTINGUISHING EACH INAPPLICABLE CASE CITED................................8

IV.     PLAINTIFF AND HIS COUNSEL FILED A MERITLESS REPLY AND
        SOUGHT TO FURTHER MULTIPLY THE PROCEEDINGS BY
        REQUESTING AN IN CAMERA, EX PARTE HEARING ...........................................9

V.      PLAINTIFF'S TESTIMONY CLEARLY REVEALED THE LACK OF ANY
        FACTUAL BASIS FOR THE MOTION .......................................................................10

        A.      Plaintiff Readily and Repeatedly Admitted That He Did Not Disclose
                Any Confidential Information to Mr. Sedlik.......................................................10

        B.      Plaintiff Failed To Substantiate His Assertion that He and Mr. Sedlik
                Had A Confidential Relationship or that It Was Objectively Reasonable

For Plaintiff to Expect a Confidential Relationship Between Him and Mr. Sedlik .......................................................................................................... 11

C.     Defendants Moved For A Determination Without Putting On Their Case ............................................................................................................... 12

D.     The Court Denied The Meritless Motion to Disqualify ...................................... 12

LEGAL ARGUMENT ................................................................................................................... 13

I.      THIS COURT SHOULD SANCTION LIEBOWITZ UNDER 28 U.S.C. § 1927, AND AWARD DEFENDANTS THEIR ATTORNEYS' FEES AND COSTS, INCLUDING EXPERT FEES, INCURRED IN OPPOSING THE MERITLESS LETTER REQUEST AND MOTION TO DISQUALIFY ....................... 13

A.     The Letter Request and Motion Were So Flagrantly Meritless That the Court May Presume Bad Faith ........................................................................... 14

B.     Liebowitz Should Be Sanctioned For Unreasonably and Vexatiously Multiplying the Proceedings in this Case ........................................................... 16

II.     PLAINTIFF AND HIS COUNSEL SHOULD BE SANCTIONED PURSUANT TO THE COURT'S INHERENT POWERS ............................................. 16

CONCLUSION ............................................................................................................................. 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 60 E. 80th St. Equities, Inc.,*
218 F.3d 109 (2d Cir. 2000) ...................................................................................13-14

*Chambers v. NASCO, Inc.,*
501 U.S. 32 (1991) ............................................................................................. 16, 17

*Enmon v. Prospect Capital Corp.,*
675 F.3d 138 (2d Cir. 2012) ......................................................................................1

*Essepian v. Chrysler Credit Corp.,*
No. 1:96-CV-613, 1997 U.S. Dist. LEXIS 15353 (N.D.N.Y. Sept. 24, 1997)......................14

*Fried v. Fried,*
113 F.R.D. 103 (S.D.N.Y. 1986) ...............................................................................16

*McDermott v. Monday Monday, LLC,*
No. 17 Civ. 9230 (DLC), 2018 U.S. Dist. LEXIS 28664 (S.D.N.Y. Feb. 22,
2018)....................................................................................................................3

*Oliveri v. Thompson,*
803 F.2d 1265 (2d Cir. 1986).....................................................................................13

*Steeger v. JMS Cleaning Services, LLC,*
No. 17 Civ. 8013 (DLC), 2018 U.S. Dist. LEXIS 42797 (S.D.N.Y. Mar. 15,
2018)....................................................................................................................3

*Reynolds v. Hearst Commc'ns, Inc.,*
No. 17 Civ 6720 (DLC), 2018 U.S. Dist. LEXIS 35453 (S.D.N.Y. Mar. 5,
2018)....................................................................................................................3

*Wechsler v. Hunt Health Sys.,*
216 F. Supp. 2d 347 (S.D.N.Y. 2002) .....................................................................15-16

**Statutes**

28 U.S.C. § 1927..............................................................................................*passim*

N.Y. Rule of Professional Conduct 3.7......................................................................7

Defendants UMG Recordings, Inc. ("UMG"), Kingsid Ventures, Ltd. ("Kingsid"), and Estate of Riley B. King (the "Estate", and together with UMG and Kingsid, the "Defendants"), respectfully submit this Memorandum of Law in support of their motion for sanctions pursuant to 28 U.S.C. § 1927, and this Court's inherent authority, against Plaintiff Glen Craig and his counsel, Richard Liebowitz and Liebowitz Law Firm PLLC[1].

## PRELIMINARY STATEMENT

Plaintiff and his counsel brought a motion to disqualify Defendants' damages expert, Jeffrey Sedlik, on the grounds that (a) Plaintiff purportedly entered a relationship with Mr. Sedlik, in which Plaintiff had a reasonable expectation of confidentiality, and (b) Plaintiff disclosed confidential information to Mr. Sedlik (the "Motion").  In the early stages of the May 25 hearing on Plaintiff's motion, it became glaringly obvious that Plaintiff's motion lacked any legal or factual basis.  Plaintiff's meritless motion—not to mention his counsel's insistence on an evidentiary hearing and this Court's *in camera* review of the "confidential materials" Plaintiff allegedly disclosed—unreasonably and vexatiously multiplied these proceedings, unnecessarily drove up Defendants' costs, and wasted this Court's scarce resources.   The frivolous Motion was just the latest aspect of Plaintiff's and his counsel's continuing campaign to force Defendants to acquiesce to Plaintiff's unreasonable and unjustifiable settlement demands.

Plaintiff knew (and Mr. Liebowitz knew, or certainly should have known) that he disclosed no confidential information to Mr. Sedlik; thus, by definition, Plaintiff held no reasonable expectation that he entered into a confidential relationship with Mr. Sedlik. Moreover, evidence adduced in connection with the Motion confirmed that Mr. Sedlik advised

---

[1] A court may sanction a law firm pursuant to both its inherent powers and § 1927, and may attribute the actions of a founding, named partner of a firm to the law firm.  *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 147-48 (2d Cir. 2012).

Plaintiff *in their initial conversation* that he could not take on an engagement adverse to the Estate.  Despite having three opportunities to present evidence substantiating Plaintiff's claims underlying the Motion, Plaintiff and his counsel utterly failed to do so.  The reason is simple:  the Motion was patently frivolous from the outset.  There is no explanation -- other than Plaintiff and his counsel's bad faith -- that could justify their filing of the Motion.

At a minimum, Plaintiff and his counsel should have withdrawn their meritless Motion when Defendants filed their opposition, which refuted in detail both the legal and factual basis for it.  Instead, Plaintiff and his counsel doubled down, represented to the Court that Plaintiff would substantiate his claims if the Court permitted an *in camera* review of their "evidence," and requested a hearing.

Plaintiff's counsel elicited no such testimony from Plaintiff at the evidentiary hearing. To the contrary, Plaintiff readily and repeatedly testified that he knew nothing, had no information confidential or otherwise, and simply listened to Mr. Sedlik, who merely referred him to publicly-available information on an Internet website.  Given that Plaintiff admitted that he never actually disclosed any confidential information to Mr. Sedlik, there was no good faith basis for the Motion.  More importantly, Mr. Liebowitz had no basis to make the representation to this Court that Plaintiff would, or even could, substantiate his claims at any hearing on the Motion.

Such meritless and bad faith conduct should be sanctioned by the Court, and the Court should award Defendants their reasonable attorneys' fees and expenses (including Mr. Sedlik's fees and costs) incurred in responding to Liebowitz's October 25, 2017 letter request, and in opposing Plaintiff's Motion, including preparing for and attending the evidentiary hearing.

## FACTUAL BACKGROUND

**I.     PLAINTIFF'S OCTOBER 25, 2017 LETTER REQUEST WAS MERITLESS AND MADE IN BAD FAITH**

The Liebowitz Law Firm and its principal, Richard Liebowitz, have filed more actions in this Court in the past year than any other law firm.  Several judges within this District have already labeled him a "copyright troll," questioned his tactics, and assessed sanctions against him for making misrepresentations to the court.  *McDermott v. Monday Monday, LLC*, No. 17 Civ. 9230 (DLC), 2018 U.S. Dist. LEXIS 28664, at *8 (S.D.N.Y. Feb. 22, 2018); *Steeger v. JMS Cleaning Services, LLC*, No. 17 Civ. 8013 (DLC), 2018 U.S. Dist. LEXIS 42797, at *6 (S.D.N.Y. Mar. 15, 2018) (imposing a fine of $2,000 on Liebowitz and his law firm and ordering Liebowitz to take ethics and professionalism classes pursuant to Fed. R. Civ. P. 11 and the Court's inherent power for failing to comply with orders, and noting specifically that Liebowitz has continued a "pattern of omissions and misrepresentations that has plagued [his] earlier submissions in [that] action"); *see Reynolds v. Hearst Commc'ns, Inc.*, No. 17 Civ 6720 (DLC), 2018 U.S. Dist. LEXIS 35453, at *9-10 (S.D.N.Y. Mar. 5, 2018) (collecting cases in this District).  He sues without prior notice, makes flagrantly unreasonable settlement demands, then waits for litigation weary defendants to vastly overpay to settle.  It is not in his methodology to allow a defendant to actually mount a defense.  Consequently, he cannot permit an expert to challenge his demands with facts.  For Liebowitz, it is critical to limit or even preclude the voice of reason from an expert such as Mr. Sedlik.

But instead of moving forward by filing a fully briefed motion to disqualify Mr. Sedlik, Plaintiff and his counsel sought to unnecessarily multiply the proceedings by writing to the Court to request an improper pre-motion conference.  Dkt. No. 50 (the "Letter Request").  Prior to doing so, Plaintiff's counsel called Defendants' counsel to inform them that he believed Plaintiff

had grounds for disqualifying Mr. Sedlik.  Though the call was ostensibly a meet and confer, Plaintiff's counsel refused to specify what confidential information was actually disclosed by Plaintiff to Mr. Sedlik.  Dkt. No. 51, 3.  Plaintiff's counsel did not attempt to actually meet or confer in good faith, but rather placed the call as a perfunctory gesture so that he could represent to the Court that a meet and confer had taken place.

Despite the fact that a motion to disqualify is not a discovery dispute, on October 25, 2017, Plaintiff's counsel filed the Letter Request for a pre-motion conference pursuant to the Court's Individual Rule 4(B) and Local Rule 37.2.  Dkt. No. 50.  The Letter Request was short on specifics, but rife with conclusory assertions that (a) Plaintiff entered a confidential relationship with Mr. Sedlik, and (b) Plaintiff, in fact, disclosed confidential information to Mr. Sedlik. *Id.*

Defendants were compelled to respond with a detailed, 5-page letter of their own, objecting to Plaintiff's counsel's procedurally improper and entirely meritless request. Defendants' response noted, among other things, that the Letter Request was legally and factually meritless; selectively quoted only those portions of the cases cited that were favorable to Plaintiff's position (despite the fact that the cases cited by Plaintiff's counsel did not apply even to Plaintiff's version of the facts); and failed to identify any specific confidential information actually disclosed to or used by Mr. Sedlik in rendering his expert opinion.  Dkt. No. 51.  Because Plaintiff threatened at this juncture to move to disqualify Mr. Sedlik, Defendants also requested that the Court order Plaintiff and his counsel to show cause why the filing of the Letter Request did not violate Federal Rule of Civil Procedure 11(b).  *Id.* at 5.

On November 3, 2017, the Court denied the Letter Request and ordered Plaintiff to file a fully briefed motion if he wished to disqualify Mr. Sedlik.  Dkt. No. 52.  On November 13, 2017,

the Court entered a briefing schedule for the Motion, with Plaintiff's moving brief due on or before December 1, 2017.  Dkt. No. 54.

## II.   PLAINTIFF AND HIS COUNSEL FILED THE MERITLESS MOTION IN BAD FAITH

On December 1, 2017, Plaintiff moved to disqualify Mr. Sedlik.  Dkt. No. 56 ("Plaintiff's Moving Brief").  In order to meet his burden of proving that it was objectively reasonable to consider his relationship with Mr. Sedlik confidential, and that he disclosed confidential information to Mr. Sedlik, Plaintiff relied on his own declaration (Dkt. No. 58 ("Craig Moving Declaration"), as well as one from Liebowitz.  Dkt. No. 57 ("Liebowitz Declaration", and together with the Craig Moving Declaration, the "Declarations").

Plaintiff's Moving Brief failed to establish either element.  Instead, Plaintiff and his counsel attempted to skirt the evidentiary requirements by purposefully misstating and misapplying the law, and relying solely on Liebowitz's and Craig's *ipse dixit* and inadmissible hearsay.

### A.   Plaintiff's Assertion of a Reasonable Expectation of Confidentiality Is Legally and Factually Baseless

Plaintiff and his counsel failed to submit any evidence that could provide the factual basis for Plaintiff's naked assertions that it was objectively reasonable for him to believe that he established a confidential relationship with Mr. Sedlik.  Indeed, Plaintiff's counsel did not even argue that it was objectively reasonable.  Instead, Liebowitz purposefully misstated and misapplied the law, and inaccurately asserted that because "[Plaintiff] had a reasonable expectation of confidentiality," he "has satisfied the first prong" in the disqualification analysis. Plaintiff's Moving Brief, 6.  Liebowitz knew that there was no legal basis for this assertion, because the cases relied upon by Plaintiff were wholly distinguishable from even Plaintiff's version of the facts, with at least one case holding that there could be no reasonable expectation

of confidentiality under the circumstances presented by Plaintiff.  Dkt. No. 61 ("Opp. Br."), 16-17.

### B. There Is No Legal or Factual Basis For Plaintiff's Assertion that Confidential Information Was Disclosed By Plaintiff to Mr. Sedlik

Similarly, Plaintiff and his counsel utterly failed to submit any admissible evidence sufficient to establish a factual or legal basis for Liebowitz's assertion that "Plaintiff disclosed confidential information to Mr. Sedlik."  Plaintiff's Moving Brief, 6.  Neither Declaration contained the required specific and unambiguous disclosures that, if revealed, would prejudice the Plaintiff, nor did they contain any allegation that Plaintiff, in fact, disclosed any *confidential* information to Mr. Sedlik.  Opp. Br., 14, 19-21.  The fallacious position proffered in the Declarations was simply that because Plaintiff *subjectively* believed his discussions with Mr. Sedlik to be confidential, it must be so – regardless of whether Plaintiff's belief was *objectively* reasonable or whether he actually disclosed confidential information to Mr. Sedlik.  Such an unsupported and conclusory assertion cannot reasonably form the basis for a motion to disqualify an expert.

### 1. The Declarations Failed To Set Forth The Required Specific and Unambiguous Allegations

The Craig Moving Declaration disclosed generally that Plaintiff alone, or in conjunction with Liebowitz, discussed certain topics with Mr. Sedlik, but failed to provide any details regarding what, if any, confidential information was disclosed in those conversations.  Craig Moving Declaration, ¶¶ 6-9, 12-23.  The relevant case law – including those cases cited in Plaintiff's Moving Brief – is clear that a party's citation of vague and general categories of information allegedly disclosed to an expert is insufficient to meet the burden of establishing that confidential information was actually disclosed.  Opp. Br., 18-20.  Thus, Liebowitz must have

known at the time he filed Plaintiff's Moving Brief that the Craig Moving Declaration was woefully inadequate.

Presumably because he recognized that the Craig Moving Declaration was devoid of evidentiary value, Liebowitz attempted to bolster and support its sweeping generalizations by submitting one of his own.  However, the Liebowitz Declaration was similarly entirely devoid of evidentiary value, as it relied solely on hearsay.  *See* Liebowitz Decl., ¶¶ 5, 16-19.  Moreover, Liebowitz made himself a potential witness in the resolution of the Motion, which is prohibited by the New York Rule of Professional Conduct 3.7.  *See* N.Y. Rules of Professional Conduct, 3.7 ("A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact" unless certain exceptions not applicable here are met).

  2. <u>The Declarations Do Not Allege that Any Confidential Information Was Disclosed</u>

Moreover, even accepting the generalizations in the Declarations as true, they still failed to support Plaintiff's position that any *confidential* information was actually disclosed to Mr. Sedlik.  Rather, each category of information that Plaintiff allegedly disclosed to, or discussed with, Mr. Sedlik was either publicly available, or already had been disclosed to Defendants during discovery *prior to* Defendants' retention of Mr. Sedlik.  *See* Opp. Br., 10-13, 20-21.

  3. <u>Plaintiff Had No Factual or Legal Basis for His Assertion that Mr. Sedlik Shared Any Confidential Information With the Defendants</u>

Plaintiff utterly failed to provide either a factual or legal basis to support his assertion that he disclosed any confidential information to Mr. Sedlik.  Thus, because no such disclosures were established, by definition, Mr. Sedlik could not have divulged any purportedly confidential information to Defendants.  Yet, despite this failure of proof, Plaintiff and his counsel essentially asked the Court to presume that "Plaintiff most likely divulged a great deal of confidential information to Mr. Sedlik," by relying on a line of cases where courts have disqualified experts

7

where the expert switched sides during the litigation, or where the expert had previously been engaged by the opposing party.  Plaintiff's Moving Brief, 6-8.  Of course, all of those cases are inapposite here because Plaintiff never retained Mr. Sedlik -- a fact well known to Plaintiff and Liebowitz before they filed the Motion.  *See* Craig Moving Declaration, Liebowitz Declaration.

## III.   THE MERITLESS MOTION COMPELLED DEFENDANTS TO SPEND DOZENS OF HOURS REFUTING EACH CONCLUSORY ALLEGATION AND DISTINGUISHING EACH INAPPLICABLE CASE CITED

In response to Plaintiff's Moving Brief and the Declarations, Defendants were required to spend dozens of hours researching the actual standards applicable to the Motion; researching, refuting, and distinguishing every case cited in Plaintiff's Moving Brief; and parsing and refuting in detail every single conclusory allegation made in the Declarations.

Defendants' opposition brief confirmed that Plaintiff's Moving Brief was entirely meritless: Plaintiff and his counsel misled the Court as to the correct standard for determining whether there was a reasonable expectation of confidentiality and cited to case law that was entirely inapplicable, and even accepting Plaintiff's version of facts as true, none of the information allegedly disclosed by Plaintiff was confidential.  Opp. Br., 15-23.

Moreover, as made clear by Mr. Sedlik's declaration, Plaintiff's Moving Brief was factually baseless.  In opposition to the Motion, Mr. Sedlik filed a detailed declaration recounting each of his interactions with Plaintiff and Liebowitz, and refuted Plaintiff's and Liebowitz's conclusory allegations regarding their interactions, including:

- specific details concerning his statements to Plaintiff that he had a potential conflict of interest due to his ongoing business relationship with the Estate, which he confirmed by email to Plaintiff on September 20, 2016, stating specifically that he "can't take on matters involving [the Estate], [because he] ha[s] a licensing arrangement with them", *id.*, ¶¶ 13, 14, 19, Ex. 2;

- specific details concerning what was actually discussed on the calls with Plaintiff – Plaintiff's dissatisfaction with Liebowitz, *id.*, ¶¶ 15, 22;

- specifically refuting that Plaintiff or Liebowitz ever disclosed or discussed confidential information to Mr. Sedlik, and noted that each category of information allegedly disclosed by Plaintiff and Liebowitz to Mr. Sedlik is publicly available, *id.*, ¶¶ 10, 12-13, 25-26, 28, 42-44; and

- the fact that neither Plaintiff nor Liebowitz ever retained Mr. Sedlik, asked Mr. Sedlik to sign a confidentiality agreement, consulting agreement, or any other agreement. *Id.*, ¶¶ 38- 39.

## IV.   PLAINTIFF AND HIS COUNSEL FILED A MERITLESS REPLY AND SOUGHT TO FURTHER MULTIPLY THE PROCEEDINGS BY REQUESTING AN IN CAMERA, EX PARTE HEARING

In the face of the precise and detailed evidence that contradicted Plaintiff's version of the events, Plaintiff and his counsel were forced to admit that the information Plaintiff "disclosed" to Mr. Sedlik was publicly available.  Dkt. No. 64 ("Motion Reply Brief"), 1-2.  Undaunted, and bent on pursuing their frivolous Motion, Plaintiff pressed an even more absurd theory for the first time in the Motion Reply Brief.   Specifically, Plaintiff argued that, notwithstanding that all the information at issue was publicly available, because Plaintiff disclosed the information to Mr. Sedlik, it somehow became confidential because Plaintiff divulged the "legal strategies and theories of the case," including the "strength[s]" and "weakness[es]" of Plaintiff's case.  *Id.*  Of course, this leap in logic and law was not supported by any citations to case law or any legal or other authority.  *See id.*

In support of the Motion Reply Brief, Plaintiff filed another declaration.  Dkt. No. 65 ("Craig Reply Declaration").  But, once again, the Craig Reply Declaration failed to identify any information, including legal theories or strategies, that he purportedly disclosed to Mr. Sedlik that was not either public or produced to Defendants through discovery (*id.*, ¶¶ 7-12), and also continued to rely solely on conclusory assertions.  *Id.*, ¶¶ 5-6.

Despite failing for the third time to meet their burden of establishing a confidential relationship – and apparently ignoring that Mr. Sedlik gave a detailed rebuttal of their conclusory

statements -- Plaintiff and his counsel requested an *in camera, ex parte* hearing.  Motion Reply Brief, 2.  In an attempt to excuse their failure to this point, Plaintiff and his counsel alleged that Plaintiff would only disclose "[a] detailed account of confidential information revealed to Mr. Sedlik," in an *ex parte, in camera* hearing.  *Id.*, 2.

Based upon this representation by Plaintiff and his counsel, the Court ordered an evidentiary hearing on the Motion.  Dkt. Nos. 67, 69.

## V.   PLAINTIFF'S TESTIMONY CLEARLY REVEALED THE LACK OF ANY FACTUAL BASIS FOR THE MOTION

### A.   Plaintiff Readily and Repeatedly Admitted That He Did Not Disclose Any Confidential Information to Mr. Sedlik

Contrary to his representations to the Court, Liebowitz elicited no testimony from Plaintiff at the hearing to support their position that confidential information was actually disclosed by Plaintiff to Mr. Sedlik.  Rather, Plaintiff testified that during his conversations with Mr. Sedlik, Plaintiff identified the photographs at issue (Declaration of Barry I. Slotnick, Ex. A ("Hrg. Trs."), 6:9-12, 19:22-20:5), told Mr. Sedlik details regarding Plaintiff's career (*id.*, 6:13, 18:7-19:17), including the fact that he does not license photographs (*id.*, 6:13-14), and told Mr. Sedlik details regarding Plaintiff's discovery of other unrelated alleged infringements of his photographs (*id.*, 8:12-16, 10:11-13, 16:10-15).  As the Court found, none of the foregoing information is confidential.  *Id.*, 42:1-6.

Liebowitz attempted to establish that Plaintiff disclosed confidential information regarding valuation of the photographs at issue to Mr. Sedlik.  However, Plaintiff's testimony was clear that any information regarding valuation was actually disclosed by Mr. Sedlik *to Plaintiff*.  Plaintiff repeatedly testified that he elicited Mr. Sedlik's opinion of the photographs, including potential licensing fees (*id.*, 7:10-17, 8:18-21, 9:25-10:4, 10:9-11), and that Mr. Sedlik had allegedly disclosed to Plaintiff, his "opinion of [the] photographs" at issue (*id.*, 7:1-3); his

estimate of a license fee for each of the photographs based on what Getty Images was charging for similar photographs (*id.*, 7:15-17, 8:19-21), and the fact that he had worked on a published case where he used a multiplier called the "slide rule" (*id.*, 9:9-16).

Indeed, untethered from declarations clearly drafted by Liebowitz, Plaintiff freely admitted during his testimony that he had no experience in licensing or valuing photographs (*id.*, 6:13-15, 10:9-11, 13:21-22, 15:22-16:1, 23:25-24:7), that he did not disclose to Mr. Sedlik what he thought the photographs were worth (*id.,* 16:2-6, 40:16-18), that it was Mr. Sedlik who allegedly raised the licensing fee amount and the Getty Images comparison (*id.*, 13:13-14:2, 21:21-22:7), and that it was Mr. Sedlik who allegedly raised the issue of the so-called multiplier slide rule (*id.*, 9:9-16). Of course, as the Court found, none of the foregoing information could be confidential (*id.*, 42:3-6): the Getty Images quotes are available online on Getty's publicly-accessible website, which Plaintiff himself accessed after his call with Mr. Sedlik (*id.*, 22:14-6), and the Third Circuit opinion that described Mr. Sedlik's multiplier method in detail was published, as evidenced by the fact that Plaintiff found it online and read it after his call with Mr. Sedlik (*id.*, 23:2-18).

**B.    Plaintiff Failed To Substantiate His Assertion that He and Mr. Sedlik Had A Confidential Relationship or that It Was Objectively Reasonable For Plaintiff to Expect a Confidential Relationship Between Him and Mr. Sedlik**

Similarly, Liebowitz failed to elicit any testimony to demonstrate that a confidential relationship existed between Plaintiff and Mr. Sedlik, or that it was objectively reasonable for Plaintiff to believe as much.

As Plaintiff admitted on cross-examination, he never retained, never signed an engagement letter with, never entered into a consulting agreement with, never entered into a confidentiality agreement with, and never paid Mr. Sedlik in connection with this case. *Id.*, 25:20-26:25, 27:7-9. Moreover, Plaintiff admitted that prior to his September 19, 2016 call with

Mr. Sedlik, he had "no prior business or personal relationship with [Mr. Sedlik]," and had "never entered into any kind of agreement with Mr. Sedlik for any kind of professional business relationship before, during or after that September 19" call.  *Id.* 27:10-18, 27:24-28:3.  While Plaintiff refused to admit or deny on the stand that Mr. Sedlik expressed reluctance to be an expert in this case adverse to the Estate on their first call (*id.*, 20:1-21:6), Plaintiff could not deny that the next day, on September 20, 2016, Mr. Sedlik sent Plaintiff an email stating specifically that he "can't take on matters involving [the] BB King estate [because he has] a licensing arrangement with them."  *Id.*, 33:17-34:14; Dkt. No. 63-4.  As the Court found, because Mr. Sedlik had informed Plaintiff of this fact, it was objectively unreasonable for Plaintiff to assume that there was a confidential relationship between him and Mr. Sedlik.  Hrg. Trs., 38:6-8.

### C.    Defendants Moved For A Determination Without Putting On Their Case

Having taken Plaintiff and his counsel's assertions that Plaintiff would testify regarding confidential information he disclosed to Mr. Sedlik at the evidentiary hearing at face value, Defendants' counsel spent dozens of hours, including several hours preparing Mr. Sedlik (who was forced to travel from California) for the evidentiary hearing.  However, because Plaintiff and his counsel failed to present any evidence of confidential disclosures to Mr. Sedlik, or that Plaintiff was reasonable in expecting a confidential relationship between him and Mr. Sedlik, Defendants' counsel moved for a determination on the Motion after Plaintiff rested, without putting on Defendants' case, or even calling Mr. Sedlik to the witness stand.  *Id.*, 41:13-17.

### D.    The Court Denied The Meritless Motion to Disqualify

The Court agreed with Defendants and denied the Motion, holding that there was no "reasonable expectation of a confidential relationship between [Plaintiff] and/or his counsel, on the one hand, and Mr. Sedlik, on the other," including because Mr. Sedlik had clearly told Plaintiff that he could not take on matters adverse to the Estate (*id.*, 46:5-18), and that no

confidential information was disclosed by Plaintiff to Mr. Sedlik.  *Id.* 42:1-6 (Plaintiff's "references to … [his] career and background] … [are] not confidential," that anything Plaintiff "could look up afterwards, including stuff he found online that day, is not confidential by definition," and anything "that refers to some measure of damages from another case that's already publicly been aired or happened" is also "not confidential.").  Further, the Court expressed a belief that Plaintiff and his counsel had made misrepresentations to the Court in the Motion Reply Brief, stating at the evidentiary hearing that "based on the submissions and the declarations, [the Court] thought [it] was going to get more down in the weeds on confidential information" at the hearing, but that the Court had "not really heard what [it] think[s] is confidential information."  *Id.*, 45:15-18.

## LEGAL ARGUMENT

**I.    THIS COURT SHOULD SANCTION LIEBOWITZ UNDER 28 U.S.C. § 1927, AND AWARD DEFENDANTS THEIR ATTORNEYS' FEES AND COSTS, INCLUDING EXPERT FEES, INCURRED IN OPPOSING THE MERITLESS LETTER REQUEST AND MOTION TO DISQUALIFY**

Under 28 U.S.C. § 1927, any attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions are warranted under § 1927 when the offending party's claims were entirely meritless, and "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose" such as to delay the proceedings, to harass, or for otherwise inappropriate reasons, or that such actions were taken entirely without color. *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986). Where the conduct at issue "is completely without merit," bad faith may be inferred. *In re 60 E. 80th St.*

*Equities, Inc.*, 218 F.3d 109, 116 (2d Cir. 2000) (citing *United States v. Int'l Bhd. Of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991)).

### A.     The Letter Request and Motion Were So Flagrantly Meritless That the Court May Presume Bad Faith

As shown above, the Letter Request was procedurally improper, and both the Letter Request and Motion were wholly meritless.  Any reasonable attorney would have concluded that there were no facts that could have supported Plaintiff's claims that he held a reasonable expectation of confidentiality, or, more important, that he actually disclosed confidential information to Mr. Sedlik.

In *Essepian v. Chrysler Credit Corp.*, the Northern District of New York sanctioned the plaintiff's attorneys under § 1927 for filing a similarly "totally baseless" motion to disqualify. No. 1:96-CV-613, 1997 U.S. Dist. LEXIS 15353, at \*21, 23-24 (N.D.N.Y. Sept. 24, 1997).  In that case, the plaintiff sought to disqualify the defendants' counsel based on "speculation and unfounded inferences," and "[t]he only evidence offered by [the] plaintiffs was records of business transactions among the parties, none of which remotely support" the legal basis for disqualifying the defendants' counsel. *Id.*, at \*21-22.  The court in *Essepian* concluded that the plaintiff's counsel brought the motion to disqualify "for an improper" purpose because the motion was "totally lacking in merit," and, "even if [counsel] initially had grounds to believe disqualification was warranted, they made little or no effort to verify those grounds," despite the fact that "the motion was based upon facts known to plaintiffs and their counsel since, at the earliest, the filing of [a prior lawsuit]." *Id.*, at \*22-23.

Similarly here, Plaintiff's counsel necessarily knew from the beginning that the Letter Request and Motion lacked any legal or factual basis.  Indeed, the Letter Request and Motion were based upon facts known to Plaintiff and his counsel for over a year.  Liebowitz knew as

early as September 2016 that Plaintiff had no confidential relationship with Mr. Sedlik, and that it was not objectively reasonable for Plaintiff to assume that a confidential relationship existed between Plaintiff and Mr. Sedlik. Liebowitz purposefully omitted the requirement that the assumption of a confidential relationship must be *objectively* reasonable from his opening brief, relying solely on Plaintiff's assertions that he *subjectively* thought a confidential relationship existed between him and Mr. Sedlik. Even so, Liebowitz cannot escape the fact that he knew that it would not be objectively reasonable for Plaintiff to make such an assumption. Plaintiff testified that he forwarded the September 20, 2016 email from Mr. Sedlik to Liebowitz, in which Mr. Sedlik specifically stated that he could not take on this matter on behalf of Plaintiff because it was adverse to the Estate. Hrg. Trs., 35:13-14.

Liebowitz also knew – at least by the time he filed the Motion – that Plaintiff actually had not disclosed any confidential information to Mr. Sedlik. Liebowitz had multiple opportunities to – but each time entirely failed – have Plaintiff substantiate his allegations. In fact, the only allegedly "confidential" information asserted – the alleged discussion regarding Getty Image licensing fees – was revealed by Plaintiff at the evidentiary hearing to be *publicly available* information that Mr. Sedlik allegedly *disclosed to him*.

Liebowitz did not at any time elicit any testimony from Plaintiff that would substantiate Plaintiff's assertions because Liebowitz knew at all times that Plaintiff had no grounds to disqualify Mr. Sedlik. Liebowitz filed the meritless Letter Request and Motion in bad faith, with an improper purpose: to pressure Defendants to accept Plaintiff's settlement offer, by forcing Defendants to spend time and effort in opposing the Letter Request and Motion. Liebowitz's bad faith filing of the Letter Request and Motion, which lack any factual or legal basis, should be sanctioned. *See Wechsler v. Hunt Health Sys.*, 216 F. Supp. 2d 347, 357-58 (S.D.N.Y. 2002)

(granting sanctions under § 1927, finding bad faith on the part of the defendants' counsel where counsel filed a meritless and "procedurally unsound" motion for summary judgment).

## B. Liebowitz Should Be Sanctioned For Unreasonably and Vexatiously Multiplying the Proceedings in this Case

Liebowitz should be sanctioned under 28 U.S.C. § 1927 for the additional reason that he unreasonably and vexatiously multiplied the proceedings in this case.  Because the Letter Request and Motion were entirely meritless, Liebowitz's litigation tactics resulted in a raft of unnecessary written submissions for this Court to consider, and in an entirely unnecessary evidentiary hearing.  The Court need not have considered, and Defendants need not have opposed, the Letter Request or Motion had Liebowitz actually considered the legal and factual basis for it.  At a bare minimum, Liebowitz (a) should not have filed the Letter Request, (b) should have withdrawn his Motion after Defendants filed their opposition, specifically refuting each and every factual and legal basis underlying it, and (c) should not have requested a hearing on the basis that Plaintiff would actually testify as to the alleged specific confidential information that he purportedly disclosed to Mr. Sedlik.  *See Fried v. Fried*, 113 F.R.D. 103, 108 (S.D.N.Y. 1986) (granting sanctions under § 1927 where the plaintiff's counsel "unreasonably and vexatiously multiplied these proceedings and delayed resolution of the action by repeatedly filing unwarranted motions").

## II. PLAINTIFF AND HIS COUNSEL SHOULD BE SANCTIONED PURSUANT TO THE COURT'S INHERENT POWERS

Section 1927 is not the only basis upon which this Court may supervise the conduct of the parties and professionals that appear before it.  As the Supreme Court has noted, courts are "vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal quotations omitted).  This inherent power complements, rather than displaces, a

court's ability to impose sanctions under § 1927.  As the Supreme Court further explained, there is "no basis for holding that the sanctioning scheme of the statute and the rules displaces the inherent power to impose sanctions for . . . bad-faith conduct." *Id.* at 46.

Under its inherent power, the Court may assess attorney's fees when a party or lawyer has "acted in bad faith, vexatiously, wantonly or for oppressive reasons."  *Id.*, at 45-46 (citations omitted).  This is especially the case when a party attempts through tactics of delay, oppression, harassment and massive expense to reduce opposing party to exhausted compliance.  *Id.* at 41. As discussed above, despite knowing that the Letter Request was procedurally improper, and the Letter Request and Motion lacked all factual and legal basis, Plaintiff and Liebowitz filed the Letter Request, Motion, the Declarations, the Motion Reply Brief, the Craig Reply Declaration, and requested a hearing on the Motion, thereby protracting the litigation and forcing Defendants to incur substantial fees and expenses in opposing it.  Plaintiff and his counsel filed the entirely meritless Letter Request and Motion in bad faith, for the sole purpose of harassment and delay, and should be sanctioned pursuant to the Court's inherent powers.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant the following sanctions against Plaintiff Glen Craig and his counsel Richard Liebowitz and the Liebowitz Law Firm, PLLC, pursuant to 28 U.S.C. § 1927 and the Court's inherent powers: an award of the reasonable attorneys' fees and expenses (including Mr. Sedlik's fees and costs) that Defendants had to incur in connection with responding to the Letter Request and in opposing Plaintiff's Motion, including preparing for and attending the evidentiary hearing.[2]

Dated:   New York, New York            LOEB & LOEB LLP
         June 13, 2018


                                 By: */s/ Barry I. Slotnick*
                                     Barry I. Slotnick
                                     C. Linna Chen
                                     345 Park Avenue
                                     New York, NY  10154
                                     Telephone: 212.407.4000

                                     *Attorneys for Defendants*
                                     *UMG Recordings, Inc., Kingsid Ventures, Ltd.,*
                                     *and Estate Of Riley B. King*

16381415.1

---

[2] Should the Court grant this motion, Defendants will submit a declaration with detailed contemporaneous time and disbursement records to substantiate the amount of fees and costs that were incurred in connection with these activities.