**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-- - - - - - - - - - - - - - - -- - - - - - - - - - - - - - - - - - - - - -x
                                                    :
GLEN CRAIG                                           :
                                                    :
                        *Plaintiff*,                : 16-cv-05439 (JPO)
                                                    :
                                                    :
        vs.                                          :
                                                    :
                                                    :
UNIVERSAL MUSIC GROUP, INC.,                         :
KINGSID VENTURES, LTD., and ESTATE OF               :
RILEY B. KING,                                       :
                                                    :
                        *Defendants*.               :
-- - - - - - - - - - - - - - - -- - - - - - - - - - - - - - - - - - - - -x


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANTS'**
<u>**MOTION FOR SANCTIONS AGAINST PLAINTIFF AND HIS COUNSEL**</u>

Liebowitz Law Firm PLLC
Richard P. Liebowitz
Yekaterina Tsyvkin
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel.: (516) 233-1660
rl@liebowitzlawfirm.com

*Attorneys for Plaintiff Glen Craig*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ……………………………………………………………..ii

INTRODUCTION ……………………………………………………………………..1

BACKGROUND …………………………………………………………………....2

ARGUMENT 4

I.      DEFENDANTS FAIL TO SHOW THAT SANCTIONS ARE WARRANTED ………..5

II.     DEFENDANTS CANNOT SHOW THAT CRAIG'S CLAIMS WERE ENTIRELY

        WITHOUT COLOR ……………………………………………………………..7

   A. Pre-motion Conference Letter Was Not Without Color and Written in Good Faith……..8

   B. The Motion Was Not Without Color and Written in Good Faith………………………..9

III.    DEFENDANTS CANNOT SHOW THAT CRAIG'S CLAIMS WERE TAKEN FOR

        IMPROPER PURPOSES………………………………………………………...12

   A. Pre-motion Conference Letter Was Not Written for Harassment or Delay ……………..12

   B. The Motion Was Not Made for Harassment or Delay …………………………………..12

IV.     DEFENDANTS CANNOT JUSTIFY THE USE OF COURT'S INHERENT POWER.12

CONCLUSION …………………………………………………………………………13

## <u>TABLE OF AUTHORITIES</u>

**CASES**                                                **PAGE(S)**

*In re 60 E. 80th St. Equities, Inc.,*

    218 F.3d 109 (2d Cir.2000) …………………………………………………………10

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,

    579 F.3d 143 (2d Cir. 2009) ………………………………………………………9

*Chambers v. NASCO, Inc.*,

    501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) ………………………4, 13

*Eisemann v. Greene,*

    204 F.3d 393 (2d Cir.2000) ……………………………………………………4

*Essepian v. Chrysler Credit Corp.,*

    No. 96-CV-613, 1997 WL 727526 (N.D.N.Y. Sept. 25, 1997) …………………..7

*Flaherty v. Filardi*,

    No. 03CIV2167(LTS)(HBP), 2008 WL 4200577 (S.D.N.Y. Sept. 12, 2008), *aff'd,* No. 03CIV.2167(LTSHBP), 2009 WL 749570 (S.D.N.Y. Mar. 20, 2009), *aff'd,* 460 F. App'x 66 (2d Cir. 2012) ……………………………………………………………………4, 7

*Fried v. Fried*,

    113 F.R.D. 103 (S.D.N.Y. 1986) …………10

*KGK Jewelry LLC v. ESDNetwork*,

    No. 11-CV-9236 LTS RLE, 2015 WL 1048385 (S.D.N.Y. Mar. 10, 2015) ………….6

*Kerin v. U.S. Postal Service,*

    218 F.3d 185 (2d Cir.2000) ……………………………………………………4

*Lin v. City of New York*,

    No. 14 CIV. 9994 (PAE), 2016 WL 6962536 (S.D.N.Y. Nov. 28, 2016) …………..6

*Mathias v. Jacobs,*

    167 F.Supp.2d 606 (S.D.N.Y.2001) …………………………………………..6

*Milltex Indus. Corp. v. Jacquard Lace Co.,*

    55 F.3d 34 (2d Cir.1995) …………………………………………………..4

*NASCO, Inc. v. Calcasieu Tel. & Radio, Inc.,*

    124 F.R.D. 120 (1989) ……………………………………………………13

*Nemeroff v. Abelson,*

    620 F.2d 339, 348 (2d Cir.1980) (*per curiam* )   …………………………………..7

*Oliveri v. Thompson,*

    803 F.2d 1265 (2d Cir.1986) ……………………………………………………… 5

*Revson v. Cinque & Cinque, P.C.,*

    221 F.3d 71 (2d Cir. 2000)   …………………………………………………2, 4-7

*Sherman, LLC v. DCI Telecommunications, Inc.,*

    No. 03 CIV. 855 (LBS), 2003 WL 21692763, (S.D.N.Y. July 21, 2003)   ……..5, 13

*Torah Soft Ltd. v. Drosnin,*

    224 F. Supp. 2d 704 (S.D.N.Y. 2002)                        ………6

*United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO,*

    948 F.2d 1338 (2d Cir. 1991)          ……………………………………………..4, 6

*Wechsler v. Hunt Health Sys., Ltd.,*

    216 F. Supp. 2d 347 (S.D.N.Y. 2002)          ……………………………………11

*Wolters Kluwer Fin. Servs., Inc. v. Scivantage,*

    564 F.3d 110 (2d Cir. 2009)          …………………………………………..5

**STATUTES**

28 U.S.C. § 1927          ……………………………………………………..passim

**RULES**

Local Rule 37.2          ………………………………………………………….8

Fed. R. Civ. P. 11          ……………………………………………………..8-12

## **INTRODUCTION**

The standard to impose sanctions under 28 U.S.C. § 1927 and the Court's inherent powers is as difficult to satisfy as the burden to disqualify an expert witness.   Defendants retained an expert that they knew or should have known had extensive contact with Craig and his counsel. Defendants assumed the risk of a motion to disqualify by hiring this problematic figure. The Defendants, having defeated Craig's motion to disqualify Mr. Sedlik, now ask the Court to impose sanctions in a misguided attempt to intimidate Craig and extract a lower settlement amount.   At the conclusion of the evidentiary hearing, the Court denied the Craig's motion to disqualify, finding that it was unreasonable for Craig to have expectations of confidentiality based on his interactions with Mr. Sedlik.   The Court also did not find sufficient evidence that confidential information was revealed by Craig to Mr. Sedlik.   At several points in the hearing, the Court opined that the bar for disqualification is set fairly high.  Given his inability to recollect and express confidences with the requisite specificity, Craig failed to meet his burden to disqualify Mr. Sedlik.

The standard for sanctions is similarly high.  Nothing in the Court's findings regarding Craig's conduct or submissions to the Court, however, reveals an indicium of bad faith.  The burden on the Defendants is to show unequivocally that the motion was entirely without color and that it was made for an improper purpose.  The Court's reflection on Craig's motion to disqualify applies equally well to Defendant's motion for sanctions: "[t]hat's just a question of …something that was annoying to you, but I don't think that that's the standard… It's not the fact that you're annoyed with someone's litigation tactics." Dkt. 73-1 Declaration of Barry I. Slotnick, Ex. A. "Hrg. Trs.", 43:20-43:25.   In sum, Defendants seem annoyed that they had to oppose a motion to disqualify a problematic expert witness.   As the Court aptly noted, that is not

1

the standard.   Defendants cannot meet their burden to impose sanctions because Craig's motion

had at least some color and was made in good faith.

## BACKGROUND

On October 13, 2017, over two months after Craig submitted his expert witness

disclosures, and after two extensions granted by the Court, Defendants finally submitted their

expert witness report[1].  Upon receiving the expert disclosure report from Defendants, Craig was

incensed to find Mr. Sedlik as the Defendants' expert witness.  As soon as October 24, 2017

Craig requested a meet and confer regarding Mr. Sedlik's retention. Craig believed that he

developed a confidential relationship with Mr. Sedlik and that in a series of oral and written

communications, Craig had revealed confidential information to Mr. Sedlik.

Without rehashing the merits of the motion to disqualify, it suffices to say that the Court

disagreed.   Even though the Court found that Craig's expectation of confidentiality

unreasonable, it acknowledged that "he may well have and people do" have expectations of

confidentiality where it is unreasonable to do so.   Hrg. Trs. 46:20-46:21.  That is to say, the

Court found the objective standard was not met, even if subjectively Craig believed his

confidences were betrayed.  If the disqualification of an expert witness hinges on the objective

standard, the imposition of sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent

powers relies on the subjective standard of bad faith.  Moreover, as argued below, a highly

specific, particularized showing of "[b]ad faith is the touchstone of an award under this

statute." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 79 (2d Cir. 2000).

---

[1] Interestingly, Mr. Sedlik's expert witness report omits any mention of his conversations and correspondences with Craig and his counsel.  Defendants, however, either knew or should have known about the extensive communications.   In disregarding these contacts, Defendants assumed the risk of litigation surrounding the issue.

Craig attempted to resolve the issue of Mr. Sedlik's retention in a meet and confer in order to avoid motion practice.   Contrary to Defendants' implication that the meet and confer was merely a formality, Craig genuinely believed that Mr. Sedlik should not be retained by the opposing side and that anything short of his substitution would do.   Since the matter was not resolved, Craig opted to file a pre-motion letter, believing that a discovery dispute had arisen as a result of expert witness disclosures.   Though procedurally incorrect, Craig was not improperly motivated.

At the heart of the motion to disqualify Mr. Sedlik was the unrepresented Craig in a series of communications with an expert witness now retained by his adversaries.   The fact that Mr. Sedlik may have mentioned that he licensed some photographs to one of the Defendants, does not make the motion utterly baseless and frivolous.  Again, without relitigating the issue, the absence of a signed document between Craig and Mr. Sedlik does not vitiate the possibility of either a confidential relationship nor revelation of confidential information.  All other *ad hominen* aspersions and castigations found in Defendants' opening brief either have no bearing on this case[2] or attack a layperson's ability to adequately recall and articulate specific information while testifying in open court almost two years after the fact.  If Craig's failure to recall and articulate with the required specificity sufficiently confidential information he might have revealed to Mr. Sedlik in September of 2016 connotes an utterly baseless motion made with clearly improper purpose, then the "American Rule" is a mere fiction.   The *reductio ad absurdum* of the Defendants' position is that any loss of a motion for disqualification would

---

[2] For example, Defendants misrepresent that "several judges" have applied a derogatory label to Craig's counsel and imposed sanctions, but as their own citations reveal only one judge in this District has referred to counsel in that negative light.   Regardless, none of the cases Defendants cite have any bearing on the case at bar.

warrant sanctions.   The Court cannot adopt such an oppressive view of § 1927 or exercise its

own inherent powers so haphazardly. Defendants' motion must be denied.

## ARGUMENT

The Defendants misguidedly ask the Court to impose sanctions against Craig's counsel

pursuant to § 1927 as well as the Court's inherent powers.  The Supreme Court admonishes

lower courts to use these highly potent powers sparingly.  The highest court urges a cautious

approach coupled "with restraint and discretion."  *United States v.I Int'l Bhd. of Teamsters,*

*Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991)

(*quoting Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)).

*See Flaherty v. Filardi*, No. 03CIV2167(LTS)(HBP), 2008 WL 4200577, at *4 (S.D.N.Y. Sept.

12, 2008), *aff'd,* No. 03CIV.2167(LTSHBP), 2009 WL 749570 (S.D.N.Y. Mar. 20,

2009), *aff'd,* 460 F. App'x 66 (2d Cir. 2012).

Heeding Supreme Court's warning, the Second Circuit requires " 'clear evidence that the

challenged actions are entirely without color, and [are taken] for reasons of harassment or delay

or for other improper purposes" before a fee award under the bad-faith exception may be

imposed. *Revson,* 221 F.3d at 78 (citing *Oliveri v. Thompson,* 803 F.2d 1265, 1272 (2d

Cir.1986)); *see also Eisemann v. Greene,* 204 F.3d 393, 396 (2d Cir.2000) (stating that the

Second Circuit has interpreted the bad faith standard "restrictively"); *Milltex Indus. Corp. v.*

*Jacquard Lace Co.,* 55 F.3d 34, 41 (2d Cir.1995) ("[W]e will uphold sanctions under the 'bad-

faith exception to the American Rule' only when serious misconduct clearly appears on the

record."). There must be "a high degree of specificity in the factual findings of [the] lower

courts" *Revson,* 221 F.3d at 78; *Kerin v. U.S. Postal Service,* 218 F.3d 185, 192 (2d Cir.2000)

("General characterizations of the nature of the losing party's behavior, unaccompanied by

specific references to bad faith conduct, are not enough.*); Sherman, LLC v. DCI Telecommunications, Inc.*, No. 03 CIV. 855 (LBS), 2003 WL 21692763, at *3 (S.D.N.Y. July 21, 2003).

Defendants primarily rely upon *Oliveri v. Thompson*, and its progeny which emphasizes the high threshold of improper conduct that must be present in order to justify an award of attorneys' fees pursuant to § 1927. 803 F.2d at 1272. The Second Circuit notes that it has "declined to uphold awards under the bad-faith exception absent both 'clear evidence' that the challenged actions are entirely without color, and [are taken] for reasons of harassment or delay or for other improper purposes' " and "a high degree of specificity in the factual findings of [the] lower courts." *Id.* at 1272. *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114–15 (2d Cir. 2009) ("absent other specific evidence of Dorsey's bad faith, a sanction under the court's inherent power is unjustified").

No such high degree of specificity is possible in the present case. Defendants have failed to show that Plaintiff's motion was utterly without color or motivated by an improper purpose, such as delay or harassment.

I.    DEFENDANTS FAIL TO SHOW THAT SANCTIONS ARE WARRANTED

The facts of this case do not satisfy the § 1927 standard set forth in *Revson*. There, the district court identified eleven different instances of sanctionable behavior by the attorney, including: (1) threatening to "tarnish" the reputation of opposing counsel and subject him to the "legal equivalent of a proctology exam"; (2) publicly accusing the opposing attorney of fraud; (3) threatening to interfere with other clients of the opposing attorney; (4) threatening to sue opposing counsel individually and seek discovery of his personal finances; and (5) threatening to

send the court a letter accusing opposing counsel of criminal conduct. *Revson,* 221 F.3d at 77–78.  The Second Circuit found that sanctions under § 1927 were still not warranted. *Id.* at 82.

As one court later observed: "[T]he lawyer's extreme language and tactics there sank as close to the threshold of the gutter as imaginable and still escape judicial sanctions. How much lower such conduct could have descended before becoming punishable is difficult to fathom. Suffice it to say that *Revson* sets the low water mark defining the ethical and professional behavior on the part an attorney that passes muster immune from discipline." *Mathias v. Jacobs,* 167 F.Supp.2d 606, 624 (S.D.N.Y.2001).   It is clear that whatever may or may not have transpired in the present case, pales in comparison to the facts in *Revson* and while the comparison is heartening and flattering, it is inapposite.  *See Torah Soft Ltd. v. Drosnin,* 224 F. Supp. 2d 704, 722 (S.D.N.Y. 2002) ("The conduct of attorneys here, even if it could be faulted in any respect, would still be far from the threshold that *Revson* establishes for imposing sanctions.").  Again nothing in the present case approximates the conduct in *Revson* making sanctions inappropriate.

To be sure, the imposition of sanctions under both § 1927 and the court's inherent powers requires a finding that (1) "the offending party's claims were entirely meritless," and (2) were taken for improper purposes, such as for harassment or delay.  *KGK Jewelry LLC v. ESDNetwork*, No. 11-CV-9236 LTS RLE, 2015 WL 1048385, at *3 (S.D.N.Y. Mar. 10, 2015).

Moreover, a particularized showing of bad faith is always required to justify the use of a court's inherent power. *Teamsters,* 948 F.2d at 1345; *see Lin v. City of New York*, No. 14 CIV. 9994 (PAE), 2016 WL 6962536, at *5 (S.D.N.Y. Nov. 28, 2016).

Whatever the Defendants' complaints about procedural propriety, it does not deprive the motion of some color nor does it imbue Craig's purpose with impropriety.  In fact, there is no

evidence of Craig's intention to harass or delay.  Craig and his attorney has always been flexible, diligent and eager to address the potential conflict of Mr. Sedlik's retention in good faith.

## II.     DEFENDANTS CANNOT SHOW THAT CRAIG'S CLAIMS WERE ENTIRELY WITHOUT COLOR.

A claim has color "when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim." *Revson,* 221 F.3d at 79, *quoting Nemeroff v. Abelson,* 620 F.2d 339, 348 (2d Cir.1980) (*per curiam* ); *Flaherty v. Filardi*, 2008 WL 4200577, at *4–5.

The standard for an entirely colorless claim is the complete absence of any legal or factual support, given the reasonable beliefs of the movant.   The standard is not, as the Defendants would have it, the eventual determination by the Court that the claim is meritless.   If the Defendants were right, any adverse determination by the Court would warrant the imposition of sanctions.   That cannot be a sensible standard.

Defendants rely on a single, previously uncited case outside of this District for the proposition that meritless claims warrant sanctions.  *Essepian v. Chrysler Credit Corp.,* No. 96-CV-613, 1997 WL 727526, at *8 (N.D.N.Y. Sept. 25, 1997).   That case is clearly distinguishable in that the *Essepian* court found the allegations to disqualify opposing counsel as "totally baseless" and central to the court's finding was counsel's misrepresentation that he was directly present at an event critical for the substance of that disqualification motion. No such findings of fraud upon the Court have been made here.   The litigation misconduct described in *Essepian* is not comparable to the case at bar.   Here, Craig has repeatedly made attempts to verify the grounds of the motion to disqualify.  The motion was based on a layperson's recollections and subsequent ability to articulate those recollections.  The Court, finding that

testimony lacking, denied the motion but did not make similar findings of bad faith as the court did in *Essepian*.

Contrary to Defendants' characterizations, Craig conducted a meet and confer with the Defendants in order to resolve the matter in good faith. Though outraged about the impropriety of Mr. Sedlik's retention by the Defendants, Craig's goal has always been to resolve the apparent conflict. Defendants complain that Craig's counsel would not divulge the confidential information disclosed. This is at the very least disingenuous. If Craig truly believed that confidences were betrayed, it would not be appropriate to reveal any such confidences in a meet and confer with the very attorneys Craig believed were responsible for the breach of confidentiality. Defendants cannot show with any specificity, much less the required high degree of it, that the motion for disqualification was made in bad faith.

A. Pre-motion Conference Letter Was Not Without Color and Written in Good Faith.

Following the meet and confer, believing that the disputed arising from expert witness disclosures constituted a discovery dispute, Craig filed an abridged letter motion pursuant to the Court's Individual Rule 4(B) and Local Rule 37.2. Dkt. 50. The letter was brief and to the point. It outlined the prevailing legal standard for disqualifying an expert witness and introduced facts that Craig believe applied in this case. The letter posited that a) a confidential relationship existed between Craig and Mr. Sedlik and b) Craig divulged certain confidential information in the course of that relationship. If anything, the letter motion belied Craig's intentions to keep litigation costs down and to resolve the dispute with a brief letter exchange and a conference.

In Defendants' response, they laid out procedural and substantive objections to Craig's pre-motion letter and, for the first time, threatened Fed. R. Civ. P. 11 sanctions[3]. Dkt. 51.

---

[3] Rule 11 Sanctions are an important tool to deter the filing of frivolous pleadings, motions or other papers without a reasonable inquiry and for improper purposes, such as to harass, cause unnecessary delay, or needlessly increase the

Defendants never served a Rule 11 motion upon the Plaintiffs as required, but merely floated the notion of the Court's ordering Plaintiff to show cause regarding the filing of the letter. Defendants' non-compliance with the procedural and substantive requirements of Rule 11 speaks volumes.   The Court did not order Craig to show cause for why Rule 11 sanctions should not be imposed.

The Court duly considered the letters exchanged which contained substantive arguments from Craig and the Defendants.  In its ruling, it didn't find that the Craig's claim is entirely without color, legally or factually.   Rather, the Court ordered Craig to file a fully briefed motion to disqualify Mr. Sedlik.  Dkt.  52.   Craig duly complied with the Court's order.

B.  The Motion Was Not Without Color and Written in Good Faith.

On December 1, 2017, upon motion and supporting materials, Craig made his case for disqualification of Mr. Sedlik.   The motion was not entirely without color since the Court, having read the fully briefed motion papers, ordered an evidentiary hearing on Craig's motion. Again, Defendants did not raise the specter of Rule 11 sanctions in response to the motion.  No Rule 11 sanctions motion was ever served on Craig.

As a result of the evidentiary hearing, the Court determined that the motion to disqualify should be denied.   The Court did not find that the motion was entirely without color nor written in bad faith.  The Court simply found that there was not enough evidence to disqualify the expert.  The Court's determination largely depended on the Craig's testimony at the hearing.

---

cost of litigation. Fed. R. Civ. P. 11(b).  Where a sanction is initiated by a party's motion, this provision requires initial service of the motion but delays filing of the motion to the court for 21 days.  Filing of the motion is permitted 21 days after service only if the challenged submission is not "withdrawn or appropriately corrected." Fed.R.Civ.P. 11(c)(1)(A), 11(c) (2).  Thus the "safe-harbor" allows the attorney to withdraw or amend the problematic document. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 150 (2d Cir. 2009).

Crucially, the motion to disqualify largely depended on Craig's recollection of confidences that he revealed to Mr. Sedlik throughout their interactions.   Since Craig was not represented by counsel during at least some of the conferences with Mr. Sedlik, the entire case for disqualification relied on Craig's ability to recall and articulate specific confidences.  As his evidentiary hearing testimony shows, he was not able to relate the specifics of confidential information to the Court's satisfaction.   The Court did not find sufficient ground to grant the disqualification motion.   Hrg. Trs. 45:15-45:18.

Ultimately, the Court found that it was not reasonable to expect a confidential relationship had formed and denied the motion based on that finding.   Hrg. Trs. 46:19-46:25.  Given the high burden for disqualification of an expert, that finding is not tantamount to completely colorless claim.

Defendants briefly cite *In re 60 E. 80th St. Equities, Inc.,* for the the proposition that completely meritless conduct was tantamount to bad faith.  218 F.3d 109, 119– 20 (2d Cir.2000) (imposing sanctions because appeal was taken in bad faith and appellant had repeatedly raised frivolous arguments in other federal courts).  In that case, however the court imposed sanctions for "maintain[ing] this appeal in bad faith for the purpose of multiplying the proceedings in the case unreasonably and vexatiously," and for making "spurious allegations of criminality in his brief against the Bankruptcy Judge and the Trustee." *Id.* at 113.

Here, there is no analogous misconduct that rises to the level of bad faith.   A motion that is found by the Court to be meritless is simply insufficient to warrant sanctions.

Interestingly, Defendants rely on two cases in this District where the courts piggy-back sanctions on Rule 11 violations.   In *Fried v. Fried*, 113 F.R.D. 103, 106 (S.D.N.Y. 1986), the court expressed complete frustration with a party's "a totally meritless action and repeatedly

10

filing unwarranted motions despite our warning that sanctions would be imposed."  In that case, a long history of "largely incomprehensible" and to the extent they are understandable "frivolous" motions were filed by a plaintiff barred by *res judicata*. *Id*. at 105-106.  Following repeated attempts to relitigate claims already resolved, the court in *Fried* imposed sanctions pursuant to Rule 11, and in the alternative §1927 and Court's inherent powers.  *Id*. at 107-108.

Here, the Court did not and cannot make findings of such frivolity and disregard for the rule of law.  Again, the Defendant never served Craig with Rule 11 sanction motions nor did the Court find it necessary to order Craig to show cause as to why Rule 11 sanctions should be imposed.  Viewed more accurately *Fried* presents the bar for the kind of misconduct that warrants sanctions and is not applicable to this case.

In the only other Southern District case Defendants cite, *Wechsler v. Hunt Health Sys., Ltd.*, 216 F. Supp. 2d 347, 358 (S.D.N.Y. 2002) the Court also pegged sanctions to Rule 11 findings.  "[B]ecause defendant has sought to needlessly delay this action, and because the Court finds the motion was objectively unreasonable and brought in bad faith" the court in Wechsler levied sanctions.  In that case, first defendants sought to amend their answer without leave of Court.  Then they sought an improper amendment *nunc pro tunc* on the issue of public policy, without addressing the non-waiver of such a defense. Instead of bringing a motion for reconsideration, on the eve of pre-trial conference defendants filed a procedurally unsound motion for summary judgment. *Id*. at 357.   *Wechsler* had little patience "for what has become a case of Byzantine complexity".  *Id.*

In this case no such pervasive abuse of the legal system has been noted.  If anything *Wechsler* along with *Fried* describe the kind of protracted, baffling, often abusive cases that warrant sanctions.  The present case does not rise to the occasion.   It is not a coincidence that

Defendants never served Craig with a Rule 11 motion in regards to the pre-motion letter or the subsequent motion.   The motion did not merely have color, but was made in good faith.

III.    DEFENDANTS CANNOT SHOW THAT CRAIG'S CLAIMS WERE TAKEN FOR IMPROPER PURPOSES.

A.  Pre-motion Conference Letter Was Not Written for Harassment or Delay

Though technically procedurally improper, the pre-motion letter was intended to limit the costs of the litigation and to conserve judicial resources.  Craig did conduct a meet and confer with Defendants in an attempt to resolve the issue.  Once the meet and confer did not resolve the issue, Craig filed a brief letter to the Court requesting a hearing.   Craig believed that an exchange of letter motions and a hearing would suffice.  Defendants cannot make a highly specific showing that the letter was made for an improper purpose.

B.  The Motion Was Not Made for Harassment or Delay

Similarly, Defendants cannot show that deep concerns borne out of telephone conferences where Craig was unrepresented by counsel, were motivated by harassment or delay. As the Court noted, Craig's testimony was rife with outrage about the perceived turncoat expert. Even though the Court did not disqualify the expert, Craig's testimony lent credence to his good-faith belief that something improper had transpired in the hiring of Mr. Sedlik by UMG.   The motion to disqualify was made in good faith and based on Craig's recollections at the time of the filing of the motion.  Defendants cannot make a particularized showing of an improper purpose.

IV. DEFENDANTS CANNOT JUSTIFY THE USE OF COURT'S INHERENT POWER.

Having failed to prove the necessity of § 1927 sanctions, Defendants attempt to persuade the Court to use its inherent power.   Again, the Defendants falls short of making a particularized

showing of bad faith.   The present case is a far cry from *Chambers,* the principal case upon which Defendants rely.  *Chambers,* 501 U.S. at 43. In *Chambers,* the defendant withheld information from the district court; filed a series of meritless motions, pleadings, and delaying actions; sought to nullify the underlying purchase agreement by pursuing action before the Federal Communications Commission; convinced his attorneys to file objections in contravention of court injunctions and a judgment; and forced the court to enjoin his removal of necessary equipment from the property at issue. *Id.* at 36-39.  Even the lower court described these actions as " 'acts which degrade the judicial system,' including 'attempts to deprive the Court of jurisdiction, fraud, misleading and lying to the Court." ' *Id.* at 41-42 (quoting *NASCO, Inc. v. Calcasieu Tel. & Radio, Inc.,* 124 F.R.D. 120, 139 (1989)).

Nothing in the present case rises to the level of misconduct alleged in *Chambers*.   The exercise of the Court's inherent powers should be reserved for specific findings of bad faith.  *See Sherman, LLC v. DCI Telecommunications, Inc.,* 2003 WL 21692763, at *5.  The Court should not wield its inherent power to sanction Craig or his counsel on the record before it.

## <u>CONCLUSION</u>

For these reasons, Craig respectfully requests that the Court deny the Defendants' motion to for sanctions pursuant to § 1927 and Court's inherent power.


Dated: July 13, 2018                              Liebowitz Law Firm PLLC
          Valley Stream, NY                      By: /s/ Yekaterina Tsyvkin
                                                 Richard P. Liebowitz
                                                 Yekaterina Tsyvkin
                                                 11 Sunrise Plaza, Suite 305
                                                 Valley Stream, NY 11580
                                                 Tel.: (516) 233-1660
                                                 rl@liebowitzlawfirm.com

                                                 *Attorneys for Plaintiff Glen Craig*

13