UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GLEN CRAIG,

              Plaintiff,

          -against-

UMG RECORDINGS, INC., KINGSID
VENTURES, LTD., and ESTATE OF RILEY
B. KING,

             Defendants.
-----------------------------------------------------------X

No. 16 Civ. 5439 (JPO)

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THEIR MOTION FOR SANCTIONS AGAINST PLAINTIFF AND HIS COUNSEL**

LOEB & LOEB LLP
Barry I. Slotnick
C. Linna Chen
345 Park Avenue
New York, NY 10154
Telephone: 212.407.4000

*Attorneys for Defendants
UMG Recordings, Inc., Kingsid Ventures,
Ltd., and Estate Of Riley B. King*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

ADDITIONAL FACTUAL BACKGROUND ..........................................................................2

    I.    PLAINTIFF SPECIFICALLY RECALLED THAT NO CONFIDENTIAL INFORMATION WAS DISCLOSED BY HIM TO MR. SEDLIK ..................................................................................2

    II.    PLAINTIFF'S COUNSEL IMPROPERLY ABDICATED HIS PROFESSIONAL RESPONSIBILITIES ...............................................3

    III.    PLAINTIFF'S COUNSEL KNEW THAT THE LETTER REQUEST WAS, AT BEST, FACTUALLY BASELESS AND MADE FALSE REPRESENTATIONS TO THE COURT ..............................................4

    IV.    THE MOTION WAS FACTUALLY AND LEGALLY BASELESS ....................5

ARGUMENT ..............................................................................................................................7

    I.    PLAINTIFF'S COUNSEL CONCEDES HIS CONDUCT IS SANCTIONABLE ...............................................................................7

    II.    PLAINTIFF'S COUNSEL MADE NUMEROUS MISREPRESENTATIONS TO THE COURT, IN BAD FAITH, AND IN VIOLATION OF HIS PROFESSIONAL RESPONSIBILITIES ......................7

CONCLUSION .........................................................................................................................10

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*In re 60 E. 80th St. Equities, Inc.*,
  218 F.3d 109 (2d Cir. 2000)..................................................................................................9

*Enmon v. Prospect Capital Corp.*,
  675 F.3d 138 (2d Cir. 2012)..................................................................................................9

*First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*,
  218 F. Supp. 2d 369 (S.D.N.Y. 2002), *aff'd*, 385 F.3d 159 (2d Cir. 2004) ..............................7

*Fried v. Fried*,
  113 F.R.D. 103 (S.D.N.Y. 1986) ...........................................................................................9

*Gollomp v. Spitzer*,
  2007 WL 433361 (N.D.N.Y. Feb. 5, 2007), *aff'd*, 568 F.3d 355 (2d Cir. 2009).....................10

*Gortat v. Capala Bros., Inc.*,
  2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010) ..........................................................................7

*Lin v. City of New York*,
  2016 WL 6962536 (S.D.N.Y. Nov. 28, 2016)........................................................................8

*Mathias v. Jacob*,
  167 F. Supp. 2d 606 (S.D.N.Y. 2001)....................................................................................8

*Nemeroff v. Abelson*,
  620 F.2d 339 (2d Cir. 1980)...................................................................................................8

*Oliveri v. Thompson*,
  803 F.2d 1265 (2d Cir. 1986).................................................................................................8

*Revson v. Cinque & Cinque*,
  221 F.3d 71 (2d Cir. 2000).....................................................................................................8

*SEC v. Smith*,
  710 F.3d 87 (2d Cir. 2013).....................................................................................................9

*Shangold v. Walt Disney Co.*,
  275 F. App'x 72 (2d Cir. 2008) ........................................................................................ 9-10

*Torah Soft Ltd. v. Drosnin*,
  224 F. Supp. 2d 704 (S.D.N.Y. 2002)....................................................................................8

*U.S. v. Int'l Bhd. Of Teamsters*,
  948 F.2d 1338 (2d Cir. 1991) ............................................................................................. 8-9

*In re UBS Ag Sec. Litig*,
  2012 WL 4471265 (S.D.N.Y. Sept. 28, 2012), *aff'd, sub nom. City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173 (2d Cir. 2014) ......................... 7

*Wechsler v. Hunt Health Sys. Ltd.*,
  216 F. Supp. 2d 347 (S.D.N.Y. 2002) ..................................................................................... 9

**Other Authorities**

NY Rules of Professional Conduct Rule 3.1 ................................................................................ 3

NY Rules of Professional Conduct Rule 3.1(b) ........................................................................... 4

NY Rules of Professional Conduct Rule 8.4(c) ........................................................................... 5

Defendants UMG Recordings, Inc. ("UMG"), Kingsid Ventures, Ltd. ("Kingsid"), and Estate of Riley B. King (the "Estate", and together with UMG and Kingsid, the "Defendants"), respectfully submit this Reply Memorandum of Law in further support of their motion for sanctions pursuant to 28 U.S.C. § 1927, and this Court's inherent authority, against Plaintiff Glen Craig ("Plaintiff") and his counsel, Richard Liebowitz and Liebowitz Law Firm PLLC ("Plaintiff's Counsel" or "Counsel").

## PRELIMINARY STATEMENT

In opposition to a motion primarily seeking sanctions against Plaintiff's lawyers, there is a shocking yet somehow unsurprising avoidance of any responsibility or accountability by those lawyers for their baseless Motion[1] which cost Defendants tens of thousands of dollars to defend. Indeed, Counsel scapegoats its own client, falsely blaming Plaintiff and his faulty, subjective recollection of conversations with Jeffrey Sedlik, most of which included Mr. Liebowitz himself.

Plaintiff's Counsel has the temerity to repeatedly claim that Plaintiff was unrepresented. Of course, Plaintiff is represented by Counsel who clearly was the architect of the ill-conceived and sanctionable Motion. The fact that Counsel's house of cards came tumbling down is less the fault of the house's inhabitant, than it was of its builder, the Liebowitz Law Firm.

In brief, Counsel moved to disqualify an expert who, almost immediately, informed Plaintiff in writing that he could not be retained by Plaintiff, a writing Plaintiff passed along to Counsel. It was Counsel who, despite such information, wrote to the Court representing that a confidential relationship existed and that Plaintiff disclosed confidential information to Mr. Sedlik, thereby setting in motion exchanges of declarations and legal memoranda culminating in

---

[1] All capitalized terms not defined herein shall have the definitions set forth in Defendants' moving brief, Dkt. No. 72 ("Moving Brief" or "Moving Br.").

1

a proceeding which unreasonably and vexatiously multiplied the time and cost of this litigation for Defendants.

Even now, with the record clear and complete, Counsel blatantly misrepresents the proceedings, chalking up the Court's denial of his Motion to Plaintiff's faulty recollection. However, Plaintiff's recollection is as clear as the record; he had no information to divulge to Mr. Sedlik, confidential or otherwise, and rather, was seeking information from Mr. Sedlik. These revelations in open court by Plaintiff, while fatal to Plaintiff's motion, should have been well known to Counsel before he made his own material misrepresentations to this Court in his October 25, 2017 letter, his signed December 1, 2017 declaration, and his signed motion papers.

It is understandable that Counsel puts his client front and center to avoid any personal responsibility. But as a member of the bar, he cannot pass off that responsibility. Plaintiff is not co-counsel, and Counsel is not merely the monkey dancing to Plaintiff's off-key tune.

## ADDITIONAL FACTUAL BACKGROUND

### I. PLAINTIFF SPECIFICALLY RECALLED THAT NO CONFIDENTIAL INFORMATION WAS DISCLOSED BY HIM TO MR. SEDLIK

In his opposition (Dkt. No. 89 ("Opposition" or "Opp.")), Plaintiff's Counsel asserts that he had a good faith basis for filing the Letter Request and the Motion, and that the Motion was denied because Plaintiff was unable "to recollect and express confidences with the requisite specificity..." Opp., 1. The record proves otherwise and further demonstrates Plaintiff's Counsel's continued commitment to making factually baseless misrepresentations to the Court.

There was no memory lapse at the evidentiary hearing as to specific confidential information that Plaintiff purportedly disclosed to Mr. Sedlik. Instead, Plaintiff plainly, unambiguously, and wholly contradicted the entire factual basis of the Letter Request and Motion. As detailed in the Moving Brief, Plaintiff repeatedly and specifically recalled that he

2

did not disclose any confidential information to Mr. Sedlik: Plaintiff recalled telling Mr. Sedlik details regarding his own career, that he does not license photographs, that he has no experience in licensing or valuing photographs and that he discovered other unrelated alleged infringements of his photographs. Moving Br., 10.

Similarly, Plaintiff also specifically recalled that he did not disclose to Mr. Sedlik what he thought his photographs were worth, but was seeking that information <u>from</u> Mr. Sedlik. *Id.*, 10-11. Plaintiff specifically recollected that he elicited <u>Mr. Sedlik's opinion</u> of the photographs, including potential licensing fees, that Mr. Sedlik had allegedly disclosed to Plaintiff, his "opinion of [the] photographs" at issue, and that Mr. Sedlik allegedly gave his estimate of a license fee for each of the photographs based on Getty Images' standard rates for similar photographs. *Id.* at 10.

## II. PLAINTIFF'S COUNSEL IMPROPERLY ABDICATED HIS PROFESSIONAL RESPONSIBILITIES

Plaintiff's Counsel's attempt to avoid sanctions by pointing the finger at his client must be rejected. While Plaintiff may have had a "subjective[]" belief that his confidences were betrayed by Mr. Sedlik (Opp., 2), it is entirely the responsibility of Plaintiff's Counsel to evaluate whether Plaintiff's subjective belief has legal merit, *i.e.*, has a legal and factual basis. Specifically, Rule 3.1 of the New York Rules of Professional Conduct prohibits a lawyer from "assert[ing] an issue" in a proceeding "unless there is a basis in law and fact for doing so that is not frivolous."

The rule defines frivolous conduct as where:

(1) the lawyer knowingly advances a claim or defense that is unwarranted under existing law, except that the lawyer may advance such claim or defense if it can be supported by good faith argument for an extension, modification, or reversal of existing law;

3

  (2) the conduct has no reasonable purpose other than to delay or prolong the resolution of litigation, in violation of Rule 3.2, or serves merely to harass or maliciously injure another; or

  (3) the lawyer knowingly asserts material factual statements that are false.

Rule 3.1(b), NY Rules of Professional Conduct. As discussed in the Moving Brief and in more detail *infra*, any reasonable attorney would have concluded that there were no facts that could have supported Plaintiff's claims that he held a reasonable and objective expectation of confidentiality (especially after Mr. Sedlik identified his conflict), or, more important, that he actually disclosed confidential information to Mr. Sedlik. Plaintiff's Counsel abdicated his professional responsibilities, failed to objectively evaluate the merits of the Motion, and made material false statements to the Court.

### III. PLAINTIFF'S COUNSEL KNEW THAT THE LETTER REQUEST WAS, AT BEST, FACTUALLY BASELESS AND MADE FALSE REPRESENTATIONS TO THE COURT

  In his initial contact with the Court, Plaintiff's Counsel affirmatively stated without reservation that Plaintiff <u>and</u> Plaintiff's Counsel "actually disclosed confidential information to [Mr.] Sedlik, including details about Plaintiff's licensing history and litigation strategy," and that Mr. Sedlik's report "uses this confidential information against Plaintiff." Letter Request, 2. None of this is true, and Plaintiff's Counsel knew so at the time he wrote the Letter Request.

  First, Plaintiff's Counsel obviously knew that he did not disclose any such confidential information to Mr. Sedlik, and so had no basis to make such a statement regarding his "disclosures". Second, Counsel knew or should have known that Plaintiff did not disclose any confidential information to Mr. Sedlik. Third, Plaintiff and Counsel knew that Mr. Sedlik did not use any information from Plaintiff or Counsel in his expert report, which was provided to Plaintiff's Counsel before he filed the Letter Request. Mr. Sedlik's report only cites to documents filed and exchanged in this case, and assumptions provided by Defendants' counsel,

4

as the sole sources from which his opinion was derived.² *See* Dkt. No. 63, ¶ 53 (citing Dkt. No. 62-7 at 10-11, 21-23, 27-28, 35).  The Letter Request was factually baseless, Plaintiff's Counsel knew it was factually baseless, and despite (or perhaps because of) this, made intentional misrepresentations to the Court.³

## IV.    THE MOTION WAS FACTUALLY AND LEGALLY BASELESS

The Motion was similarly without any factual or legal basis.  As evidentiary support, Plaintiff's Counsel filed and relied on the Craig Moving Declaration (Dkt. No. 58) and the Liebowitz Declaration (Dkt. No. 57).  Neither Declaration contained any disclosures to support Plaintiff's contention that it was objectively reasonable to assume a confidential relationship existed, or that confidential information was actually disclosed to Mr. Sedlik.  Dkt. No. 56, 5-8.  Even so, Plaintiff's Counsel represented to the Court that Plaintiff had actual, relevant, and specific knowledge of the confidential information that he allegedly disclosed to Mr. Sedlik.  *See id.* at 3 (("Plaintiff disclosed copious amounts of information that went well beyond the public record") (the Declarations only contain the disclosures that "Plaintiff can recollect and identify as relevant disclosures at this point" and that "they do not include what Plaintiff has forgotten or what Plaintiff does not understand as relevant disclosures."), *Id.* at 6 ("Few can dispute that

---

² Because Plaintiff had no basis to move to disqualify Mr. Sedlik, Defendants also requested that the Court order Plaintiff and his counsel to show cause why the filing of the Letter Request did not violate Federal Rule of Civil Procedure 11(b). Dkt. No. 51, 5.  Contrary to Plaintiff's Counsel's assertions (Opp., at 8-9), Defendants' request did not require the service of a Rule 11 motion.  Defendants did not move for sanctions under Rule 11.  Dkt. No. 51, 5. Rather, Defendants requested that the Court, "pursuant to Fed. R. [Civ. P.] 11(c)(3), order Plaintiff and his counsel to show why the filing of the [Letter Request] has not violated" Rule 11.

³ Making misrepresentations to the Court also violates Rule 8.4 of the New York Rules of Professional Conduct, which prohibits attorneys and law firms from "engag[ing] in conduct involving dishonesty, fraud, deceit or misrepresentation."  Rule 8.4(c), NY Rules of Professional Conduct.

Plaintiff most likely divulged a great deal of confidential information to Mr. Sedlik"), *Id.* at 7-8 (arguing that Mr. Sedlik "received" confidential information from Plaintiff).

Again, there was no factual basis for any of these representations. According to Plaintiff and Counsel, they specifically discussed the facts underlying the Motion prior to its filing. Plaintiff admitted that Plaintiff's Counsel "asked [him] to remember everything [he] talked about with Mr. Sedlik," that Plaintiff "tried [his] best to recall the topics of those conversations" and that Plaintiff "forwarded all [of his] emails [with] Mr. Sedlik" to Plaintiff's Counsel. Dkt. No. 58, ¶¶ 21-22. Thus, Counsel would have seen Mr. Sedlik's email to Plaintiff, sent after their initial call, in which Mr. Sedlik declined to take on the matter due to his conflict. Dkt. No. 63-4, 2. Plaintiff's Counsel also confirmed that he "asked [Plaintiff] about his recollections of" his telephone conversations with Mr. Sedlik, including "specifically… what confidential information [Plaintiff] revealed to Mr. Sedlik in the telephone conferences that [Plaintiff's Counsel] was not a party to." Dkt. No. 57, ¶ 16.

Of course, Plaintiff's testimony at the evidentiary hearing confirmed that Plaintiff did not disclose any confidential information to Mr. Sedlik. Giving Plaintiff and Counsel the benefits of doubt, Plaintiff's clear as a bell recollection remarkably resurfaced on the witness stand. But in the Motion, Counsel chose to fill in the "gaps" of memory with self-serving, conclusory accounts of conversations which never occurred.

Confronted with Mr. Sedlik's detailed recollection of his conversations with Plaintiff and Counsel, Counsel admitted that the information Plaintiff "disclosed" to Mr. Sedlik was publicly available, but still did not withdraw the Motion. Dkt. No. 64 ("Motion Reply Br."), 1. Instead, Counsel unnecessarily multiplied the proceedings by arguing, without any legal basis, that even though Plaintiff disclosed publicly available information to Mr. Sedlik, it became confidential

6

because Plaintiff divulged the "legal strategies and theories of the case," including the "strength[s]" and "weakness[es]" of Plaintiff's case. Motion Reply Br., 1-2.

Of course, there was no factual support for this assertion or any mention that Mr. Sedlik advised Plaintiff on the initial call and Plaintiff and Counsel on subsequent calls of his conflict. The Craig Reply Declaration did not identify any information that he purportedly disclosed to Mr. Sedlik that was not either public or produced to Defendants through discovery. Moving Br., 9. Nevertheless, Plaintiff's Counsel represented to the Court that "[a] detailed account of confidential information revealed to Mr. Sedlik can only be revealed in an *ex-parte, in camera* hearing" and requested such a hearing in order to "fully represent [Plaintiff's] confidential revelations". Motion Reply Br., 2, 8-9. Though Counsel was given the opportunity to present such revelations *in camera*, he did not do so and Plaintiff repeatedly admitted in open Court that he never revealed any confidential information to Mr. Sedlik. Moving Br., 10-11.

## ARGUMENT

### I. PLAINTIFF'S COUNSEL CONCEDES HIS CONDUCT IS SANCTIONABLE

Plaintiff's Counsel does not address Defendants' motion for sanctions against him and his law firm under the Court's inherent powers and § 1927. As such, Plaintiff's Counsel concedes that his actions are sanctionable. *See In re UBS Ag Sec. Litig*, 2012 WL 4471265, at *11 (S.D.N.Y. Sept. 28, 2012) (considering an argument not addressed in an opposition brief waived), *aff'd, sub nom. City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173 (2d Cir. 2014); *Gortat v. Capala Bros., Inc.*, 2010 WL 1423018, at *11 (E.D.N.Y. Apr. 9, 2010) (same); *First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*, 218 F. Supp. 2d 369, 392-93 & n.116 (S.D.N.Y. 2002), *aff'd*, 385 F.3d 159 (2d Cir. 2004) (same).

### II. PLAINTIFF'S COUNSEL MADE NUMEROUS MISREPRESENTATIONS TO THE COURT, IN BAD FAITH, AND IN VIOLATION OF HIS PROFESSIONAL RESPONSIBILITIES

In an attempt to avoid sanctions, Counsel disingenuously asserts that the Court's rulings on the Letter Request and Motion constitute a finding that Plaintiff's claim are not entirely without color. Opp., 9, 11. However, the Court's rulings were not findings on the merits, but were based upon Counsel's representations and sworn statement that were ultimately shown to be patently false.

As detailed in the Moving Brief and *supra*, there was no "legal [or] factual support" for Plaintiff's Counsel to believe that any confidential information was disclosed by Plaintiff to Mr. Sedlik. *Nemeroff v. Abelson*, 620 F.2d 339, 348 (2d Cir. 1980). Indeed, the question is not whether Plaintiff had a <u>subjective</u> belief that his claims were colorable (Opp., 2), but rather "whether a reasonable attorney could have concluded that facts supporting the claim might be established…" *Nemeroff*, 620 F.2d at 348. No such facts existed here. Rather, there is clear and specific evidence that Plaintiff and his Counsel filed the Letter Request and Motion entirely without color. *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986). Counsel knew or should have known that the Letter Request and Motion were baseless, and filed them in bad faith either without factual support, or relying specifically on materially false statements. Moving Br., 4-12, *supra*, 2-7. Making such meritless and colorless claims is sanctionable under the Court's inherent powers and § 1927. *Revson v. Cinque & Cinque*, 221 F.3d 71, 78-79 (2d Cir. 2000).

For precisely this reason, all of the cases cited in the Opposition are distinguishable. In each case, the court either found that there was a legal or factual basis for counsel to pursue the claims, or found that the actions complained of were not a product of bad faith.[4]

---

[4] *See Mathias v. Jacob*, 167 F. Supp. 2d 606, 624 (S.D.N.Y. 2001) (vacating sanctions order where the court determined that counsel had a reasonable basis to depose two non-party witnesses); *Torah Soft Ltd. v. Drosnin*, 224 F. Supp. 2d 704, 721 (S.D.N.Y. 2002) (declining to impose sanctions where "the movants d[id] not contend that the counterclaims at issue were frivolous," where counsel did not have an obligation to withdraw the counterclaims prior to

Here, the Letter Request and Motion were both factually baseless and intentionally filed by Plaintiff's Counsel with multiple material misrepresentations to the Court. Plaintiff's attempt to distinguish the case law cited in the Moving Brief fails because Plaintiff concedes that in each case cited by Defendant, the court concluded that filing meritless claims and/or making misrepresentations to the court is sanctionable conduct.[5]

Moreover, in *Enmon v. Prospect Capital Corp.*, 675 F.3d 138 (2d Cir. 2012), the Second Circuit affirmed a sanctions award under both the court's inherent powers and § 1927 where, like here, counsel made repeated misrepresentations to the court. The Second Circuit upheld the district court's finding of bad faith where counsel made a "misrepresentation by omission" in a filing, "forced the [court] to consider [the] frivolous claim," made "frivolous arguments that misrepresented the record," and filed a "motion [that] as a whole contained 'persistent misrepresentations.'" *Id.*, 143-47. Similarly here, where Plaintiff's Counsel has made numerous and repeated false statements to the Court, bad faith is not only inferred, it is obvious, and he should be sanctioned under the Court's inherent powers and § 1927. *See SEC v. Smith*, 710 F.3d

---

discovery, and where the court's decision did not relate to the counterclaims); *Lin v. City of New York*, 2016 WL 6962536, at *5 (S.D.N.Y. Nov. 28, 2016) (vacating sanctions order because there was no refutation of plaintiff's and her counsel's explanations that their complained of behavior was not in bad faith). *U.S. v. Int'l Bhd. Of Teamsters*, 948 F.2d 1338, 1346-47 (2d Cir. 1991) is separately distinguishable because the Second Circuit vacated an order imposing sanctions pursuant to Rule 11 where the court failed to distinguish between the sanctionable behavior of one attorney and the other sanctioned defense attorneys.

[5] *See* Opp., 7 (admitting that in *Essepian v. Chryslter Credit Corp.*, "central to the court's finding was counsel's misrepresentation"), 10 (admitting that in *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 113 (2d Cir. 2000), "the court imposed sanctions" where counsel maintained the appeal for "'multiplying the proceedings in the case unreasonably and vexatiously,' and for making 'spurious allegations of criminality in his brief'"), 10-11 (admitting that in *Fried v. Fried*, 113 F.R.D. 103 (S.D.N.Y. 1986), the court imposed sanctions under "§ 1927 and the [c]ourt's inherent powers" where a party's action was "'totally meritless'" and where the party and counsel filed "'unwarranted'" and "'frivolous'" motions); 11 (admitting that in *Wechsler v. Hunt Health Sys. Ltd.*, 216 F. Supp. 2d 347, 358 (S.D.N.Y. 2002) that the court imposed sanctions where the court "'f[ound] the motion [to be] objectively unreasonable'").

9

87, 97 (2d Cir. 2013) ("[u]nder…the inherent power of the court, sanctions are appropriate where an individual has made a false statement to the court and has done so in bad faith"); *Shangold v. Walt Disney Co.*, 275 F. App'x 72, 74 (2d Cir. 2008) (parties' "repeated false statements show their willfulness and bad faith"); *Gollomp v. Spitzer*, 2007 WL 433361, at *9 (N.D.N.Y. Feb. 5, 2007), *aff'd*, 568 F.3d 355 (2d Cir. 2009) (imposing sanctions on counsel under 28 U.S.C. § 1927 for lying to the magistrate judge about his disciplinary record).

## CONCLUSION

For all of the foregoing reasons and those stated in the Moving Brief, Defendants respectfully request that the Court grant the following sanctions against Plaintiff Glen Craig and his counsel Richard Liebowitz and the Liebowitz Law Firm, PLLC, pursuant to 28 U.S.C. § 1927 and the Court's inherent powers: an award of the reasonable attorneys' fees and expenses (including Mr. Sedlik's fees and costs) that Defendants had to incur in connection with responding to the Letter Request and in opposing Plaintiff's Motion, including preparing for and attending the evidentiary hearing.[6]

Dated: New York, New York  
       August 1, 2018

LOEB & LOEB LLP

By: */s/ Barry I. Slotnick*  
    Barry I. Slotnick  
    C. Linna Chen  
    345 Park Avenue  
    New York, NY 10154  
    Telephone: 212.407.4000

    *Attorneys for Defendants*  
    *UMG Recordings, Inc., Kingsid Ventures, Ltd.,*  
    *and Estate Of Riley B. King*

16473273

---

[6] Should the Court grant this motion, Defendants will submit a declaration with detailed contemporaneous time and disbursement records to substantiate the amount of fees and costs that were incurred in connection with these activities.