UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                          :

GLEN CRAIG,                    :   No. 16 Civ. 5439 (JPO)
                          :

          Plaintiff,        :
                          :

       -against-        :
                          :

UMG RECORDINGS, INC., KINGSID  :
VENTURES, LTD., and ESTATE OF RILEY  :
B. KING,                  :
                          :

         Defendants.      :
                          :
-------------------------------------------------------X

## **<u>DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION</u>**

LOEB & LOEB LLP
Barry I. Slotnick
C. Linna Chen
345 Park Avenue
New York, New York 10154
Tel: 212-407-4000

*Attorneys for Defendant*
*UMG Recordings, Inc.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................... iii

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF RELEVANT FACTS ..........................................................................1

I.    LIEBOWITZ FILES THE BASELESS MOTION TO DISQUALIFY AND
REQUESTS AN EVIDENTIARY HEARING ........................................................1

II.    THE COURT HOLDS AN EVIDENTIARY HEARING AND DENIES THE
MERITLESS MOTION TO DISQUALIFY .........................................................3

III.    DEFENDANTS MOVE FOR SANCTIONS, WHICH THE COURT GRANTS .............4

IV.    LIEBOWITZ OPPOSES THE SANCTIONS MOTION ON THE BASIS
THAT THE MOTION TO DISQUALIFY HAD SOME COLOR ....................................5

V.    DEFENDANTS FILE THEIR SANCTIONS REPLY, DETAILING
LIEBOWITZ'S MANY MISREPRESENTATIONS TO THE COURT ...........................6

VI.    THE COURT GRANTS THE SANCTIONS MOTION, FINDING THAT
THE MOTION TO DISQUALIFY WAS ENTIRELY MERITLESS, AND
THAT LIEBOWITZ DID SO IN BAD FAITH AND VEXATIOUSLY..........................6

VII.    LIEBOWITZ MAKES HIS MERITLESS RECONSIDERATION MOTION .................7

    A.    Liebowitz Attempts to Relitigate Arguments Already Rejected By The
Court ........................................................................................................7

    B.    Liebowitz Raises A New Unsupported Argument..................................9

LEGAL ARGUMENT ........................................................................................................10

I.    LIEBOWITZ CANNOT SATISFY THE STANDARD FOR SEEKING
RECONSIDERATION ...............................................................................................10

II.    LIEBOWITZ REHASHES OLD ARGUMENTS; HIS DISAGREEMENT
WITH THE ORDER IS NOT A BASIS FOR RECONSIDERATION ...........................12

    A.    The Motion For Reconsideration Must Be Denied Because Liebowitz
Attempts To Relitigate The Same Arguments The Court Already
Rejected....................................................................................................12

i

B.  The Court Did Not Overlook Controlling Law........................................................13

C.  The Court Did Not Overlook Any Facts; It Rejected Liebowitz's
Fictionalized Version of History.............................................................................15

D.  There Is Ample Evidence of Liebowitz's Bad Faith ............................................17

E.  Liebowitz Filed The Motion To Disqualify To Harass And Delay.......................18

III.  LIEBOWITZ'S NEW ARGUMENT WAS NOT RAISED IN HIS
OPPOSITION; IT IS WAIVED.....................................................................................21

CONCLUSION.......................................................................................................................22

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*AP v. U.S. DOD*,
    395 F. Supp. 2d 17 (S.D.N.Y. 2005).........................................................................11, 12, 21

*Caribbean Trading & Fidelity Corp. v. Nigerian Nat'l Petroleum Corp.*,
    948 F.2d 111 (2d Cir. 1991)............................................................................................21

*Carolco Pictures, Inc. v. Sirota*,
    700 F. Supp. 169 (S.D.N.Y. 1988) ...........................................................................11, 15

*Cruz v. Am. Broad. Cos.*,
    No. 17 Civ. 8794 (LAK), Dkt. Nos. 7-10 ......................................................................20

*Eisemann v. Greene*,
    204 F.3d 393 (2d Cir. 2000)...........................................................................................14

*Gamoran v. Neuberger Berman Mgmt., LLC*,
    No. 10 Civ. 6234 (LBS), 2011 WL 476620 (S.D.N.Y. Feb. 9, 2011) ...................................22

*Gjoni v. Home Depot, Inc.*,
    No. 99 Civ. 1849 (BSJ) 2002 WL 91623 (S.D.N.Y., Jan. 21, 2002)........................................15

*Hayles v. Advanced Travel Mgmt. Corp.*,
    No. 01 Civ. 10017 (BSJ)(DFE), 2004 WL 117597 (S.D.N.Y. Jan. 24, 2004) ......................14

*Horvath v. Deutsche Lufthansa, AG*,
    No. 02 Civ. 3269 (PKC), 2004 WL 241671 (S.D.N.Y. Feb. 6, 2004)..............................15, 21

*Kara Holding Corp. v. Gerry Petroleum Mktg.*,
    No. 99 Civ. 0275 (RWS), 2005 WL 53266 (S.D.N.Y. Jan. 5, 2005) ...............................15, 22

*Keiser v. CDC Inv. Mgmt. Corp.*,
    No. 99 Civ. 12101 (WHP), 2004 WL 516212 (S.D.N.Y. Mar. 17, 2004)............................11

*Leibowitz v. Galore Media, Inc.*,
    No. 18 Civ. 2626 (RA) (HBP), 2018 WL 4519208 (S.D.N.Y. Sept. 20, 2018) ....................20

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*,
    No. 1:00-1898, 2015 U.S. ................................................................................................22

*Pereira v. Kendall Jenner, Inc.*,
    No. 17 Civ. 6945 (RA), ECF No. 24 (S.D.N.Y. Jan. 4, 2018)................................................20

*Range Rd. Music, Inc. v. Music Sales Corp.*,
  90 F. Supp. 2d 390 (S.D.N.Y. 2000)............................................................................10, 11, 12

*Reynolds v. Intermarkets, Inc*.,
  No. 17 Civ. 8795 (AT), Dkt. No. 4 (S.D.N.Y. Nov. 14, 2017)................................................20

*Rudkowski v. Mic Network, Inc*.,
  No. 17 Civ. 3647 (DAB), 2018 WL 1801307 (S.D.N.Y. Mar. 23, 2018) ..............................20

*In re Salomon Analyst Winstar Litig*.,
  No. 02 Civ. 6171 (GEL), 2006 WL 510526 (S.D.N.Y. Feb. 28, 2006)...................................10

*Schlaifer Nance & Co. v. Estate of Warhol*,
  194 F.3d 323 (2d Cir. 1999)......................................................................................13, 14, 16

*Tabak v. Idle Media, Inc*.,
  No. 17 Civ. 8285 (AT), Dkt. No. 5 (S.D.N.Y. Oct. 31, 2017)................................................20

*Walpex Trading Co. v. Yacimientos Petroliferos Fiscales Bolivanos*,
  No 84. Civ. 4364 (PKL), 1989 WL 67239 (S.D.N.Y. June 13, 1989)....................................21

*Walsh v. McGee*,
  918 F. Supp. 107 (S.D.N.Y. 1996) .........................................................................................21

*Yurman Design Inc. v. Chaindom Enters.*,
  No. 99 Civ. 9307 (JFK), 2000 WL 217480 (S.D.N.Y. Feb. 22, 2000)...................................12

**Rules**

Fed. R. Civ. P. 11(b)(1)-(4)...........................................................................................................18

Defendant UMG Recordings, Inc. ("UMGI"), by and through its undersigned counsel, respectfully submits this memorandum of law in opposition to Plaintiff's motion for reconsideration (Dkt. No. 98).

## PRELIMINARY STATEMENT

Once again flouting the legal requirements, Plaintiff's counsel, Richard Liebowitz and the Liebowitz Law Firm (together, "Liebowitz") now seek reconsideration of the Court's order granting sanctions against them, by advancing arguments and evidence *already* presented to, *already* considered by, and *already* rejected by this Court. The arguments set forth in Liebowitz's brief in support of his motion (Dkt. No. 99 ("Brief" or "Br.")) do not satisfy the prerequisites for a motion for reconsideration. Liebowitz does not present any overlooked controlling law or evidence.

Instead, Liebowitz merely rehashes the same facts and legal authorities already presented to the Court in an attempt to relitigate a motion he lost. Consequently, Liebowitz presents nothing for "reconsideration" by the Court. His suggestion that this Court failed to fully consider the law and evidence is impudent. No matter how Liebowitz may attempt to torture the facts and law of his improvident motion to disqualify, the ultimate conclusion remains the same. The Court's imposition of sanctions was and is correct. The Court need not reconsider Liebowitz's same faulty arguments yet again.

## STATEMENT OF RELEVANT FACTS

## I.    LIEBOWITZ FILES THE BASELESS MOTION TO DISQUALIFY AND REQUESTS AN EVIDENTIARY HEARING

At every step of the way, Liebowitz unnecessarily multiplied the proceedings and vexatiously litigated a meritless motion to disqualify. First, on October 25, 2017, Liebowitz failed to comply with this Court's rules and filed a letter request to disqualify defense expert, Jeff Sedlik,

as a discovery dispute. Dkt. No. 50 (the "Letter Request"). The Letter Request made bold, conclusory assertions of a breach of confidential relationship, as well as the disclosure of confidential information. *Id*. In response, UMGI, the Estate of Riley B. King, and Kingsid Ventures Ltd. (together, "Defendants")[1] were compelled to respond with a five-page, detailed letter pointing out the Letter Request's factual and legal deficiencies. Dkt. No. 51. The Court denied the Letter Request but permitted Craig to fully brief a motion to disqualify Mr. Sedlik. Dkt. No. 52.

On December 1, 2017, Craig moved to disqualify Mr. Sedlik. Dkt. No. 56 ("Motion to Disqualify"). In order to meet his burden of proving that it was objectively reasonable to consider his relationship with Mr. Sedlik confidential, and that he disclosed confidential information to Mr. Sedlik, Craig relied on a factual declaration from Liebowitz as well as his own declaration. Dkt. Nos. 57-58 (together, the "Declarations"). On December 22, 2017, Defendants filed their opposition (Dkt. No. 61), which made clear that the Motion to Disqualify was both legally and factually baseless: Craig and Liebowitz had misled the Court as to the correct standard for determining whether there was a reasonable expectation of confidentiality and had cited to case law that was entirely inapplicable. Moreover, the Declarations were factually baseless. *See generally, id.*

Faced with detailed evidence that contradicted the Declarations, Craig and Liebowitz were forced to admit that the information Craig "disclosed" to Mr. Sedlik was publicly available. Dkt. No. 64 ("Reply"), 1-2. However, Craig then pressed a new, legally unsupported theory on reply, that notwithstanding that all the information at issue was publicly available, because Craig

---

[1] Estate of Riley B. King and Kingside Ventures Ltd. were dismissed with prejudice from this action on March 29, 2019. Dkt. No. 96.

disclosed the information to Mr. Sedlik, it somehow became confidential because it was disclosed during the course of litigation. *Id*. This leap in logic and law was not supported by any citations to case law or any legal or other authority. *See id*. Craig also attempted to buttress his Motion to Disqualify by filing another declaration. Dkt. No. 65 ("Craig Reply Declaration"). But, once again, the Craig Reply Declaration failed to identify any information, including legal theories or strategies, that he purportedly disclosed to Mr. Sedlik that was not either public or produced to Defendants through discovery (*id*., ¶¶ 7-12), and also continued to rely solely on conclusory assertions. *Id*., ¶¶ 5-6. As a Hail Mary, Liebowitz requested an *in camera, ex parte* hearing whereupon Liebowitz represented to the Court that Craig would disclose "[a] detailed account of confidential information revealed to Mr. Sedlik," Reply, 2. Based upon this representation by Craig and Liebowitz, the Court ordered an evidentiary hearing. Dkt. Nos. 67, 69.

## II.    THE COURT HOLDS AN EVIDENTIARY HEARING AND DENIES THE MERITLESS MOTION TO DISQUALIFY

Contrary to his representations to the Court, however, Liebowitz elicited no testimony from Craig at the evidentiary hearing that Craig disclosed confidential information to Mr. Sedlik, that a confidential relationship existed between Craig and Mr. Sedlik, or that it was objectively reasonable for Craig to believe that such a confidential relationship existed. Dkt. No. 72 ("Sanctions Brief" or "Sanctions Br."), 10-12. Because Craig and Liebowitz failed to present *any* evidence in support of the Motion to Disqualify, Defendants moved for a determination without putting on their case. Sanctions Br., 12. The Court denied Craig's Motion to Disqualify, specifically noting that it believed Craig and Leibowitz wholly misrepresented the evidence that they purportedly would adduce in support of the motion. Sanctions Br., 13.

Because the Court denied the Motion to Disqualify without Defendants putting on their case, Mr. Sedlik did not testify. Even so, Defendants incurred great expense in preparing their

3

defense.  Mr. Sedlik not only spent hours painstakingly reviewing his records to rebut Craig's and Liebowitz's unsupported assertions, but also spent hours more flying to New York City for the hearing, reviewing additional records in order to rebut the Craig Reply Declaration, and meeting with Defendants' counsel all in preparation to testify at the evidentiary hearing.  Liebowitz's baseless Motion to Disqualify and request for an evidentiary hearing thus caused Defendants to incur tens of thousands of dollars in unnecessary costs.

### III.    DEFENDANTS MOVE FOR SANCTIONS, WHICH THE COURT GRANTS

As such, on June 13, 2018, Defendants moved for sanctions against Liebowitz under 28 U.S.C. § 1927 and the Court's inherent powers.  Dkt. No. 71.  As Defendants noted in their Sanctions Brief, Second Circuit case law permits the inference of bad faith where the conduct at issue is completely without merit.  Sanctions Br., 13-14.

Defendants then detailed the litany of meritless acts committed by Liebowitz, where his bad faith is manifest: Liebowitz (1) filed the Letter Request which contained material misrepresentations of fact and had no legal support, (2) filed the Motion to Disqualify, which misstated the law, set forth no facts upon which a claim for disqualification could be based, and relied solely on Declarations that were filled with misrepresentations and material omissions, (3) filed the Reply, in which Craig and Liebowitz pressed on with their Motion to Disqualify despite conceding that no confidential information was disclosed, (4) requested an evidentiary hearing based on the misrepresentation that confidential information would be disclosed then, while knowing full well that no such evidence existed, and (5) wasted the Court's and Defendants' time and resources by eliciting no testimony from Craig at the evidentiary hearing that could support the Motion to Disqualify.  Sanctions Br., 3-13.  Defendants argued that these aforementioned acts

were not only baseless, but also done in bad faith to unreasonably and vexatiously multiply the proceedings.  Sanctions Br., 16.

Defendants also moved for sanctions based on the Court's inherent powers, noting that the Supreme Court has held that the Court has the power to impose sanctions for bad faith conduct, or conduct that was undertaken vexatiously, wantonly, or for oppressive reasons.  Sanctions Br., 16-17.  Citing again to Liebowitz's actions in this case, Defendants argued that bad faith, vexatiousness, and oppression can be inferred, and sanctions under the Court's inherent powers were warranted.  Sanctions Br., 17.

## IV.   LIEBOWITZ OPPOSES THE SANCTIONS MOTION ON THE BASIS THAT THE MOTION TO DISQUALIFY HAD SOME COLOR

Under Local Rule 6.1(b), Liebowitz had until June 27, 2018 to file an opposition to the Sanctions Motion.  Ignoring the Local Rules, on June 20, 2018, Liebowitz requested additional time to file his opposition, to July 13, 2018, which the Court granted.  Dkt. Nos. 74, 76.  Thus, Liebowitz had the benefit of one month to respond to the Sanctions Motion.

On July 13, 2018, Liebowitz filed his opposition.  Dkt. No. 89 ("Opposition" or "Opp.").  Relying solely on the argument that Craig subjectively believed in the merits of the Motion to Disqualify, Liebowitz argued that sanctions were not warranted because "[t]here must be a high degree of specificity in the factual findings…" (Opp., 4), and that no such facts exist here. Liebowitz argued that (1) the Motion to Disqualify had "some color," because "[t]he standard is not … the eventual determination by the Court that the claim is meritless," but rather that there is a "complete absence of any legal or factual support" (Opp., 6, 7, 9, 10); (2) "there is no evidence of [an] intention to harass or delay" (Opp., 7, 12); and (3) the Court should not use its inherent powers to sanction Liebowitz because there is no "particularized showing of bad faith" (Opp., 12-13).

5

## V.    DEFENDANTS FILE THEIR SANCTIONS REPLY, DETAILING LIEBOWITZ'S MANY MISREPRESENTATIONS TO THE COURT

On August 1, 2018, Defendants filed their reply brief in support of their Sanctions Motion. Dkt. No. 95 ("Sanctions Reply").  In it, Defendants assailed the Opposition's reliance on Craig's subjective belief in the merits of the Motion to Disqualify.  Specifically, Defendants pointed to the evidence in the record that Liebowitz himself had repeatedly made misrepresentations to the Court (*id.*, 2-3, 4-7), that Liebowitz's conduct was in violation of the New York Rules of Professional Conduct (Sanctions Reply, 3-4), and that under the relevant case law, Liebowitz's misrepresentations were sanctionable (Sanctions Reply, 7-10).

## VI.    THE COURT GRANTS THE SANCTIONS MOTION, FINDING THAT THE MOTION TO DISQUALIFY WAS ENTIRELY MERITLESS, AND THAT LIEBOWITZ DID SO IN BAD FAITH AND VEXATIOUSLY

On March 29, 2019, the Court granted the Sanctions Motion.  Dkt. No. 96 ("Order").  In its Order, the Court held that the Motion to Disqualify was "entirely meritless" because "the evidentiary hearing revealed that Craig did not disclose any confidential information to Sedlik." *Id.*, 20.  Though the Court held that, in accordance with Second Circuit law, the Motion to Disqualify was so "completely without merit" such that "[b]ad faith can be inferred," (Order, 21), the Court did not award sanctions based solely on the lack of merit.

Based on all the evidence before it, the Court concluded that Liebowitz "went ahead and filed the meritless [Motion to Disqualify]" in bad faith because he did so "[w]ith the full knowledge that Craig had not disclosed any confidential information." *Id.*  Moreover, the Court concluded that "Liebowitz's bad faith [was] most evident in the omission of the details of the alleged conversation [between Craig and Sedlik] in the moving papers." *Id.*  The bad faith was evident because Liebowitz specifically omitted those details that "were fatal to" the Motion to Disqualify, "forced Defendants to prepare papers opposing [the Motion to Disqualify], and required the Court

to hold a wasteful evidentiary hearing." *Id.* Based on all of the foregoing, the Court concluded that Liebowitz's actions caused "unnecessary delay and expense," which was "precisely what Congress sought to eradicate when enacting § 1972." *Id.* For the same reasons, the Court awarded sanctions under its inherent powers. Order, 21-22 ("[t]he standard for imposing sanctions pursuant to the Court's inherent power is the same as that under § 1972").

## VII.    LIEBOWITZ MAKES HIS MERITLESS RECONSIDERATION MOTION

In another attempt to saddle Defendants with additional unnecessary costs, on April 12, 2019, Liebowitz moved under Local Rule 6.3 and Fed. R. Civ. P. 60(b)(1) for reconsideration of the Order. Dkt. No. 98. In his meritless Brief, Liebowitz argues that the Court should reconsider the Order because the Court purportedly overlooked controlling case law and material facts. *See* Br., Dkt. No. 99. However, these arguments fail because they were either raised or could have been raised in the Opposition and thus waived, and because they are meritless.

### A.    Liebowitz Attempts to Relitigate Arguments Already Rejected By The Court

First, Liebowitz argues that the Court overlooked controlling Second Circuit law holding that sanctions can be imposed only where there is a clear showing of bad faith, and that "bad faith may be inferred 'only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose…,'" and that no bad faith could be inferred here. Br., 3-4. This argument was thoroughly discussed in both the Sanctions Brief and in the Opposition, and rejected by the Court. Opp., 4, 5, 6 (each reciting to this standard), 7 (section entitled "Defendants cannot show that Craig's claims were entirely without color"), 9, 11, 12 (section entitled "Defendants cannot show that Craig's claims were taken for improper purposes"); *supra*, 7 (Order finding not only that the claims were "utterly meritless" such that Liebowitz's bad faith could be inferred, but also that there was ample evidence of Liebowitz's bad faith).

7

Second, Liebowitz argues that the Court overlooked facts that show Liebowitz was "property motivated" in bringing the motion to disqualify, and that his motivation was to vindicate his client's interests. Br. 5. Of course, Liebowitz conveniently ignores the patently obvious: if a client's "interests" are completely unsupported by fact or law, there is nothing to "vindicate," and a motivation to vindicate a client's patently meritless claims is in fact, improper. Moreover, this issue was addressed by Liebowitz in his Opposition, and rejected by the Court. *See* Opp., 2 (arguing that Craig subjectively believed his claims were colorable); 12 (an entire section entitled "The Motion Was Not Made For Harassment or Delay").

Third, Liebowitz argues that the Court overlooked controlling law requiring it to identify "with a high degree of specificity" Liebowitz's bad faith, because "the bad faith determination rest[ed] solely on the merits of the motion." Br. 7. This standard was already set forth in the Opposition (Opp., 4), and applied by the Court in rejecting Liebowitz's argument. *Supra*, 7 (the bad faith determination was not based solely on the motion's lack of merit, the Court inferred bad faith because the Motion to Disqualify was "utterly meritless" and additionally, identified the facts that demonstrated Liebowitz's bad faith).

Fourth, Liebowitz argues that reconsideration is warranted because the Court overlooked facts showing that he did not act unethically and did not "proffer[] any misrepresentations to the Court in connection with the Motion [to Disqualify]." Br., 8. Of course, Liebowitz fails to point to any actual evidence in the record to support this assertion. As detailed in Defendants' Sanctions Brief and Sanctions Reply, Liebowitz made numerous material misrepresentations to the Court. Sanctions Br., 14-16; Reply, 2-3, 4-7. The Court agreed, and held that Liebowitz had made material "omissions" in his filings in connection with the Motion to Disqualify. *Supra*, 7.

Finally, Liebowitz argues that the Court overlooked controlling law that holds that "the Court's rejection of Liebowtz's legal argument, is not a sufficient basis to impose sanctions," and that "poor legal judgment" is also not sufficient, because the claim was "colorable."  Br., 9-14 (discussing, at length, the colorability of the Motion to Disqualify).  While there is no disagreement that Liebowitz routinely exercises poor legal judgment, the Court did not overlook this controlling law.  Rather, the Court applied the law, and rejected Liebowitz's argument to the contrary (*see* Opp., 7-10 (arguing that the Motion to Disqualify was not entirely without color)).  The Court found that the Motion to Disqualify was not colorable, and imposed sanctions on bases *in addition to* the utter meritlessness of the Motion to Disqualify.  *Supra*, 7.

### B.    Liebowitz Raises A New Unsupported Argument

Liebowitz raises one new argument in support of his assertion that the Motion to Disqualify was not entirely without color: that the Court's finding in the motion to disqualify is "not consistent" with the terms of the protective order entered in this action or Liebowitz's "experience."  Br., 15.  Liebowitz argues that the Court overlooked that he had a colorable basis to believe that the information Craig disclosed was confidential based on Liebowitz's experience and because the Stipulated Protective Order's (Dkt. No. 23) definition of confidential information encompasses such disclosures.  *Id.*

This argument fails on the facts.  As discussed in detail in the Sanctions Motion and the Court's Order, there was no basis for any *reasonable* attorney to believe that any confidential information was actually disclosed by Craig.  Sanctions Br. 14-16, Order, 20-21.  Moreover, Liebowitz conveniently ignores the fact that he admitted that the disclosed information was not confidential in his Reply in Support of the Motion to Disqualify.  Dkt. No. 64, 1 (admitting that Craig revealed information that was either publicly available or revealed during discovery), 2

(admitting that the facts revealed was "available publicly and/or in the record" as well as "facts that were not on the record, though technically they were publicly available").

Indeed, despite his current protestations to the contrary, Liebowitz has not ever treated Craig's licensing history or business practices as confidential information.  While the Stipulated Protective Order protects the disclosure of certain information, it only does so when the information is designated as confidential or highly confidential.  Dkt. No. 23, 1.  Liebowitz has never designated any of the information regarding Craig's licensing history as confidential, nor does he now assert that such information was ever designated confidential.  *See* Opp., 15-16. What's more, despite Liebowitz's request for an *ex parte, in camera* hearing, and despite the Court's prompting at the beginning of the evidentiary hearing for Liebowitz to advise it when he needed to have any portion of the evidentiary hearing *in camera*, Liebowitz questioned Craig on the stand, at a public evidentiary hearing, regarding Craig's licensing history and business practices.  *See* Dkt. No. 64, 8-9; Dkt. No. 73-1 (Hrg. Trs.), 2:22-3:3, 6:19-23, 10:5-13.  Liebowitz cannot now, almost a year after the fact, belatedly assert that he had a colorable basis to believe in the confidentiality of these materials, when his actions throughout this litigation have consistently indicated the complete opposite.

**LEGAL ARGUMENT**

## I.    LIEBOWITZ CANNOT SATISFY THE STANDARD FOR SEEKING RECONSIDERATION

Reconsideration is appropriate "only where there is an intervening change of controlling law, newly available evidence, or the need to correct a clear error or prevent manifest injustice." *In re Salomon Analyst Winstar Litig.*, No. 02 Civ. 6171 (GEL),  2006 WL 510526, at *1 (S.D.N.Y. Feb. 28, 2006).  "Such motions must be narrowly construed and strictly applied in order to **discourage litigants from making repetitive arguments on issues that have been thoroughly**

**considered by the court**." *Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000) (emphasis supplied) (citing *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y 1996) (A Rule 6.3 motion is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved")).

Thus, "[i]t is settled law in this District that a motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *AP v. U.S. DOD*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) (collecting cases). Rather, "to be entitled to reconsideration, a movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion, which, had they been considered 'might reasonably have altered the result reached by the court.'" *Keiser v. CDC Inv. Mgmt. Corp.*, No. 99 Civ. 12101 (WHP), 2004 WL 516212, at *1 (S.D.N.Y. Mar. 17, 2004). "The aforementioned limitation on motions for reconsideration is to ensure finality and **to 'prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters**.'" *Range Rd. Music*, 90 F. Supp. 2d at 392 (emphasis supplied) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)).

Despite the clear rule in this District that a motion for reconsideration is not a chance to reargue issues already considered by the Court, this is exactly what Liebowitz attempts to do. The Court did not "overlook" any of Liebowitz's arguments or affidavits in his opposition to the Sanctions Motion. Rather, the Court considered and rejected Liebowitz's construction of the facts. That Liebowitz is unhappy with the Court's decision to grant the Sanctions Motion affords no basis to support a motion for consideration.

## II.    LIEBOWITZ REHASHES OLD ARGUMENTS; HIS DISAGREEMENT WITH THE ORDER IS NOT A BASIS FOR RECONSIDERATION

### A.    The Motion For Reconsideration Must Be Denied Because Liebowitz Attempts To Relitigate The Same Arguments The Court Already Rejected

The Court did not overlook any facts or controlling law in deciding the Sanctions Motion. Rather, every single legal argument and factual issue now raised by Liebowitz in his Brief was raised in his Opposition, and rejected by the Court in its Order. *Supra*, 7-9. Specifically, Liebowitz's Brief rehashes old arguments that there was no bad faith because (1) there was a colorable basis for the Motion to Disqualify, and (2) there were no facts to establish that the Motion to Disqualify was filed for an improper purpose. *Id*. This was fully briefed, considered, and rejected by the Court in deciding the underlying motion. *Id*.

As such, the motion for reconsideration must be denied. *See, e.g.*, *AP*, 395 F. Supp. 2d at 19-21 (denying motion for consideration where "the [defendant's] motion simply rehashes three arguments previously rejected"); *Range Rd. Music*, 90 F. Supp. 2d, 391-92 (same result where "plaintiffs' motion largely restates the arguments that they made to the Court in their submissions and at oral argument…, and which this Court addressed in its Memorandum Opinion and Order…. The Court considered plaintiffs' arguments… and rejected them. Similarly, the Court examined the affidavits and exhibits submitted … and was unpersuaded by them. The Court did not 'overlook' plaintiffs' arguments, affidavits or exhibits."); *Yurman Design Inc. v. Chaindom Enters.*, No. 99 Civ. 9307 (JFK), 2000 WL 217480, at *1 (S.D.N.Y. Feb. 22, 2000) (same result where the defendant was "merely rehashing arguments and issues already decided by the Court in [its] Opinion.") ("[Defendant] does not point to any legal or factual matters that the Court overlooked. Although [the Defendant] alleges that the Court failed to consider its argument… the Court considered and rejected this argument as unsupported. [Defendant's] remaining contentions

simply repeat arguments that the Court and rejected in the underlying… motion.  Thus, [the defendant] has failed to raise any issues overlooked by the Court.").

### B.    The Court Did Not Overlook Controlling Law

Even assuming *arguendo* it would be proper for the Court to consider Liebowitz's rehashing of old arguments (and it is not), reconsideration would be improper under Fed. R. Civ. P. 60(b)(1) because the Court also did not overlook any controlling law in deciding the Sanctions Motion.

Liebowitz cites to and relies on *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323 (2d Cir. 1999).  *See* Br., 3-4, 5, 7, 8, 9-10, 14 (all quoting or otherwise relying on *Schlaifer*). However, the Court did not overlook any binding precedent.  As noted in the Brief, the Second Circuit in *Schlaifer* held that bad faith may be inferred where the "actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose…"  Br., 3-4 (quoting *Schlaifer*, 194 F.3d at 336).  The Court recognized and followed this rule.  Order, 20 ("bad faith … can be established by inference from completely meritless actions) (citing to *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986) ("[A]n award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.")).

That the Second Circuit reversed a sanctions award in *Schlaifer* is no basis to grant a motion to reconsider here.  In that case, the Second Circuit held that no bad faith could be inferred because the plaintiffs had a colorable basis to assert their fraud claim.  *Schlaifer*, 194 F.3d at 336.  In *Schlaifer*, the plaintiffs commenced multiple actions to seek damages stemming from the defendants' misrepresentations as to their ownership of Andy Warhol works and as to their ownership of the copyrights to those works.  *Id.* at 327-32.  The Second Circuit held that even

13

though the district court granted judgment as a matter of law in favor of the defendants, "the facts in their totality belie the conclusion that [the plaintiff's fraud] claim lacked a colorable basis." *Id.* at 337.  While "certain facts … undercut the vitality of [the plaintiff's] fraud claim," the plaintiff "still had some basis to present [the] claim in court." *Id.* at 337-38.  For example, there was some evidence that the plaintiffs were not so utterly unreasonable in their reliance on the representations made by the defendants with respect to their ownership in the works and in the copyrights.  *Id.*  As such, the Second Circuit held that bad faith could not be inferred, because "the record actually indicates that [the plaintiffs] did indeed possess some **concrete grounding** for their belief that their fraud claim had a colorable basis for assertion and litigation." *Id.* at 340 (emphasis added).  No such concrete grounding exists here.  The Court found, in full accordance with *Schlaifer*, that there was not any factual basis for the Motion to Disqualify.  Order, 20-21.

Moreover, the Court's finding of bad faith did not rest solely on the meritlessness of the motion.  *See*, Br. 7.  Rather, in full accordance with *Eisemann v. Greene*, 204 F.3d 393 (2d Cir. 2000) and *Schlaifer*, the Court held not only that bad faith could be inferred because the Motion to Disqualify was *entirely* without color, but also that bad faith was demonstrated because Liebowitz had "full knowledge that" the Motion to Disqualify had no factual basis, but made the motion anyway, and made material omissions to the Court in order to hide that fact.  Order, 21.

Thus, the Court did not overlook any binding precedent.  Liebowitz's argument appears to be that the Court incorrectly applied the legal standards to the facts at issue.  "Motions for reconsideration are not granted on these bases." *Hayles v. Advanced Travel Mgmt. Corp.*, No. 01 Civ. 10017 (BSJ)(DFE), 2004 WL 117597, *1, 3 (S.D.N.Y. Jan. 24, 2004) ("A motion for reconsideration is not an opportunity for a second bite at the apple") (denying the motion where the plaintiff's "arguments largely are a re-hash of arguments she made in her original [brief]" and

where the plaintiff "does not argue that the Court overlooked law [s]he previously cited, and on the merits of [the] arguments themselves, basically asserts that the Court wrongly applied the facts of the case to the law, rather than that there is a controlling standard [] directly contradictory to that used in the [order], that the Court should have used."); *Horvath v. Deutsche Lufthansa, AG*, No. 02 Civ. 3269 (PKC), 2004 WL 241671 , at *2 (S.D.N.Y. Feb. 6, 2004) (denial of motion for reconsideration "would be proper on" the basis that the "defendant does not appear to have identified any factual matters 'overlooked'" by the court, and where the defendant has failed to identify "any controlling law that was previously presented, but 'overlooked' by the [c]ourt"); *Kara Holding Corp. v. Gerry Petroleum Mktg.*, No. 99 Civ. 0275 (RWS), 2005 WL 53266, at *2 (S.D.N.Y. Jan. 5, 2005) (same result where the plaintiff "has reiterated the same facts that it argued on its [underlying motion] without identifying any that were overlooked."); *Gjoni v. Home Depot, Inc.*, No. 99 Civ. 1849 (BSJ) 2002 WL 91623, at *2 (S.D.N.Y., Jan. 21, 2002) ("Although [the defendant] may disagree with the manner in which the court applied the relevant legal standards to the facts before it, such disagreement does not justify reconsideration.") (citing *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) and *Carolco*, 700 F. Supp. at 170).

### C.   The Court Did Not Overlook Any Facts; It Rejected Liebowitz's Fictionalized Version of History

The Court also did not overlook any facts in granting the Sanctions Motion.  While vindication may very well be a proper motivation for filing a colorable claim, there was no colorable basis for the Motion to Disqualify.   More importantly, Liebowitz made misrepresentations to the Court in order to manufacture such a basis.  *Supra*, 5, 6, 8, 9.

Liebowitz asserts that the Motion to Disqualify had a colorable basis because he did not have first-hand knowledge of the conversations between Craig and Mr. Sedlik, and reasonably and

subjectively[2] believed in Craig's assertions of confidentiality because he "took steps to conduct due diligence." Br., 11-12. The Court did not overlook this fact. In fact, the Court relied on Liebowitz's due diligence for its finding that Liebowitz had "full knowledge that Craig had not disclosed any confidential information." Order, 21.

The same facts that Liebowitz cites in his Brief to support his subjective belief in the merits of the Motion to Disqualify actually support a finding that he knew that there was no factual basis to file the motion. Liebowitz declared under oath that he "asked Craig about his recollections of the [conversations Craig had with Sedlik]" and he "specifically wanted to know what confidential information Craig revealed to Mr. Sedlik in the telephone conferences that [Liebowitz] was not a party to." Dkt. No. 57 at ¶16. This "due diligence" would have revealed that there was no factual basis to the Motion to Disqualify. Craig's recollections of his conversations with Mr. Sedlik are clear – Craig did not reveal any confidential information to Mr. Sedlik. Order, 20-21. Thus, Liebowitz knew, at the time that he filed his Letter Request and the Motion to Disqualify, that there was no factual basis for them.[3]

---

[2] Liebowitz's subjective belief in the color of the Motion to Disqualify is entirely irrelevant to an award of sanctions. As Liebowitz admits, the standard is not whether *he* believed in the Motion to Disqualify. Rather, "[t]he question is whether a reasonable attorney … could have concluded that facts supporting the claim might be established…" Br., 10 (quoting *Schlaifer*, 194 F.3d at 337)). As discussed in detail in the Sanctions Brief and Sanctions Reply, because there was no factual or legal support for the Motion to Disqualify, a reasonable attorney would have concluded that the Motion to Disqualify was "utterly devoid of a legal [and] factual basis." *Schlaifer*, 194 F.3d at 337.

[3] Liebowitz also makes several misrepresentations about Mr. Sedlik's interactions with Craig in the Brief. Liebowitz insinuates that Mr. Sedlik and Craig had a confidential relationship, which Mr. Sedlik then "betray[ed]" by "flip-flopp[ing]" to become Defendants' expert witness. *See* Br., 1, 6 (asserting that Mr. Sedlik "held himself out as an ally and colleague to Craig..."). The Court has already held as a matter of law that no such confidential relationship existed, and that there was no "reasonable expectation of a confidential relationship between Craig" and Mr. Sedlik,

### D.    There Is Ample Evidence of Liebowitz's Bad Faith

Liebowitz not only knew there was no factual basis for the Motion to Disqualify, but also made affirmative misrepresentations to the Court to cover this up.  As the Court found, Liebowitz's bad faith is most evident in the misrepresentations and omissions of the details of the alleged conversations in the moving papers.  Order, 21.

Despite knowledge of the contrary, Liebowitz affirmatively and falsely represented to the Court that Craig "had actual, relevant, and specific knowledge of the confidential information that he allegedly disclosed to Mr. Sedlik."  Sanctions Reply, 9-10 (quoting Dkt. No. 56 at 3, 6, 7-8). Indeed, the same facts Liebowitz relies on now conclusively demonstrate Liebowitz's bad faith: he falsely represented to the Court that Craig had discussed with Mr. Sedlik "extensively," the "legal strategy, potential issues, [and] strengths and weaknesses of this case," and that "Mr. Sedlik had been extensively informed of confidential information."  Br., 12 (quoting Dkt. No. 57 at ¶6 (Liebowitz Declaration)).   As the evidentiary hearing revealed, no such disclosures or conversations occurred.  Order, 20-21.  Rather, Liebowitz manufactured this fictitious factual basis for the Motion to Disqualify.

Moreover, contrary to Liebowitz's assertions (Br., 8), the record is absolutely clear that Liebowitz "violated … Court rules, breached [] ethical standards, [and] proffered [] misrepresentations to the Court in connection with the Motion."  Liebowitz not only abdicated his

---

because Mr. Sedlik had clearly told Craig that he could not take on matters adverse to the Estate. Hrg. Trs., 38:6-8, 46:5-18.  To the extent that Liebowitz asserts these facts in an attempt to demonstrate that he had a colorable basis for making the Motion to Disqualify, that argument also fails.  As Liebowitz admits in his Brief, a Motion to Disqualify requires a showing of both the existence of a confidential relationship (or a reasonable expectation of such) **and** the disclosure of confidential information.  Br., 10 (citing *In re Namenda Direct Purchaser Antitrust Ligit.*, 15 Civ. 7488 (CM), 2017 WK 3085342 (S.D.N.Y. July 20, 2017)).  Given that there was utterly no basis for the second prong, any facts as to the first prong cannot give merit to the claim.

professional responsibility to evaluate whether Craig's subjective beliefs had sufficient factual and legal basis, but also made affirmative misrepresentations to the Court.  Sanctions Reply, 3-7.

Liebowitz violated Rule 3.1(b) of the New York Rules of Professional Conduct (*see* Reply, 3-4), Rule 8.4(c) of the New York Rules of Professional Conduct (*see* Reply, 4-7 and n. 3), and Rule 11(b) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 11(b)(1)-(4).  Moreover, in making these representations, Liebowitz improperly made himself a potential witness in the resolution of the Motion to Disqualify, which is prohibited by Rule 3.7 of the New York Rules of Professional Conduct.  Sanctions Br., 7 (noting that the rule prohibits a lawyer from "act[ing] as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact").

### E.    Liebowitz Filed The Motion To Disqualify To Harass And Delay

Finally, contrary to Liebowitz's assertions, there is also ample evidence that Liebowitz filed the meritless Motion to Disqualify in bad faith and in order to harass the Defendants.  This proceeding was delayed and vexatiously multiplied by Liebowitz's frivolous filings: because of the Motion to Disqualify, Defendants could not and did not "move[] forward with the summary judgment briefing schedule as scheduled."  Br., 5.  Rather, the Court extended the deadline to file a motion for summary judgment to 30 days after it rendered a decision on the Motion to Disqualify.  Dkt. No. 60.  Before Liebowitz filed the Motion to Disqualify, any motions for summary judgment would have been due on December 15, 2017, and a joint pretrial order due January 2, 2018, if no summary judgment motions were filed.  *See* Dkt. No. 59, 1.  Because Liebowitz filed the Motion to Disqualify, this proceeding was delayed by over six months – Defendants' summary judgment motion was not filed until June 25, 2018.  *See* Dkt Entry for May 25, 2018 (denying Motion to Disqualify); Dkt. No. 77 (motion for summary judgment filed June 25, 2018).

Liebowitz further delayed and vexatiously multiplied the proceedings by baselessly requesting an evidentiary hearing on the Motion to Disqualify. In his request, Liebowitz falsely represented to the Court that Craig would "fully present his confidential revelations in an ex parte, in camera hearing" (Dkt. No. 64, 2). However, no such revelations existed, and so no such presentation occurred. The Motion to Disqualify could have been decided on the papers, and thus some time sooner than May 25, 2018, were it not for Liebowitz's unfounded request for an evidentiary hearing, which revealed the utter baselessness of the Motion to Disqualify and the extent of Liebowitz's bad faith, and which wasted both Defendants' and the Court's resources.

That Liebowitz works on contingency is further evidence that he filed the Motion to Disqualify in order to delay the proceedings and harass the Defendants. Liebowitz's frivolous filings forced Defendants to spend significant money and time to oppose the utterly meritless Motion to Disqualify. While Liebowitz saved time and expense by filing declarations and briefs filled with misrepresentations and conclusory allegations, Defendants were forced to spend hours rebutting each such conclusory allegation and misrepresentation, including incurring considerable cost from Mr. Sedlik's review of his records. *See* Dkt. No. 63 (Sedlik Declaration in Opposition to the Motion to Disqualify detailing, with supporting exhibits, his interactions with Craig and Liebowitz). Then, Leibowitz made a baseless request for a hearing, despite knowing that no such hearing would be necessary because Craig did not disclose any confidential information to Mr. Sedlik. This request further drove up defense costs, forcing Defendants to fly Mr. Sedlik to New York City for the hearing, and to incur substantial additional costs in order to prepare Mr. Sedlik to testify. All the while, Leibowitz was saving money by not having to go to trial, and not having to oppose a motion for summary judgment.

19

The fact of the matter is that Liebowitz's Motion to Disqualify is part and parcel of the Liebowitz brand of litigation. There is no demand or cease and desist letter. There is a complaint followed by an outrageous and unreasonable demand intended to extract extortionate settlement to avoid the costs of litigation. There follows a refusal to produce even the most basic documents in discovery (as this Court will see at the trial on the merits). And then, when all else fails, blatant falsehoods and an abuse of the Federal Rules of Civil Procedure and the Local Rules in order to force defendants to capitulate to his unreasonable settlement demands or else waste time and expense to oppose utterly meritless motions.

As noted in the Sanction Brief, the courts in this District do not acknowledge Liebowitz's "experience," but instead his role as a "troll" who has, in his short and rather modest career, frequently been the subject of court orders over his bad faith litigation tactics. Sanctions Br., 3; *see also*, *Rudkowski v. Mic Network, Inc.*, No. 17 Civ. 3647 (DAB), 2018 WL 1801307, at \*3 n.3 (S.D.N.Y. Mar. 23, 2018) ("caution[ing]" Liebowitz for making misrepresentations to the court); *Pereira v. Kendall Jenner, Inc.*, No. 17 Civ. 6945 (RA), ECF No. 24 (S.D.N.Y. Jan. 4, 2018) (Liebowitz voluntarily dismissed the case before responding to Judge Abrams's Show Cause Order.); *Cruz v. Am. Broad. Cos.*, No. 17 Civ. 8794 (LAK), Dkt. Nos. 7-10 (Liebowitz informed the court that the parties had settled the case before responding to Judge Kaplan's Show Cause Order.); *Leibowitz v. Galore Media, Inc.*, No. 18 Civ. 2626 (RA) (HBP), 2018 WL 4519208 (S.D.N.Y. Sept. 20, 2018) (denying motion for reconsideration of order to post security for costs); *Tabak v. Idle Media, Inc.*, No. 17 Civ. 8285 (AT), Dkt. No. 5 (S.D.N.Y. Oct. 31, 2017) (Judge Torres ordered Liebowitz to show cause why the action should not be transferred. Liebowitz voluntarily dismissed the case before responding to the Order to Show Cause.); *Reynolds v. Intermarkets, Inc.*, No. 17 Civ. 8795 (AT), Dkt. No. 4 (S.D.N.Y. Nov. 14, 2017) (same).

Liebowitz followed the same pattern here. He filed a motion that was entirely without color, made material misrepresentations and omissions to the Court in order to hide the meritlessness of the motion, and requested an evidentiary hearing despite knowledge that there was no factual basis for the motion, all in an effort to drive up defense costs. Such bad faith behavior is sanctionable harassment.

## III. LIEBOWITZ'S NEW ARGUMENT WAS NOT RAISED IN HIS OPPOSITION; IT IS WAIVED

In a motion for reconsideration, a party may not advance new facts, issues, or arguments not previously presented to the court. *Caribbean Trading & Fidelity Corp. v. Nigerian Nat'l Petroleum Corp.,* 948 F.2d 111, 115 (2d Cir. 1991); *Walsh v. McGee,* 918 F. Supp. 107, 110 (S.D.N.Y. 1996); *Walpex Trading Co. v. Yacimientos Petroliferos Fiscales Bolivanos,* No 84. Civ. 4364 (PKL), 1989 WL 67239 (S.D.N.Y. June 13, 1989). Even so, Liebowitz raises one new argument in his Brief. Liebowitz argues for the first time that the Motion to Disqualify was not utterly meritless because the Stipulated Protective Order entered in this case identifies Craig's licensing history and business practices as confidential information, and because his experience is that such information is confidential information. Br., 13-16.

Liebowitz had extra time to file his Opposition, but still neglected to raise this argument. As such, this argument is deemed waived and cannot serve as a basis for reconsideration. *See, e.g., AP,* 395 F. Supp. 2d at 19, 20 (the defendant's "new argument that, having not been previously advanced, as now been waived") ("a party is barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so) (citing *Horvath,* 2004 2004 WL 241671, at *2-3).

This belated argument, based on facts in Liebowitz's possession at the time he filed the Opposition, is "the quintessential 'second bite at the apple' forbidden on a motion for

consideration." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, No. 1:00-1898, 2015 U.S. WL 9450620, at *2 (S.D.N.Y. Dec. 21, 2015).   As such, the Court should not consider this argument, and should deny the motion for reconsideration.  *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988) (where the defendant failed to cite alleged controlling law "in their prior memoranda" and where the prior brief "made no mention of a claim" that was raised in the motion for reargument, "it would be appropriate to deny reargument on the ground that the requirements of [Local Rule 6.3] have not been met"); *Gamoran v. Neuberger Berman Mgmt., LLC*, No. 10 Civ. 6234 (LBS), 2011 WL 476620, at *1 (S.D.N.Y. Feb. 9, 2011) ("[h]aving failed to raise [the new theory]" on the underlying motion, the plaintiff "cannot present it for the first time on a motion for reconsideration"); *Kara Holding Corp.*, 2005 WL 53266 at *2 (denying reconsideration motion because "Plaintiff did not raise this [new] argument in its prior submissions and therefore cannot do so now").

Even assuming *arguendo* it would be proper for the Court to consider this new argument (and it is not), reconsideration would be improper under Fed. R. Civ. P. 60(b)(1) because this argument fails on the merits.  Liebowitz has admitted that the information regarding Craig's licensing history and business practices is not confidential, and has not treated this information as confidential in this litigation.  *Supra*, 10-11.  He cannot now belatedly argue that contrary to his actions throughout this litigation, he reasonably considered this information as confidential when filing the Motion to Disqualify.

## <u>CONCLUSION</u>

For all of the foregoing reasons, UMGI respectfully requests that the Court deny Liebowitz's motion for reconsideration of the Court's Order imposing sanctions on Liebowitz in its entirety, and for such other and further relief that the Court deems just.

Dated:          New York, New York
                April 26, 2019                        LOEB & LOEB LLP

                                          By:      /s/ C. Linna Chen

                                                   Barry I. Slotnick
                                                   C. Linna Chen
                                                   345 Park Avenue
                                                   New York, New York 10154
                                                   Tel: 212-407-4000
                                                   Fax: 212-407-4990

                                                   *Attorneys for Defendant*
                                                   *UMG Recordings, Inc.*

17646204.2