UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLEN CRAIG,

                      Plaintiff,

- against -

UMG RECORDINGS, INC., KINGSID VENTURES,
LTD. and ESTATE OF RILEY B. KING

                      Defendant.

Docket No. 16-cv-5439 (JPO)

ECF CASE

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
THE REASONABLENESS OF DEFENDANT'S ATTORNEYS' FEES AND COSTS**

## INTRODUCTION

Plaintiff Glen Craig respectfully submits this memorandum of law in opposition to Defendants' application for sanctions in the amount of $92,415.71 in attorneys' fees and $67,295.05 in non-taxable costs [Dkt. #105].

For the following reasons, if the Court does not deny Defendants' request in its entirety, then it should limit Defendants' recoverable attorneys' fees to **$9,225.00,** which is a reasonable amount for any copyright lawyer to file a single brief in opposition to a non-dispositive motion to disqualify an expert witness and to attend a thirty-minute court hearing. The Court should also deny any additional expert fees and costs or, in the alternative, award no more than **$3,500.**

## LEGAL STANDARD

In determining the attorney's fee award, a District Court must calculate the "presumptively reasonable fee." *Arbor Hill Concerned Citizens v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2007). Historically, the starting point for calculating attorney's fees has been the lodestar method. *Id.* at 187. However, the Second Circuit has found that the lodestar method's "value as a metaphor has [been] deteriorated to the point of unhelpfulness." *Id.* at 190.

Instead, the Second Circuit has made clear that a "reasonable hourly rate is the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Id.; *Heisman Trophy Tr. v. Smack Apparel Co.*, 665 F. Supp. 2d 420, 423 (S.D.N.Y. 2009) (Marrero, J.), aff'd, 379 F. App'x 12 (2d Cir. 2010). Thus, courts may consider a variety of factors including "the time and labor required," "the level of skill required to perform the legal service properly," "whether the fee is fixed or contingent," "the amount involved in the case and the results obtained," "the experience, reputation, and ability of the attorneys," and "awards in similar cases," among other

factors. See *Heisman Trophy Tr.*, 665 F. Supp. 2d at 423-24.

## ARGUMENT

**POINT I:** **THE COURT SHOULD LIMIT THE AMOUNT OF RECOVERABLE ATTORNEYS' FEES TO NO MORE THAN $9,225.00**

For filing a single opposition brief and attending a thirty-minute court hearing, Defendants seek the astronomical amount of $159,710.71. The Court should reject this amount as entirely unreasonable and disconnected from reality. Most experienced copyright lawyers can take a case from complaint to full dress trial for about the same amount.

**A. Defense Counsel's Claim of 126 hours is Remarkably Excessive and Should be Properly Reduced to No More Than 30 Total Billable Hours**

Defendants claim that its attorneys expended <u>126 </u>hours to file a single opposition brief (approx. 25 pages max.) and attend a short 30-minute hearing. This reflects approximately 100 surplus hours of "Big Firm" hyper-inflated padding. For non-dispositive motions, competent attorneys are capable of researching and preparing an opposition brief, including any declarations attached in support, in about 20-25 hours, or about three full days in the office. Many attorneys can accomplish the task in less than 15 hours if they work efficiently.

The Court should not award Defendants' for their attorneys' corporate waste. Competent attorneys who practice in this District, and are not under the same pressure of AM 100 lawyers to rack up fees to pay their firm's exorbitant rents and marketing costs, could have achieved the same results through about 30 hours of attorney time. Further, any paralegal would not have spent more than 3 total hours on cite-checking a single brief.

## B. Defense Counsel's Claimed Hourly Rates are Not Justified Nor Reasonable

A review of cases in this district and in the Eastern District of New York suggests that courts have approved associate rates of $200/hr., and about $400/hr. for partners in copyright cases. *See Romanowicz v. Alister & Paine, Inc.*, No. 17-CV-8937 (PAE) (KHP), 2018 WL 4762980, at *7 (S.D.N.Y. Aug. 3, 2018), *report and recommendation adopted*, 2018 WL 4759768 (S.D.N.Y. Oct. 1, 2018) (collecting cases); *Broad. Music, Inc.* v. *Prana Hosp., Inc.*, 158 F. Supp. 3d 184, 202–03 (S.D.N.Y. 2016) (collecting cases approving hourly rates upwards of $400 for partners); *Dweck v. Amadi*, No. 10 Civ. 2577 (RMB) (HBP), 2012 WL 3020029, at *4 & n. 5 (S.D.N.Y. July 6, 2012) (collecting cases approving rates of $180/hr. for associates).

Here, Barry I. Slotnik, a partner at Loeb & Loeb, seeks an astronomical hourly rate of $828/hr. Consistent with prevailing rates for partners in copyright cases, Mr. Slotnik's rate should be properly reduced to no more than $400/hr. Associate C. Linna Chen should be properly reduced from $618.00 to $250/hr. Ms. Pepper's paralegal rate of $361.00 (which is more than most attorneys in this District) should be reduced to $75.00/hr.

As such, any award of reasonable attorneys' fees should not exceed $9,225.00.

**Table A: Hyper-Inflated Claims That Are Disconnected From Reality**

|  | Hyper-Inflated Hours | Hyper-Inflated Hourly Rate | Hyper-Inflated Totals |
|---|---|---|---|
| **Barry Slotnik** (partner) | 43.6 | $828.00/hr. | $36,141.50 |
| **Linna Chen** (associate) | 82.4 | $618.00 | $50,952.38 |
| **Antoinette Pepper** (paralegal) | 19.9 | $361.00 | $7,185.06 |
|  |  |  | $94,278.94 |

**Table B**: Real World Numbers

|  | Real World Hours | Real World Hourly Rate | Real World Totals |
|---|---|---|---|
| **Barry Slotnik** (partner) | 10.0 | $400/hr. | $4000.00 |
| **Linna Chen** (associate) | 20.0 | $250/hr. | $5000.00 |
| **Antoinette Pepper** (paralegal) | 3.0 | $75/hr. | $225.00 |
|  |  |  | $9,225.00 |

**POINT II:  DEFENDANTS' CLAIM FOR ITS ALLEGED EXPERT WITNESS FEES & COSTS SHOULD BE DENIED ENTIRELY OR REDUCED TO $3,500.00**

Defendants also seek $67,295.05 in non-taxable costs. [Dkt. # 105-9] Defendants claim that its expert witness Jeffrey Sedlik charged Defendants upwards of $67,295.05 for participating in the disqualification motion, which includes a whopping <u>106 hours</u> of work (presumably above and beyond his actual expert report). However, this amount should be denied in its entirety because Defendants have failed to explain how such additional fees were necessary.

Moreover, even if such costs should be awardable, how could Sedlik possibly have spent 106 hours in reviewing his notes from two telephone conversations with Glen Craig? At most, a competent expert would have spent 5-6 hours at a rate of $500/hr. In addition, Sedlik's travel costs could not have been more than $1000. Accordingly, if the Court is going to award any expert fees and costs concerning the disqualification motion, such costs should not exceed the amount of $3,500.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court DENY Defendants' application in its entirety or, in the alternative, limit recovery of attorneys' fees to no more than $9,225.00 and limit recovery of costs to $3,500.00

    Respectfully Submitted,

    LIEBOWITZ LAW FIRM, PLLC

    **/richardliebowitz/**
    Richard Liebowitz
    11 Sunrise Plaza, Ste. 305
    Valley Stream, NY 11580

    *Counsel for Plaintiff Glen Craig*