

**BARRY I. SLOTNICK**
Partner

345 Park Avenue
New York, NY  10154

| | |
|---|---|
| **Direct** | 212.407.4162 |
| **Main** | 212.407.4000 |
| **Fax** | 212.202.7942 |

bslotnick@loeb.com

Via ECF

January 20, 2020

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, NY  10007

Re:   Craig v. Universal Music Group, et al. (1:16-cv-5439-JPO)

Dear Judge Oetken:

We represent the Defendants in the above-caption matter.  We are writing to request an in person conference with the Court, to be attended by Glen Craig and Richard Liebowitz.  Defendants seek the Court's intervention because they are in receipt of correspondence from Mr. Liebowitz and Mr. Craig that call into question whether the settlement ostensibly agreed to by Mr. Liebowitz and Mr. Craig has actually been accepted by Mr. Craig.

Mr. Liebowitz, on behalf of his law firm (a party to the settlement agreement), contends that having signed the agreement, Mr. Craig is bound by its terms.  Meanwhile, Mr. Craig has communicated to us that he did not sign the agreement, and that there were several items he wished to discuss and negotiate.  Because Defendants cannot communicate with Mr. Craig independently of Mr. Liebowitz, we seek the Court's intervention to clarify whether Mr. Craig has accepted the terms of the settlement agreement, and for the Court to advise Mr. Craig of Mr. Liebowitz's conflict of interest.

**Mr. Liebowitz Represents That Mr. Craig Agreed To The Terms of Settlement**

A mediation in this action was scheduled for September 23, 2019.  On September 20, 2019, based on my e-mail communications with Mr. Liebowitz, it appeared that the parties had agreed to a settlement in principle.  On that day, I emailed the mediator requesting that the mediation be adjourned.  On September 26, 2019, the mediator informed the court that no mediation was held because the parties represented that they have reached settlement on all issues.  See Dkt. Entry dated September 26, 2019.  The Court ordered that the action be dismissed without costs and without prejudice to restoring the action to the Court's calendar, provided that the application to restore be made within thirty days.  Dkt. No. 114.

**Defendants Draft Settlement Agreement And Does Not Hear From Mr. Liebowitz For Months**

Aware of the Court's deadline, on October 4, 2019, we sent Mr. Liebowitz a draft settlement agreement.  We did not receive any comment from Mr. Liebowitz. On October 15, 2019, we

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.

18646158.1
210088-10006



The Honorable J. Paul Oetken
January 20, 2020
Page 2

emailed Mr. Liebowitz requesting comments or executed copies of the settlement agreement. Ex. 1 at 3. In response, Mr. Liebowitz represented that Mr. Craig has been away, would be away until the next week, and that he would get back to the Defendants then. Id. at 2.

Mr. Liebowitz also requested an additional 30 days for parties to finalize the settlement agreement. Dkt. No. 116. Because we had no reason to question Mr. Liebowitz's representations that his client was traveling, we did not object to Mr. Liebowitz's request, which the Court granted, extending the deadline to November 29, 2019. Dkt. No. 117.

Despite the extension, we received no response from Mr. Liebowitz. On November 6, /2019, we once again wrote to Mr. Liebowitz. Ex. 1 at 2. Again, Mr. Liebowitz excused his lack of response on Mr. Craig's travels. Id.

We did not receive a response from Mr. Liebowitz for another three weeks. On November 25, 2019, we wrote again to Mr. Liebowitz. Id. at 1. This time, we were dubious that Mr. Craig was traveling for two months and unavailable to review or comment on the agreement. Id.

Mr. Liebowitz promised that the settlement would be finalized by the year-end, and stated that he would request another extension, to December 31, 2019, to finalize the agreement. Id. On November 25, 2019, Mr. Liebowitz filed a letter with the Court requesting such relief. Dkt. No. 118. Mr. Liebowitz again represented to the Court that the parties were finalizing the agreement. Id. Under the circumstances, I felt compelled to advise the Court of the actual circumstances of Mr. Liebowitz's statement that the parties were still "finalizing" the settlement agreement. Dkt. No. 119.

On November 26, 2019, the Court granted Mr. Liebowitz's request for another extension, and ordered that no further extensions of the deadline would be granted absent extraordinary circumstances. Dkt. No. 120.

**Defendants Receive Conflicting Communications From Mr. Liebowitz and Mr. Craig on December 30, 2019**

On December 30, 2019 at 1:41pm, we received an email from Mr. Liebowitz attaching a signed settlement agreement, containing what appeared to be an electronic signature for Mr. Craig. Ex. 2 at 2-3. Mr. Liebowitz also requested Defendants' consent for another three-week extension of the deadline to restore the action, so as to finalize the settlement agreement. Id. We agreed to such an extension. Id. at 1-2.

At 2:19pm, Mr. Liebowitz filed the letter request with Defendants' consent. Dkt. No. 121.

At 2:50pm, I received a call from Mr. Craig, who left me a voicemail. At 2:53pm, Mr. Craig called Ms. Linna Chen. She did not answer Mr. Craig's call. Mr. Craig's voicemail is transcribed below:

"Yes, hey Barry, it's Glen Craig, happy new year, uh Barry I want to chat with you because my rep Ryan did some research over the weekend and I want to clarify the Richard mysteries or should we say the fractured fairy tales ok that this guy has weaved on you and I and so forth and we are kind of in the process now of putting it all together and see what we are gonna do



about moving forward and prosecuting ok if you could give me a call at 917-309-6761. Thanks bye bye."

Given the contents of Mr. Craig's voicemail, and the fact that his signature on the settlement agreement was electronic and bore no indication otherwise that it was actually appended by Mr. Craig, Defendants were not comfortable executing the settlement agreement without a personal acknowledgement from Mr. Craig that he had actually signed the agreement, had read and agreed to the terms of the settlement agreement, or that he gave Mr. Liebowitz the authority to append his signature. Moreover, Mr. Craig's voicemail also called into question whether Mr. Liebowitz still represented him in this matter.

At 3:38pm, we emailed both Mr. Craig and Mr. Liebowitz, requesting clarification as to all of the foregoing. Ex. 3 at 2. We informed Mr. Liebowitz that his client had attempted to contact us, left a voicemail, and that we did not answer his calls. We informed Mr. Craig that he needed to inform us as to whether Mr. Liebowitz was still his attorney in this matter, and whether he is represented by other counsel. Id.

At 4:50pm, Mr. Liebowitz responded, stating that he had spoken with Mr. Craig and represented that Mr. Craig had signed the agreement. Ex. 3 at 1. We did not receive a response from Mr. Craig, which again raised questions regarding his signature.

On January 6, 2020, we emailed Mr. Liebowitz and Mr. Craig to inform them that under the circumstances, Defendants would not execute the settlement agreement unless and until they received communication from Mr. Craig personally acknowledging that he had read and agreed to the terms of the settlement agreement. Id.

**Communications With Mr. Craig And Mr. Liebowitz**

On January 14, 2020, we received an email from Mr. Craig, copying Mr. Liebowitz, in response to our 1/6/2020 email, and stating, *inter alia*, that "[he] WOULD LIKE TO DISCUSS THE SETTLEMENT BY PHONE. THERE WERE CERTAIN MATTERS THE SETTLEMENT DID NOT ADDRESS AND THAT DON'T SEEM TO HAVE BEEN COMMUNICATED TO YOU. I WOULD ALSO LIKE SOME CLARITY ON SOME OF THE TERMS." Ex. 4 at 2.

We responded to this email, copying Mr. Liebowitz, suggesting a time to speak, and requesting that Mr. Liebowitz inform us whether he will join the call, and whether he would authorize us to speak with Mr. Craig without his presence. Id. at 1-2. Mr. Craig agreed to speak at 4pm. Id. at 1. We again wrote to Mr. Liebowitz. Id. Mr. Liebowitz responded that he would join the call. Id.

**Mr. Craig Disputes Mr. Liebowitz's Assertion That He Intended To Be Bound By The Terms of the Settlement Agreeement**

At 4pm, Mr. Liebowitz, Mr. Craig, Ms. Chen and I had a 40-minute telephone conference. Mr. Craig explained his concerns with the terms of the settlement agreement, requested clarification of some of the terms, and stated that he had only been recently aware of the filings that Mr. Liebowitz had made with the Court.

In particular, Mr. Craig was incensed by my letter to the Court (Dkt. No. 119), which stated that the draft settlement agreement was sent in early October, that we had not received any notes or comments, and that Mr. Liebowitz had ascribed the lack of comments to Mr. Craig's travel schedule.  Mr. Craig informed us that while he had traveled, he had been in town for most of the period in question, including attending a conference here that Mr. Liebowitz also attended.

Mr. Craig stated that he did not approve or sign the settlement agreement that Mr. Liebowitz sent us.  Notably, Mr. Liebowitz did not dispute this assertion on the call.

In addition, Mr. Craig represented that Mr. Liebowitz had not communicated to us his comments to the settlement agreement.  Mr. Liebowitz denied this, and represented that he had no comments from Mr. Craig.  In response, Mr. Craig stated that he had sent Mr. Liebowitz texts and emails containing these comments, and that he would send us these documents.  Mr. Liebowitz did not object to this, nor did he say anything in response.

We advised Mr. Craig that by sending us these communications, he would be waiving attorney-client privilege, but that we would agree that the privilege would be waived only as to those specific documents and not to the subject matter as a whole.  Mr. Craig agreed, and again, Mr. Liebowitz did not object.  Mr. Craig then raised two additional issues that he would like addressed by the settlement agreement.

At 4:44pm, four minutes after the conclusion of the conference call, Ms. Chen received another call from Mr. Craig.  She did not answer the call.  At 4:47pm, Mr. Craig emailed Ms. Chen and me, without copying Mr. Liebowitz, again asking to speak.  Ex. 5 at 2.

At 5:07pm, Ms. Chen responded to Mr. Craig, copying Mr. Liebowitz, once again informing Mr. Craig that he could not speak to us without Mr. Liebowitz being present or without his authorization.  She also memorialized what was agreed to by Mr. Craig and Mr. Liebowitz on the conference call: that Mr. Craig would send us his comments to the settlement agreement that he had sent Mr. Liebowitz, and that Defendants would agree that the waiver of attorney-client privilege would only extend to those specific documents.  Id. at 1.

At 9:29pm, Mr. Liebowitz sent us an email directing us, pursuant to the NY Rules of Professional Conduct, to cease any direct or indirect communication with Mr. Craig, including copying Mr. Liebowitz on communications with Mr. Craig.  Ex. 6 at 1-2.

As noted in painful detail above, no communication with Mr. Craig was ex parte.  All communication with Mr. Craig was (1) unsolicited and directed **by** Mr. Craig, (2) explicitly authorized by Mr. Liebowitz, and/or (3) directed by us to both Mr. Liebowitz and Mr. Craig.

In response to Mr. Liebowitz's email, we agreed not to communicate with Mr. Craig, but stated that we would need Mr. Craig's comments in order to finalize the settlement agreement.  Id. at 1. Further, given Mr. Craig's assertions, Defendants requested that Mr. Craig's signature on the settlement agreement be notarized and witnessed by a third party unaffiliated with Mr. Liebowitz's law firm.  Id.

We have not received a response from Mr. Liebowitz.

On January 17, 2020, Mr. Craig sent Ms. Chen and me another email without copying Mr. Liebowitz. Mr. Craig provided additional detail regarding his communications with Mr. Liebowitz, and attached, among other things, his texts and emails with Mr. Liebowitz regarding his comments to the settlement agreement.

That afternoon, we forwarded this email and its attachments to Mr. Liebowitz, advising him that Mr. Craig had again contacted us directly and the contents of that communication. We also copied Mr. Craig, informing him that although Mr. Liebowitz had initially authorized his sending of those documents to us, Mr. Liebowitz subsequently directed us to cease all communication with him, and that as a result, we will not be responding to any further communications from him. Similarly, we informed Mr. Liebowitz that we were only responding to Mr. Craig because that communication had been previously authorized by Mr. Liebowitz.

Finally, we informed Mr. Liebowitz that having reviewed the contents of Mr. Craig's email attachments, it was not clear what changes Mr. Craig proposed. Given that we were instructed not to communicate with Mr. Craig, we requested that Mr. Liebowitz provide us with a redline of any changes Mr. Craig actually proposed.

Mr. Liebowitz did not respond to this request or provide any response on behalf of Mr. Craig. Instead, Mr. Liebowitz's associate, James Freeman, emailed both my law firm and Mr. Craig on behalf of the Liebowitz Law Firm, asserting, *inter alia*, that despite Mr. Craig's protestations to the contrary, he was bound by the terms of the settlement agreement because he had signed the agreement, and that Defendants are now required to countersign. Ex. 7. The letter attached a document purportedly showing Mr. Craig's affixing of his signature to the agreement. Id.

Under the circumstances, it remains unclear whether (a) Mr. Craig signed the settlement agreement or authorized his attorney to sign on his behalf, (b) Mr. Craig has questions or comments regarding the settlement agreement that was sent to his attorney on October 4, 2019, and (c) whether Mr. Liebowitz has truthfully represented the facts to Ms. Chen and me.

Accordingly, Defendants respectfully request that the Court hold an in-person conference, attended by Mr. Craig and Mr. Liebowitz, to elicit from Mr. Craig, the circumstances of his placing of his signature on the settlement agreement. Ms. Chen is available to attend this conference in person. I respectfully request that the Court permit me to attend this conference via telephone. I am recovering from a medical procedure, and due to my doctor's orders, I cannot be in a public setting. In addition, Defendants request that the Court order Mr. Liebowitz and the Liebowitz Law Firm to bear the costs and fees of Defendants to appear at this conference, and for any additional fees and costs of Defendants' associated with finalizing the settlement agreement. As detailed above, it is solely because of Mr. Liebowitz's actions that Defendants seek the intervention of the Court.

We thank the Court for its consideration.

Respectfully submitted,
Barry I. Slotnick
Partner

Attachments



The Honorable J. Paul Oetken
January 20, 2020
Page 6

cc:    C. Linna Chen, Esq.
        Richard Liebowitz, Esq.