# EXHIBIT 6

**Antoinette Pepper**

| | |
|---|---|
| **From:** | Linna Chen |
| **Sent:** | Wednesday, January 15, 2020 10:30 AM |
| **To:** | Richard Liebowitz; Barry Slotnick |
| **Cc:** | James H. Freeman |
| **Subject:** | RE: Craig v. UMG |

Richard,

All of our communications with Glen have been expressly authorized by you.  We have been mindful of the attorney-client relationship and copied you on emails that Glen sent to us unsolicited – so that you are aware of those messages, and so that you can counsel your client accordingly.  We have not had any phone conversations with Glen, and again, we have copied you on emails, and written to you, to inform you of every single instance where Glen has tried to reach out to us, unsolicited by us.

We have only emailed Glen and you when circumstances indicated that he may not have authorized his signature to be placed on the settlement agreement.  These suspicions were confirmed during our call with you and Glen on 1/14/2020 – a conversation which was expressly authorized by you.  During that call, Glen informed us that you had sent us an executed settlement agreement that he did not approve or sign.  He informed us that he had comments and questions about the agreement, which you never disclosed to us.  On the call, he expressed his desire to send us those comments.  You did not object.  The only subsequent communication we have had with Glen are regarding his sending us those comments to the settlement agreement.

We will not communicate with Mr. Craig any further, directly or indirectly, but in order to finalize the settlement agreement, we will need his comments and concerns related to the settlement agreement.  **Please send us all such comments by the close of business today**.

Given all of the foregoing, UMG and the Estate will be requiring that Glen's signature on the executed settlement agreement be notarized and witnessed by a third party unaffiliated with your law firm.

Thanks,
Linna

---

**From:** Richard Liebowitz <RL@liebowitzlawfirm.com>
**Sent:** Tuesday, January 14, 2020 9:29 PM
**To:** Linna Chen <lchen@loeb.com>; Barry Slotnick <bslotnick@loeb.com>
**Cc:** James H. Freeman <jf@liebowitzlawfirm.com>
**Subject:** Craig v. UMG

**This email originated from outside of Loeb's Network.**

Dear Barry and Linna,

I am hereby directing you pursuant to rule 4.2 of the NY rules of professional conduct, which is applicable to the conduct of lawyers appearing in Southern District of New York, to cease any direct or indirect

communication with Mr. Craig. This includes communicating with him and copying me on the communication. To be clear you are not to communicate directly or indirectly with my client.

Thank you.

Best,

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660
RL@LiebowitzLawFirm.com
www.LiebowitzLawFirm.com

******************************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
******************************************************************