# EXHIBIT 7

**Antoinette Pepper**

| | |
|---|---|
| **From:** | James Freeman <jf@liebowitzlawfirm.com> |
| **Sent:** | Friday, January 17, 2020 11:44 PM |
| **To:** | Barry Slotnick; Linna Chen |
| **Cc:** | Richard Liebowitz; glencraig@rcn.com |
| **Subject:** | Craig v. UMG: Letter from Liebowitz Law Firm re: Settlement Agreement |
| **Attachments:** | Letter to Slotnik_1_17_20.pdf; Audit Trail.pdf |

**This email originated from outside of Loeb's Network.**

Dear Counsel and Mr. Craig:

On behalf of Richard Liebowitz, attached please find correspondence dated January 17, 2020, as well as a Hellosign audit trail relating to Plaintiff's signature dated December 30, 2019.



11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

January 17, 2020

**VIA E-MAIL**

Barry Isaac Slotnick
Cheng Linna Chen
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154
bslotnick@loeb.com
lchen@loeb.com

Re:  *Craig v. UMG Recordings, Inc.,* 1:16-cv-05439 (JPO)

Dear Counsel:

      We represent Plaintiff Glenn Craig ("Plaintiff" or "Craig") in the above-referenced action.  However, we are not writing on behalf of Plaintiff. We write on behalf of Liebowitz Law Firm, PLLC ("LLF") with regard to the Settlement Agreement between Plaintiff and Defendants (the "Agreement").

      LLF's position is that Plaintiff executed the final draft of the Agreement on December 30, 2019 at 9:21 a.m. EST.  There are three pieces of documentary evidence which confirm this: (1) the Settlement Agreement itself which bears Plaintiff's signature and which is time-stamped on Hellosign.com, a popular on-line application which facilitates legally binding electronic signatures; (2) the Audit Trail generated by Hellosign, which shows that Craig executed the Agreement at 9:21:15 a.m. on 12/30/2019; (3) an e-mail from Plaintiff to Richard Liebowitz, dated December 30, 2019 at 9:19 a.m. (two minutes before he executed Agreement via Hellosign) in which Plaintiff wrote: "I WILL SIGN THE AGREEMENT NOW FOR MY OWN PEACE OF MIND, …".  Defendant now has this e-mail on account of your law office's unethical solicitation of Plaintiff's privileged documents. Defendant can also verify that Plaintiff's email address is identical to the e-mail address listed in Hellosign's Audit Trail.

      As is stands, Plaintiff has formally executed the Agreement, and manifested his intent to be bound to the terms and conditions set forth therein, whereas Defendants have failed to do so. Rather than execute the Agreement, your law firm improperly solicited information and dopcuments from Plaintiff in an attempt to undermine the binding effect of the Agreement and re-open endless negotiations.  LLF's position is that your clients are bound to countersign the Agreement "as is" and failure to do so will result in LLF's motion to enforce the Settlement Agreement, as well as a motion for sanctions.

      "A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *Mtgs & Exp'tns Inc. v. Tandy Corp.,* 490 F.2d 714,



Liebowitz Law Firm, PLLC

717 (2d Cir.1974) (internal citations omitted). Indeed, "[s]uch power is 'especially clear where the settlement is reported to the court during the course of a trial or other significant courtroom proceedings.' " *Omega Eng'g, Inc. v. Omega, S.A.,* 432 F.3d 437, 444 (2d Cir. 2005) (quoting *Janus Films, Inc. v. Miller,* 801 F.2d 578, 583 (2d Cir.1986)).

A settlement agreement is a "contract that is interpreted according to general principles of contract law." *Omega Eng'g.,* 432 F.3d at 443. Once a court finds that parties reached a settlement agreement, the prevailing view is that such agreement is binding on all parties, "even if a party has a change of heart between the time of the agreement ... and the time it is reduced to writing." *Elliot v. City of New York,* 11 Civ. 7291(RWS), 2012 WL 3854892, at *2 (S.D.N.Y. Sept. 5, 2012); *accord U.S. v. Bank of New York,* 14 F.3d 756, 759 (2d Cir.1994) ("When a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect.") (citing *Ackermann v. U.S,* 340 U.S. 193, 198, 71 S.Ct. 209, 95 L.Ed. 207 (1950) (litigants cannot be relieved of the consequences of their strategic decisions merely because hindsight indicates that a decision was wrong)); *Omega Eng'g.,* 432 F.3d at 445 ("It is an elementary principle of contract law that a party's subsequent change of heart will not unmake a bargain already made."); *Rivera v. State,* 115 A.D.2d 431, 432, 496 N.Y.S.2d 230 (1st Dep't 1985) (refusing to vacate a settlement because the court found "nothing but afterthought and change of mind") (citations omitted).

A presumption in favor of enforcement reflects the value that courts place on negotiated settlement agreements. *Willgerodt v. Hohri,* 953 F.Supp. 557, 560 (S.D.N.Y.1997), *aff'd sub nom. Majority Peoples' Fund for 21st Century, Inc. v. Hohri,* 159 F.3d 1347 (2d Cir. 1998)("Settlement agreements are strongly favored in New York and may not be lightly cast aside."); *Hallock v. State,* 64 N.Y.2d 224, 230, 485 N.Y.S.2d 510, 474 N.E.2d 1178 (1984). It is also consistent with basic contract principles, which maintain that reformation of a settlement agreement is an extraordinary remedy. 27 Richard A. Lord, Williston on Contracts § 70:33 (4th ed.2012) (reformation is appropriate only to correct a material, mutual mistake); *Beecher v. Able,* 441 F.Supp. 426, 429–30 (S.D.N.Y.1977), *aff'd,* 575 F.2d 1010 (2d Cir.1978).

Here, as illustrated above, there can be no dispute that Plaintiff executed the Agreement on December 30, 2019 after months of consultation. Absent some showing of unlawful coercion, Plaintiff cannot "un-do" his signature. If Plaintiff elects to institute proceedings against LLF based on some frivolous claim that LLF failed to consult him over the months prior to execution, then such matter lies between attorney and client. Plaintiff is a sophisticated litigant in this District and has executed manifold settlement agreements and obtained many Court-ordered dismissals based on his Hellosign-generated signature. He knows what he's doing.

As for UMG, it must counter-execute the Agreement "as is" and abide by the terms of the Agreement immediately. Unless LLF is officially terminated by Plaintiff by Order of the Court, the settlement payment must be directed to LLF, pursuant to the Agreement, and no further items can be re-negotiated. If Craig terminates LLF - which he has every right to do but has not yet done – LLF will take steps to enforce the terms of the executed Agreement on grounds that LLF has a vested interest in the settlement proceeds (regardless of whether LLF serves as Plaintiff's counsel).

Liebowitz Law Firm, PLLC

      Please let us know by 2 p.m. EST on Monday, January 20, 2020 how Defendants would like to proceed so we can advise the Court.

      Sincerely,

      **s/richardliebowitz/**
      Richard Liebowitz

      LIEBOWITZ LAW FIRM, PLLC
      11 Sunrise Plaza, Suite 305
      Valley Stream, NY 11580
      (516) 233-1660

c.c. Glen Craig - Plaintiff



Audit Trail

| | |
|---|---|
| **TITLE** | Glen Craig/UMG- Settlement Agreement |
| **FILE NAME** | Craig - Draft Settlement Agreement.pdf |
| **DOCUMENT ID** | d5f9e7a3de2fac68509307b1222720b677031c29 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**SENT**  **12 / 17 / 2019**  21:19:55 UTC-5  Sent for signature to Glen Craig (glencraig@rcn.com) from dh@liebowitzlawfirm.com
IP: 173.220.93.46

**VIEWED**  **12 / 30 / 2019**  09:20:06 UTC-5  Viewed by Glen Craig (glencraig@rcn.com)
IP: 207.38.169.142

**SIGNED**  **12 / 30 / 2019**  09:21:15 UTC-5  Signed by Glen Craig (glencraig@rcn.com)
IP: 207.38.169.142

**COMPLETED**  **12 / 30 / 2019**  09:21:15 UTC-5  The document has been completed.

Powered by HELLOSIGN